# IN THE DISTRICT COURT OF THE UNITED STATES

## for the Western District of New York

_____

|  |  |
|---|---|
| **THE UNITED STATES OF AMERICA**<br><br>    *-vs-*<br><br>**FRANK R. PARLATO, JR.**<br>(Counts 1-19), and<br>**CHITRA SELVARAJ**<br>(Counts 1-19) | **MAY 2014 GRAND JURY**<br>**(Impaneled May 9, 2014)**<br><br>**INDICTMENT**<br>**15-CR-149-G**<br><br>**Violations:**<br>Title 18, United States Code,<br>Sections 371, 1349, 1343, 1957 and 2;<br>Title 26, United States Code, Section<br>7212(a)<br>(19 Counts and 2 Forfeiture Allegations) |

## COUNT 1

### The Grand Jury Charges That:

1.     Beginning in or about mid-2006 and continuing to in or about the end of August 2014, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, FRANK R. PARLATO, JR. ("PARLATO") and CHITRA SELVARAJ ("SELVARAJ"), did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with others, known and unknown to the Grand Jury, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the Treasury Department ("Internal Revenue Service"), in the ascertainment, computation, assessment, and collection of revenue, that is, income taxes.

**Defendant PARLATO'S Work for C.B. and S.B.**

2.       During 2008, the defendant PARLATO entered into an agreement with C.B. and S.B., persons known to the Grand Jury, under which he was to receive $1,000,000 for services to be provided by the defendant to C.B. and S.B.  On or about January 16, 2008, at the direction of the defendant, C.B. and S.B. wire transferred the $1,000,000 due the defendant under the agreement to an M&T bank account in the name "Johnston and Peach," a shell entity set up by the defendant PARLATO, rather than directly to PARLATO.   The transfer of these funds to the M&T account was intended by the defendant to conceal and disguise the nature, the location, and the source as well as the defendant PARLATO's ownership and   control of these funds. Despite receiving the $1,000,000 that C.B. and S.B. paid to him, defendant PARLATO did not timely file a federal income tax return for 2008 reporting the receipt of the $1,000,000 as income.  In or about May 2013, the defendant PARLATO filed an individual income tax return, Form 1040, for 2008, in which he claimed that the $1,000,000 was loaned to him by C.B. and S.B.

**Whitestar Development Corporation, One Niagara, LLC & Tourist Services, LLC**

3.       On or about November 2004, defendant PARLATO and a person known to the Grand Jury, through business entities owned and controlled by each of them, formed One Niagara Plaza, LLC.  One Niagara Plaza, LLC was a two member entity formed pursuant to an Operating Agreement. The members of One Niagara Plaza, LLC were Whitestar Development Corporation ("Whitestar"), a corporation owned and controlled by the defendant PARLATO, and Incredible Investments Limited.  One Niagara Plaza, LLC became known as One Niagara, LLC ("One Niagara") sometime after November 2004.

One Niagara owned the real property located at 360 Rainbow Boulevard in Niagara Falls, New York ("One Niagara building").

4.      On or about April 14, 2006, the defendant PARLATO and L.R., a person known to the Grand Jury, through business entities owned and controlled by them, formed Tourist Services, LLC ("Tourist Services").   According to the Operating Agreement by which it was established, Tourist Services was a two-member entity consisting of defendant PARLATO on behalf of FPInc., an entity which was to be formed, owned, and controlled by defendant PARLATO, and RH Niagara Building, LLC, an entity owned and controlled by L.R.    According to the Operating Agreement of Tourist Services, FPInc. and RH Niagara Building, LLC were to each own 50%, and each were to be entitled to 50% percent of the distributions  of Tourist Services.  The Operating Agreement defined distributions, in part, as "any cash or property paid to a Member of the Company from the operations of the Company."   Pursuant to the Tourist Services Operating Agreement, the defendant PARLATO was the "President of the Company to handle the day-to-day affairs of the Company."   The Tourist Services Operating Agreement further required defendant PARLATO to be transparent with respect to Tourist Service's finances and obligated each of its members to "in a timely manner furnish to the Company all pertinent information in such member's possession relating to Company operations that is necessary to enable the Company's income tax returns to be prepared and filed." The Operating Agreement further required defendant PARLATO, on behalf of Tourist Services, to make certain distributions to L.R. and RH Niagara Building, LLC.

5.      Tourist Services was formed to be the "master tenant," or landlord, for the various tourist and restaurant businesses that sublet space in the One Niagara building. Tourist Services also managed the cash basis parking lot with approximately 250 spaces which was located adjacent to the One Niagara Building ("parking lot").   At or about the time Tourist Services was formed, the defendant PARLATO, on behalf of Tourist Services, signed a lease agreement with One Niagara.   That lease agreement required Tourist Services to pay 25% of the gross revenues generated by Tourist Services through its operations on the property to One Niagara as rent; Tourist Services was to retain the remaining 75% of gross revenues.

6.   As defendant PARLATO never formed FPInc., he used Whitestar Development in place of FPInc. with respect to the Tourist Services Operating Agreement.

7.      From at least on or about April 2006 to in or about late July 2010, the defendant PARLATO functioned as the manager and chief operating officer of Whitestar Development, One Niagara, and Tourist Services.   Over the course of the conspiracy, the tourist businesses that sublet space in the One Niagara building and the parking lot generated over $6,000,000 in gross receipts, which was paid over to and received by Tourist Services.   These receipts should have been reported to the Internal Revenue Service by the entities and persons, including defendant PARLATO, involved in the business activities of Tourist Services.

8.      At all times material to Count 1, the defendant SELVARAJ functioned as the chief financial officer of Tourist Services.  In this capacity, the defendant SELVARAJ was responsible for, among other things, collecting rents and receipts, making bank deposits, and keeping the financial records of Tourist Services.  Further, the defendant SELVARAJ carried out bank transactions for the defendant PARLATO in ways intended to conceal and disguise the nature, the location, the source, the ownership and the control of the funds, and the revenue and income the funds represented, in those transactions, from the Internal Revenue Service, among others.

**The Manner and Means of the Conspiracy**

9.      Beginning in or about mid-2006 and continuing to in or about the end of August 2014, the exact dates being unknown to the Grand Jury, the defendants PARLATO and SELVARAJ, to the exclusion of L.R. and RH Niagara Building, LLC, obtained the gross receipts generated by the activities of Tourist Services and thereafter took steps to conceal those gross receipts from, among others, the Internal Revenue Service, L.R., and RH Niagara Building, LLC, using the manner and means described below.

**ATMs and Shell Entities**

10.      The defendants PARLATO and SELVARAJ took cash proceeds generated by the operations of Tourist Services, including the parking lot, and deposited them into ATMs controlled by the defendants thereby concealing such receipts and proceeds from the Internal Revenue Service, L.R., and RH Niagara Building, LLC.

11.     On various occasions between in or about 2005 and in or about 2011, defendants PARLATO and SELVARAJ established and used, and caused the establishment and use of, various entities, including, among others, Johnston and Peach, Inc.; Dayton Ingersoll and Associates, Inc.; Selvaraj, LLC; Andrew Thomas, Inc.; Niagara Frontier Development, Corp.; Niagara Frontier Lending Corp.; Robert Francis Development, Inc.; JL Frost, Inc.; Gold Field Consulting, Inc.; JF Anderson Consulting, Inc.; One Niagara Center, Inc.; and Robert M. Wilson Vending and ATM Inc. (hereafter referred to as "the shell entities"), for the primary purpose of concealing and disguising the nature, the location, the source, the ownership, and the control of the gross receipts of Tourist Services from, among others, the Internal Revenue Service.

12.     On various occasions between in or about mid-2006 and in or about the end of August 2014, defendant PARLATO opened approximately 50 bank accounts, many of which were in the name of the shell entities, to conduct, along with the defendant SELVARAJ, transactions that had no valid business purpose and which were conducted to conceal and disguise the nature, the location, the source, the ownership, and the control of the monies generated by the activities of Tourist Services from, among others, the Internal Revenue Service.

**IOLA Accounts**

13.     In New York State, an "Interest on Lawyers Account" ("IOLA account") is a bank account which is used by an attorney as repository for funds which belong to their

6

clients.   Pursuant to the rules governing the conduct of attorneys in New York, only attorneys can serve as signatories on an IOLA account, and an IOLA account may only be used by attorneys as an account for the deposit of client funds held in a fiduciary capacity. Notwithstanding the foregoing,

a.     on or about March 2, 2011, the defendant SELVARAJ, who was not an attorney, was added as a signatory to IOLA account ending in 4836 at First Niagara Bank in the name Frank Parlato IOLA Fund of the State of New York ("FN IOLA account") which account was maintained by an attorney whose identity is known to the Grand Jury ("the attorney").  On or about September 20, 2011, the defendant PARLATO, who was also not an attorney, was added as a signatory on the FN IOLA account.

b.     on or about September 26, 2011, the attorney and the defendants PARLATO and SELVARAJ opened an IOLA account ending in 8448 at Bank of America in the name New York IOLA Trust Accounts, Frank R. Parlato Trustee ("BOA IOLA account"), with the attorney, PARLATO, and SELVARAJ having signatory authority over the BOA IOLA account.

c.     on or about March 2, 2011, the attorney and the defendant SELVARAJ opened IOLA account ending in 0606 at Key Bank in the name Frank R. Parlato IOLA Fund Attorney Escrow Account/IOLA ("KB IOLA account"), with the attorney and SELVARAJ having signatory authority over the KB IOLA account.  On or

about September 6, 2011, defendant PARLATO was added as a signatory on the KB IOLA account.

d.      During the time period of the conspiracy, the defendants SELVARAJ and PARLATO deposited, and caused to be deposited and transferred, at least $2,000,000 to the above IOLA accounts, which funds consisted of funds defendant PARLATO had received from C.B. and S.B. and funds defendants PARLATO and SELVARAJ diverted from Tourist Services and One Niagara. These deposits, and later withdrawals of these funds from the accounts, were made to conceal and disguise the nature, the location, the source, the ownership, and the control of the monies deposited into and withdrawn from these accounts, all of which were revenue and income generated by the activities of the defendant PARLATO and Tourist Services from, among others, the Internal Revenue Service.

14.      In a further effort to conceal and disguise the nature, the location, the source, the ownership, and the control of the gross receipts of Tourist Services, Whitestar Development, and One Niagara, and to conceal income he had received from C.B. and S.B., the defendant PARLATO did not timely file, or cause the timely filing of, his own federal income tax returns for 2006, 2007, 2008, 2009, and 2010, and did not timely file, or cause the timely filing of, tax returns by Whitestar Development, One Niagara, and Tourist Services for the same years.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by the defendants:

1.      On or about April 24, 2009, defendants PARLATO and SELVARAJ changed the account into which most of the revenues of Tourist Services were deposited from an account ending in 7644 at M&T Bank in the name Tourist Services, LLC, to an account ending in 0702 at M&T Bank in the name Whitestar Development Corp.  This followed the actions of the State of New York which issued a tax levy on or about January 29, 2009, on the Tourist Services account ending in 7644 at M&T Bank.

2.      In or about September of 2010, the defendant SELVARAJ falsely told an accountant, whose identity is known to the Grand Jury, that she had never before used QuickBooks software.

## IOLA Accounts

3.      On or about March 2, 2011, the defendant SELVARAJ signed a signature card for the attorney's FN IOLA account, thus becoming a non-lawyer signatory on the FN IOLA account.

4.      On or about March 2, 2011, the defendant SELVARAJ signed a signature card for the attorney's KB IOLA account, thus becoming a non-lawyer signatory on the KB IOLA account.

5.      On or about August 12, 2011, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $250,000 from the FN IOLA account to the KB IOLA account.

6.      On or about September 6, 2011, the defendant PARLATO signed a signature card for the attorney's KB IOLA account, thus becoming a non-lawyer signatory on the KB IOLA account.

7.      On or about September 20, 2011, the defendant PARLATO signed a signature card for the attorney's FN IOLA account, thus becoming a non-lawyer signatory on the FN IOLA account.

8.      On or about September 26, 2011, the defendants PARLATO and SELVARAJ signed a signature card for the attorney's BOA IOLA account, thus becoming non-lawyer signatories on the BOA IOLA account.

9.      On or about October 11, 2011, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $250,000 from the FN IOLA account to the BOA IOLA account.

10.      On or about January 3, 2012, the defendants PARLATO and SELVARAJ deposited, and caused to be deposited, a $34,000 check to the BOA IOLA account.


**Dayton Ingersoll, Inc.**

11.      On or about March 18, 2008, the defendant PARLATO established Dayton Ingersoll, Inc.

12.      On or about August 7, 2009, the defendants PARLATO and SELVARAJ opened and caused to be opened bank account ending in 6931 at Citizens Bank in the name of Dayton Ingersoll, Inc.

13.      On or about September 13, 2010, using a wire transmission, the defendants PARLATO and SELVARAJ transferred, and caused the transfer of, $100,000 from the

Citizens Bank account ending in 6931 in the name Dayton Ingersoll, Inc. to the FN IOLA account.

**Parlato Development, Inc.**

14.     On or about August 3, 2009, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank account ending in 6966 at Citizens Bank in the name of Parlato Development, Inc., a corporation previously established by the defendant PARLATO.

15.     On or about September 21, 2010, using a wire transmission, the defendants PARLATO and SELVARAJ transferred, and caused the transfer of, $125,000 from account ending in 6966 at Citizens Bank in the name Parlato Development, Inc., to the FN IOLA account.

**Selvaraj, LLC**

16.     On or about September 2, 2009, the defendants PARLATO and SELVARAJ established Selvaraj, LLC.

17.     On or about September 4, 2009, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank accounts ending in 4402 and in 2616 at the Bank of America in the name of Selvaraj, LLC.

18.     On or about September 22, 2009, the defendants PARLATO and SELVARAJ opened, and caused to be opened, Citizens Bank account ending in 6826 in the name Selvaraj, LLC.

19.     On or about September 27, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, approximately $125,529 from the Citizens Bank account ending in 6826 maintained by Selvaraj, LLC to the Citizens Bank account ending in 6508 maintained by Andrew Thomas, Inc.

20.     On or about September 29, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $115,000 from the Bank of America account ending in 4402 maintained by Selvaraj, LLC to the FN IOLA account.

21.     On or about March 30, 2011, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred $109,000, from the Bank of America account ending in 2616 maintained by Selvaraj, LLC to a second Bank of America account ending in 4402 maintained by Selvaraj, LLC.

22.     On or about March 30, 2011, the defendants PARLATO and SELVARAJ sent, and caused to be sent, approximately $160,125 from the Bank of America account ending in 4402 maintained by Selvaraj, LLC to New House Title at the Bank of Tampa in Tampa, Florida.


**Andrew Thomas, Inc.**

23.     On or about September 23, 2009, the defendant PARLATO established Andrew Thomas, Inc.

24.     On or about September 25, 2009, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank accounts ending in 6508 and in 6540 at Citizens Bank and bank account ending in 2894 at Bank of America, all in the name of Andrew Thomas, Inc.

25.     On or about September 23, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, approximately $158,627 from the Bank of America account ending in 2894 maintained by Andrew Thomas, Inc. to the Bank of America account ending in 4253 in the name Robert Francis Development.

26.     On or about September 27, 2010, the defendants PARLATO and SEVLARAJ transferred, and caused to be transferred, approximately $125,446 to the Citizens Bank account ending in 6508 maintained by Andrew Thomas, Inc. from a second Citizens Bank account ending in 6540 maintained by Andrew Thomas, Inc.

27.     On or about September 28, 2010, using a wire transmission, the defendants PARLATO and SELVARAJ, transferred, and caused to be transferred, approximately $685,426 from the Citizens Bank account ending in 6508 in the name of Andrew Thomas, Inc. to the FN IOLA account.

**Robert Francis Development Inc.**

28.     On or about September 23, 2009, the defendant PARLATO established Robert Francis Development Inc.

29.     On or about September 25, 2009, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank account ending in 6591 at Citizens Bank and bank account ending in 4253 at Bank of America, both in the name of Robert Francis Development Inc.

30.     On or about September 9, 2010, using a wire transmission, the defendants PARLATO and SELVARAJ transferred, and caused the transfer of, $250,000 from the

Citizens Bank account ending in 6591 in the name Robert Francis Development, Inc. to the FN IOLA account.

31.     On or about September 14, 2010, using a wire transmission, the defendants PARLATO and SELVARAJ transferred, and caused the transfer of, $155,000 from the Citizens Bank account ending in 6591 in the name Robert Francis Development, Inc. to the FN IOLA account.

32.     On or about September 23, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $235,000 from Bank of America account ending in 4253 in the name Robert Francis Development to the FN IOLA account.

33.     On or about September 27, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, approximately $168,650 from the Citizens Bank account ending in 6591 in the name Robert Francis Development to the Citizens Bank account ending in 6508 maintained by Andrew Thomas, Inc.

**Niagara Frontier Lending Corporation**

34.     On or about September 23, 2009, the defendant PARLATO established Niagara Frontier Lending Corporation.

35.     On or about September 25, 2009, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank account ending in 6524 at Citizens Bank and bank account ending in 2593 at Bank of America, both in the name of Niagara Frontier Lending Corporation.

36.     On or about September 27, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, approximately $139,826 from the Citizens Bank

account ending in 6524 maintained by Niagara Frontier Lending Corp. to the Citizens Bank account ending in 6508 maintained by Andrew Thomas, Inc.

**Niagara Frontier Development Corporation**

37.     On or about September 23, 2009, the defendant PARLATO established Niagara Frontier Development Corporation.

38.     On or about September 25, 2009, the defendants PARLATO and SELVARAJ opened, and caused to be opened, Bank of America account ending in 4444 and Citizens Bank account ending in 6567, both in the name Niagara Frontier Development Corp.

39.     On or about September 23, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, approximately $80,068 from the Bank of America account ending in 4444 maintained by Niagara Frontier Development Corp. to the Bank of America account ending in 4253 in the name Robert Francis Development.

40.     On or about September 27, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, approximately $125,486 from the Citizens Bank account ending in 6567 maintained by Niagara Frontier Development to the Citizens Bank account ending in 6508 maintained by Andrew Thomas, Inc.

**One Niagara Center, Inc.**

41.     On or about May 6, 2010, the defendant PARLATO established One Niagara Center, Inc.

42.     On or about June 18, 2010, the defendant PARLATO opened, and caused to be opened, bank account ending in 6737 at HSBC in the name of One Niagara Center, Inc.

43.     On or about June 21, 2010, the defendants PARLATO and SELVARAJ stopped the depositing of receipts from ATM transactions at ATMs located in the One Niagara building into account ending in 0702 at M&T Bank in the name of Whitestar Development, and caused those receipts to be deposited to an account ending in 6737 at HSBC in the name of One Niagara Center, Inc.

44.     Thereafter, the defendant PARLATO caused the deposits into account ending in 0702 at M&T Bank in the name of Whitestar Development, to be deposited into account ending in 6737 at HSBC in the name of One Niagara Center, Inc.

45.     On or about July 13, 2010, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank account ending in 2299 at M&T Bank in the name of One Niagara Center, Inc.

46.     On or about July 19, 2010, using a wire transmission, the defendants PARLATO and SELVARAJ transferred, and caused the transfer of, $400,000 from account ending in 6737 at HSBC in the name of One Niagara Center, Inc. to the M&T account ending in 2299 in the name of One Niagara Center, Inc.

47.     On or about July 20, 2010, the defendant PARLATO deposited two checks totaling approximately $57,223 and payable to "One Niagara" to the M&T account ending in 2299, thereby diverting these funds from One Niagara, LLC.

**JL Frost, Inc.**

48.     On or about August 26, 2010, the defendant PARLATO established JL Frost, Inc.

49.     On or about August 27, 2010, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank account ending in 6450 at First Niagara Bank in the name of JL Frost, Inc.

50.     On or about October 22, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $250,000 from the FN IOLA account to the First Niagara account ending in 6450 maintained by JL Frost, Inc.

51.     On or about November 23, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $257,500 from the First Niagara account ending in 6450 in the name JL Frost, Inc. to the Bank of America account ending in 4402 maintained by Selvaraj, LLC.

**JF Anderson Consulting, Inc.**

52.     On or about September 1, 2010, the defendant PARLATO established JF Anderson Consulting, Inc.

53.     On or about September 15, 2010, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank account ending in 6476 at First Niagara Bank in the name of JF Anderson Consulting, Inc.

54.     On or about September 20, 2010, the defendants PARLATO and SELVARAJ transferred, and caused the transfer of, $150,000 from the FN IOLA account to the First Niagara account ending in 6476 in the name of JF Anderson Consulting Inc.

55.     On or about September 23, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $125,000 from the FN IOLA account to the First Niagara account ending in 6476 in the name JF Anderson Consulting, Inc.

17

56.     On or about November 26, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $200,000 from the First Niagara account ending in 6476 maintained by JF Anderson Consulting, Inc. to the FN IOLA account.

**Gold Field Consulting, Inc.**

57.     On or about September 1, 2010, the defendant PARLATO established Gold Field Consulting, Inc.

58.     On or about September 15, 2010, the defendants PARLATO and SELVARAJ opened, and caused to be opened, bank account ending in 6484 at First Niagara in the name of Gold Field Consulting, Inc.

59.     On or about September 20, 2010, the defendants PARLATO and SELVARAJ transferred, and caused the transfer of, $250,000 from the FN IOLA account to the account ending in 6484 at First Niagara in the name of Gold Field Consulting.

60.     On or about November 29, 2010, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $225,000 from the First Niagara account ending in 6484 maintained by Gold Field Consulting, Inc. to Bank of America account ending in 2616 by Selvaraj, LLC.

**Robert M. Wilson Vending and ATM**

61.     On or about September 21, 2010, the defendant PARLATO established Robert M. Wilson Vending and ATM.

62.     On or about October 6, 2010, the defendants PARLATO and SELVARAJ opened, and caused to be opened, an investment account ending in 8398 at New England Securities Corp. in the name of Robert M. Wilson Vending and ATM.

63.     On or about January 11, 2011, the defendants PARLATO and SELVARAJ transferred, and caused to be transferred, $10,000 from the FN IOLA account to New England Securities Corp. investment account ending in 8398 in the name of Robert M. Wilson Vending and ATM.

**All in violation of Title 18, United States Code, Section 371.**

## COUNT 2

**(Corrupt Interference with the Administration of the Internal Revenue Laws)**

**The Grand Jury Further Charges That:**

1.     The factual allegations of Count 1 are incorporated herein by reference and re-alleged as if fully set forth herein.

2.     Beginning in or about mid-2006 and continuing to in or about the end of August 2014, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, FRANK R. PARLATO, JR. and CHITRA SELVARAJ, in the manner described in Count 1, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws, Title 26 of the United States Code.

**All in violation of Title 26, United States Code, Section 7212(a) and Title 18, United States Code, Section 2.**

## COUNTS 3 – 9

### (Wire Fraud)

#### The Grand Jury Further Charges That:

1.      The factual allegations of Count 1 are incorporated herein by reference and re-alleged as if fully set forth herein.

2.      Beginning in or about mid-2006 and continuing to in or about the end of August 2014, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, FRANK R. PARLATO, JR. and CHITRA SELVARAJ, did devise, and intend to devise, a scheme and artifice to defraud RH Niagara Building, LLC, L.R., and others with an interest in the One Niagara building, including but not limited to C.B. and S.B. and the State of New York and local taxing authorities, and to obtain money and property of RH Niagara Building, LLC, L.R., and others with an interest in the One Niagara building, by means of materially false and fraudulent pretenses, representations, and promises.

3.      It was part of the scheme and artifice that the defendants PARLATO and SELVARAJ received the gross rents from the various businesses that sublet space in the One Niagara building and the receipts of the cash basis parking lot located adjacent to the One Niagara building, and thereafter took steps to conceal those gross rents and parking lot receipts from RH Niagara Building, LLC, L.R., and others with an interest in the One Niagara building, including but not limited to C.B. and S.B. and the State of New York and local taxing authorities.

4.      It was further part of the scheme and artifice that, despite having more than sufficient revenues to pay RH Niagara Building, LLC and L.R. the monies due them pursuant to the Tourist Services Operating Agreement and despite having full knowledge of the financial condition of Tourist Services, the defendant PARLATO falsely represented, and caused to be falsely represented, to L.R. and others, that Tourist Services did not have sufficient revenues to pay RH Niagara Building, LLC and L.R. monies due them pursuant the Tourist Services Operating Agreement.

5.      It was further part of the scheme and artifice that the defendants PARLATO and SELVARAJ, at times using interstate wire transmissions, diverted and secreted approximately $1,400,000 in revenue from Tourist Services, including approximately $910,000 in 2009 and approximately $552,000 in 2010, into and through bank accounts held in the names of the shell entities and the IOLA accounts in order to prevent RH Niagara Building, LLC and L.R., and others, from knowing the nature, the location, the source, the ownership and the control of the revenue from Tourist Services.

6.      On or about the dates set forth below, in the Western District of New York, and elsewhere, the defendants, FRANK R. PARLATO, JR. and CHITRA SELVARAJ, for the purposes of executing the scheme and artifice, did transmit, and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals and sounds, that is, the wire transfer of funds set forth below for each count:

| Count | Date | Approximate Amount | Wire Transfer Origin Account and Name | Wire Transfer Deposited in |
|---|---|---|---|---|
| 3 | 7/19/10 | $400,000 | HSBC bank account ending in 6737 in the name One Niagara Center Inc. | M&T Bank account ending in 2299 in the name One Niagara Center Inc. |
| 4 | 7/22/10 | $425,000 | M&T Bank account ending in 0165 in the name Parlato Development | Citizens Bank account ending in 6575 in the name Robert Francis Development |
| 5 | 9/9/10 | $250,000 | Citizens Bank account ending in 6591 in the name Robert Francis Development | FN IOLA account |
| 6 | 9/13/10 | $100,000 | Citizens Bank account ending in 6931 in the name Dayton Ingersoll & Associates, Inc. | FN IOLA account |
| 7 | 9/14/10 | $155,000 | Citizens Bank account ending in 6591 in the name Robert Francis Development | FN IOLA account |
| 8 | 9/21/10 | $125,000 | Citizens Bank account ending in 6966 in the name Parlato Development | FN IOLA account |
| 9 | 9/28/10 | $685,426.48 | Citizens Bank account ending in 6508 in the name Andrew Thomas, Inc. | FN IOLA account |

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

## COUNT 10

**(Conspiracy to Commit Wire Fraud)**

**The Grand Jury Further Charges That:**

1.     The factual allegations of Counts 1 and 3 through 9 are incorporated herein by reference and re-alleged as if fully set forth herein.

22

2.      Beginning in or about mid-2006 and continuing to in or about the end of August 2014, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants FRANK R. PARLATO, JR. and CHITRA SELVARAJ, did knowingly, willfully and unlawfully combine, conspire, confederate, and agree together and with others, known and unknown to the Grand Jury, to devise a scheme and artifice to defraud RH Niagara Building, LLC, L.R., and others with an interest in the One Niagara building, including but not limited to C.B. and S.B. and the State of New York and local taxing authorities, and to obtain money and property of RH Niagara Building, LLC, L.R., and others with an interest in the One Niagara building, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice, to transmit, and to cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, and sounds.

**All in violation of Title 18, United States Code, Section 1349.**

## COUNTS 11 - 19

**(Engaging in Monetary Transactions in Property
Derived From Specified Unlawful Activity)**

**The Grand Jury Further Charges That:**

1.      The factual allegations of Counts 1 and 3 through 9 are incorporated herein by reference and re-alleged as if fully set forth herein.

2.      On or about the dates set forth below, in the Western District of New York, and elsewhere, the defendants, FRANK R. PARLATO, JR. and CHITRA SELVARAJ, did

knowingly engage in, and attempt to engage in, the monetary transactions set forth below,

by, through and to financial institutions engaged in and the activities of which affected

interstate and foreign commerce, in criminally derived property of a value of greater than

$10,000, that is, the deposit, withdrawal, transfer and exchange of funds and monetary

instruments as set forth below by, through and to the financial institutions set forth below,

such property having been derived from  specified unlawful activity, that is, wire fraud in

violation of Title 18, United States Code, Section 1343, and that while engaging in, and

attempting to engage in, such monetary transactions, knew that the funds and monetary

instruments involved in the transactions constituted, and were derived from, proceeds

obtained from a criminal offense:

| Count | Date | Approximate Amount | Wire Transfer Origin Account and Name | Wire Transfer Deposited in |
|---|---|---|---|---|
| 11 | 7/19/10 | $400,000 | HSBC bank account ending in 6737 in the name One Niagara Center Inc. | M&T Bank account ending in 2299 in the name One Niagara Center Inc. |
| 12 | 7/22/10 | $425,000 | M&T bank account ending in 0165 in the name Parlato Development | Citizens Bank account ending in 6575 in the name Robert Francis Development |
| 13 | 9/9/10 | $250,000 | Citizens Bank account ending in 6591 in the name Robert Francis Development Inc. | FN IOLA Account |
| 14 | 9/13/10 | $100,000 | Citizens Bank account ending in 6931 in the name Dayton Ingersoll Inc. | FN IOLA Account |
| 15 | 9/14/10 | $155,000 | Citizens Bank account ending in 6591 in the name Robert Francis Development Inc. | FN IOLA Account |
| 16 | 9/21/10 | $125,000 | Citizens Bank account ending in 6966 in the name Parlato Development  Inc. | FN IOLA Account |

| 17 | 9/23/10 | $235,000 | BOA account ending in 4253 in the name Robert Francis Development  Inc. | FN IOLA Account |
|----|---------|----------|------|------|
| 18 | 9/28/10 | $685,426.48 | Citizens Bank account ending in 6508 in the name Andrew Thomas Inc. | FN IOLA Account |
| 19 | 3/30/11 | $160,125.93 | Bank of America account ending in 4402 in the name Selvaraj LLC. | Bank of Tampa for the benefit of New House Title LLC |

**All in violation of Title 18, United States Code, Sections 1957 and 2.**

## FIRST FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

Upon conviction of the offenses alleged in Counts 3 through 10 of this Indictment, or any one of them, the defendant, FRANK R. PARLATO, JR., shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction, including, but not limited to:

### MONETARY AMOUNT

The sum of one million four hundred thousand dollars ($1,400,000.00) United States currency.

### FINANCIAL ACCOUNTS

a.    $131,901.65 United States currency seized from Bank of America account number XXXXXXX8448 in the name of New York IOLA Trust Accounts, Frank R. Parlato Trustee;

b.    $460,986.32 United States currency seized from First Niagara Bank account number XXXXXX4836 in the name of Frank Parlato IOLA Fund of the State of New York; and

c.    $407,250.23 United States currency seized from Key Bank account number XXXXXXXX0606 in the name of Frank R Parlato IOLA Fund Attorney Escrow Account/IOLA.

## REAL PROPERTY

The premises, buildings, appurtenances, improvements, and real property located at 29009 Geranium Drive, Big Pine Key, Florida, and more fully described in a deed filed and recorded in Official Records of the Clerk of the Court, Monroe County, Florida on April 8, 2011 in Book 2512 at Page 563.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence,
(2)   has been transferred or sold to, or deposited with, a third person,
(3)   has been placed beyond the jurisdiction of the Court,
(4)   has been substantially diminished in value, or
(5)   has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above property.

**All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).**

## SECOND FORFEITURE ALLEGATION

**The Grand Jury Further Alleges That:**

Upon conviction of the offenses alleged in Counts 11 through 19 of this Indictment, or any one of them, the defendant, FRANK R. PARLATO, JR., shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to:

## MONETARY AMOUNT

The sum of two million five hundred thirty-five thousand five hundred fifty-two dollars and forty- one cents ($2,535,552.41) United States currency.

## FINANCIAL ACCOUNTS

a.   $131,901.65 United States currency seized from Bank of America account number XXXXXXX8448 in the name of New York IOLA Trust Accounts, Frank R. Parlato Trustee;

b.   $460,986.32 United States currency seized from First Niagara Bank account number XXXXXX4836 in the name of Frank Parlato IOLA Fund of the State of New York; and

c.   $407,250.23 United States currency seized from Key Bank account number XXXXXXXX0606 in the name of Frank R Parlato IOLA Fund Attorney Escrow Account/IOLA.

## REAL PROPERTY

The premises, buildings, appurtenances, improvements, and real property located at 29009 Geranium Drive, Big Pine Key, Florida, and more fully described in a deed filed and recorded in Official Records of the Clerk of the Court, Monroe County, Florida on April 8, 2011 in Book 2512 at Page 563.

If any of the property described above as being subject to forfeiture, as a result of any

act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence,
(2)   has been transferred or sold to, or deposited with, a third person,
(3)   has been placed beyond the jurisdiction of the Court,
(4)   has been substantially diminished in value, or
(5)   has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of said defendant up to the value of the above

property.

**All pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p).**

DATED:  Buffalo, New York, November 20, 2015.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:    s/ELIZABETH R. MOELLERING
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5872
Elizabeth.Moellering@usdoj.gov

BY:    s/ANTHONY M. BRUCE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5886
Anthony.M.Bruce@usdoj.gov

A TRUE BILL:

s/FOREPERSON