UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

FRANK R. PARLATO, JR., and
CHITRA SELVARAJ,

                          Defendants.

Case #15-CR-149-FPG

DECISION AND ORDER

---

By Text Order dated November 20, 2015, this case was referred to United States Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 3. The 19 Count Indictment in this case alleges that Defendants Frank R. Parlato, Jr. and Chitra Selvaraj conspired to defraud the Internal Revenue Service, interfered with the administration of the internal revenue laws, conspired to commit wire fraud, and committed substantive acts of wire fraud and money laundering. *See* ECF No. 1.

Defendants Parlato and Selvaraj filed various pretrial motions, and on February 13, 2017, Magistrate Judge McCarthy issued his Decision and Order and Report and Recommendation (ECF No. 62), which denied the Defendants' non-dispositive motions, and recommended the denial of Defendants' motions to dismiss the Indictment and for the disclosure and/or in camera review of the grand jury minutes. Defendants filed their joint objections to the Report and Recommendation on March 7, 2017 (ECF No. 83), the government responded on March 21, 2017 (ECF No. 73), and Defendants filed a reply (ECF No. 81) on May 12, 2017[1].

---

[1] On May 11, 2017, Defendants also filed a Motion requesting oral argument on their objections, to which the government responded in opposition on May 23, 2017. ECF Nos. 78, 82. After reviewing the parties' submissions, the Court finds oral argument unnecessary, and the application is DENIED.

Defendants object to three of Magistrate Judge McCarthy's recommendations. First, they object to the recommended denial of their applications to dismiss the Indictment or for the disclosure and/or in camera review of the grand jury minutes for alleged misconduct in those proceedings; second, they object to the recommended denial of their motions to dismiss Counts 1 and 3-9 for insufficient pleading; and third, they object to the recommended denial of their motions to dismiss Counts 3-9, 11-16 and 18 for being either duplicitous or multiplicous.

At the outset, the Court must address the appropriate standard of review for each of these objections. When a Defendant files proper objections to a Report and Recommendation, the district court must conduct a *de novo* review of those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. In issuing his Report and Recommendation, Magistrate Judge McCarthy reminded the parties of Local Rule of Criminal Procedure 59(c)(2) which requires that "written objections…shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ECF No. 62 at 27. Magistrate Judge McCarthy also reminded the parties that the "Failure to comply with these provisions may result in the district judge's refusal to consider the objection." *Id.*

Defendants' objections to Magistrate Judge McCarthy's recommended denial of their motions to dismiss counts 1 and 3-9 for insufficient pleading, and to the recommended denial of their motions to dismiss Counts 3-9, 11-16 and 18 as either duplicitous or multiplicous comprise about 2 pages of their 25 pages of objections, and while they recite the applicable legal standards, those two pages of purported objections contain no analysis, contain no facts regarding this case, are devoid of any specific application of the facts of this case to the legal

standards, and they fail to provide any specific objections or arguments as to how Magistrate Judge McCarthy's recommendations are erroneous. Instead, they attempt to "incorporate and rely upon those arguments and authorities set forth in their Omnibus Motion." ECF No. 83 at 24. Indeed, Defendants simply cite the Court to their entire Omnibus motion with the unhelpful citation to "*See* Dkt. Entry No. 25." *Id.* Defense counsel's attempt at a wholesale representation of the arguments they made to Magistrate Judge McCarthy by incorporating prior arguments by reference is improper. As Judge Elfvin stated in a similar situation:

> The petitioner generally objects to [the Magistrate Judge's] entire legal analysis and the resulting conclusions found in [] the R&R and directs this Court's attention to the totality of petitioner's Memorandum of Law previously submitted to [the Magistrate Judge] for legal authority supporting his objections. Such grossly fails to specifically identify the portions of the R&R to which an objection is made and the basis for such and similarly fails to provide any legal authority as is required by [the Local Rules] for the United States District Court for the Western District of New York in support of such objections. Furthermore, the petitioner's attempt to resubmit his entire legal memorandum does not provide the legal authority supporting his objections required by [the Local Rules].
>
> The purposes of the Federal Magistrate's Act are, *inter alia*, to relieve courts of unnecessary work and to increase the overall efficiency of the federal judiciary. Such would be thwarted if parties were permitted to simply retrace every step previously taken before a Magistrate Judge in order to repeat them before this Court. It is clear from the plain language and spirit of [the Local Rule] that objections to the R&R are to be specific and are to address only those portions of the R&R to which the party objects. It is improper for [a party] to attempt to relitigate the entire contents of the proceedings previously had before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments made and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to an R&R. In this instance, the petitioner has not tendered to the undersigned the same arguments as were advanced to [the Magistrate Judge] using new language but has instead attempted to present and rely entirely and verbatim on his previous papers by incorporating such in toto. Such is frivolous and not acceptable and the objections must be rejected. A proceeding before the Magistrate Judge is not a meaningless dress rehearsal.

*Dennard v. Kelly*, No. 90-CV-0203E, 1997 WL 9785 (W.D.N.Y. Jan. 2, 1997) (alterations, citations, and quotation marks omitted).

As stated, Defendants have only advanced a generic argument as their objection to Magistrate Judge McCarthy's recommended denial of their motions to dismiss counts 1 and 3-9 for insufficient pleading, and to the recommended denial of their motions to dismiss Counts 3-9, 11-16 and 18 as either duplicitous or multiplicous. Based on the Local Rule and the *Dennard* decision, Defendants' objections are insufficient to warrant a *de novo* review of these portions of the Report and Recommendation, and on that basis, the Court will adopt Magistrate Judge McCarthy's Report and Recommendation in its entirety regarding the claim of insufficient pleading for Counts 1 and 3-9, and for the claim that Counts 3-9, 11-16 and 18 are either multiplicous or duplicitous.

Even if the Court were required to conduct a *de novo* review of these portions of the Report and Recommendation, the outcome would be the same. As Magistrate Judge McCarthy pointed out, Defendants "primarily challenge the evidentiary basis for the allegations" contained in Count 1, as opposed to actually arguing that the Count is insufficiently pled. *See* ECF No. 62 at 13. The Court agrees with this characterization, and it is well settled that a facially valid indictment returned by the Grand Jury is not subject to attack on the grounds of insufficient evidence. *See United States v. Williams*, 504 U.S. 36, 54 (1992).

Regarding Counts 3-9, Defendants allege that as charged, they "fail to establish the essential element of intent to defraud, based on the arguments in their Omnibus Motion. (*See* Dkt. Entry No. 25)." ECF No. 83 at 22. Of course, the Indictment need not *establish* the elements of a crime; it need only *allege* the essential elements of a crime. But assuming this was a scrivener's error, the Counts are sufficiently pled. As Magistrate Judge McCarthy stated, the Indictment sufficiently alleges fraudulent intent on the part of Defendants by alleging that Defendants contemplated harming those "with an interest on the One Niagara Building" by attempting to "conceal th[e] gross rents and parking lot receipts" from them. ECF No. 1, at 20.

Simply put, the language of the Indictment tracks the language of the wire fraud statute, and coupled with the factual allegations contained in the Indictment, the Counts as charged are sufficient.

Defendants' argument that Counts 3-9, 11-16 and 18 must be dismissed as multiplicitous fails for two separate reasons. First, the government has argued – and the Defendants do not contest – that the money laundering counts charge transactions that occurred subsequent to the receipt of the alleged fraud proceeds, and that these subsequent transactions were done for the purpose of concealing and disguising the gross receipts of the fraudulent scheme. As such, the allegations charge the separate crimes of wire fraud and money laundering, so there is no multiplicity problem.

Second, any multiplicity challenge is premature at this juncture. "Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006). Even assuming for the sake of argument that the allegations are multiplicitous, the Defendants are still not entitled to dismissal at this stage. Rather, the Counts would go to the jury, and "i[f] the jury convicts on no more than one of the multiplicitous counts, there has been no violation of the defendant's right to be free from double jeopardy, for he will suffer no more than one punishment. If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts." *Id.*

Regarding duplicity, Magistrate Judge McCarthy found that "while captioned as a duplicity challenge, these arguments mount no such challenge, *i.e.*, that the Indictment joins two or more distinct and separate offense in a single count." ECF No. 62 at 20. The Court agrees.

At best, Defendants' arguments seek to challenge the evidentiary underpinnings of the Indictment, which, as previously stated, is inappropriate.

The remaining issue that Defendants have objected to – Magistrate Judge McCarthy's recommended denial of their applications to dismiss the Indictment or for the disclosure and/or in camera review of the grand jury minutes for alleged misconduct in those proceedings – does contain specific arguments, and the Court will therefore conduct a *de novo* review regarding that issue. As part of that *de novo* review, the Court has considered all of the parties' submissions to date. Based upon that *de novo* review, the Court finds no basis to alter, modify or reject Magistrate Judge McCarthy's Report and Recommendation regarding Defendants' grand jury claims.

Grand jury proceedings carry a "presumption of regularity." *Hamling v. United States*, 418 U.S. 87, 139 n. 23. As such, "a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205, 232–33 (2d Cir. 1990). This standard is a demanding one, and the "strong presumption of regularity in grand jury proceedings . . . . cannot be outweighed by conclusory or speculative allegations of misconduct." *United States v. Morgan*, 845 F. Supp. 934, 941 (D. Conn. 1994), *aff'd*, 51 F.3d 1105 (2d Cir. 1995).

After reviewing the Defendants' objections, the Court agrees with Magistrate Judge McCarthy's analysis. As a threshold matter, the Defendants have failed to produce any evidence of what actually transpired before the Grand Jury. Defendants' submissions only contain speculative statements of what they believe occurred before the Grand Jury, and then ask the Court to draw conclusions about what must have (in their view) actually transpired before the Grand Jury. Indeed, in making their current objections, Defendants tacitly admit their lack of evidence when, for example, they argue that this Court should "consider the blatant falsehoods

*which the defense believes* the Case Agent presented to the Grand Jury in this case…" ECF No. 83 at 5 (emphasis added). Unfortunately for Defendants, their belief as to what may have transpired before the Grand Jury does not satisfy the applicable legal standard. Rather, the standard requires much more – it requires the moving party (here, Defendants) to put forth "particularized and factually based grounds," *United States v. Leund*, 40 F.3d 577, 281 (2d Cir. 1994), and Defendants have failed on that front. The failure to produce any particularized facts of what actually transpired before the Grand Jury ends the inquiry, and requires the Defendants' application regarding alleged Grand Jury issue to be denied.

## CONCLUSION

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jeremiah J. McCarthy (ECF No. 62) in its entirety, and Defendants' Motions to Dismiss the Indictment and for disclosure and/or in camera review of the Grand Jury minutes (ECF No. 25) are DENIED.

IT IS SO ORDERED.

DATED: July 10, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court