UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT, RECOMMENDATION AND ORDER** |
| v. | |
| FRANK R. PARLATO, JR., CHITRA SELVARAJ, | 15-CR-149(FPG)(JJM) |
| Defendants. | |

_____

Defendants are charged in an eighteen-count Superseding Indictment [118][1] with, *inter alia*, a dual-purpose conspiracy to defraud the United States by impeding the lawful functions of the Internal Revenue Service ("IRS") in the ascertainment of income taxes and to commit an offense against the United States, namely wire fraud, in violation of 18 U.S.C. §371. Id., Count 1.[2] Before the court is defendants' motion [127] to dismiss the conspiracy to defraud the United States charge[3] and for leave to file other motions, which has been referred to me by District Judge Frank P. Geraci for initial consideration [3]. Having reviewed the parties' submissions [127, 131, 135] and heard oral argument on December 19, 2018 [136], for the following reasons the motion for leave to file other motions is denied, without prejudice, and I recommend that the motion to dismiss be denied.

---

[1] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2] The Superseding Indictment also contains two forfeiture allegations.

[3] Although the motion seeks to dismiss Count 1 of the Superseding Indictment in its entirety, defendants' counsel conceded at oral argument that defendants are only seeking to dismiss the charge of conspiracy to defraud the United States.

**BACKGROUND**

The charges in this case arise from defendant Frank R. Parlato Jr.'s alleged ownership interest in 360 Rainbow Boulevard in Niagara Falls (the "One Niagara Building"), and the activities he allegedly undertook in conjunction with defendant Chitra Selvaraj to conceal the proceeds from the One Niagara Building from the IRS and others. *See* Indictment [1], pp. 2-5, ¶¶3-9; Superseding Indictment [119], Introduction, ¶¶1-13; Count 1. Based on that conduct, defendants were initially charged in an Indictment [1] with conspiring "to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the [IRS], in the ascertainment, computation, assessment, and collection of . . . income taxes", in violation of 18 U.S.C. §371. Id., Count 1, ¶1. Based on the factual allegations of that count, the Indictment also alleges that defendants corruptly endeavored to obstruct and impede the due administration of the internal revenue laws, in violation of the 26 U.S.C. §7212(a), also known as the Omnibus Clause, and 18 U.S.C. §2. Id., Count 2.

After defendants' initial pretrial motions directed at the Indictment were resolved (United States v. Parlato, 2017 WL 9487081 (W.D.N.Y.), adopted, 2017 WL 2952832 (W.D.N.Y. 2017)), the Supreme Court, in Marinello v. United States, __ U.S.__, 138 S. Ct. 1101(2018), held that in order to secure a conviction under the Omnibus Clause, the government must demonstrate "a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action", that "was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant". Id. at 1109-1110. The Court explained that administrative conduct "does not include routine, day-to-day work carried out in the ordinary course by the IRS, such as review of tax returns". Id. at 1110.

Approximately two months after the Marinello decision, the May 23, 2018 Superseding Indictment [118] was returned, which continues to allege a conspiracy to defraud the IRS, also known as a Klein conspiracy,[4] but omits the 26 U.S.C. §7212(a) violation charged in the original Indictment.

## DISCUSSION

**A.     Motion to Dismiss the Klein Conspiracy Charge**

Defendants argue that since a Klein conspiracy and the Omnibus Clause "proscribe the exact same conduct", Marinello requires as an element of a Klein conspiracy that a nexus exist between a defendant's conduct and a pending or reasonably foreseeable tax-related proceeding. Defendants' Reply [135], p. 2; Cambria, *et al.* Affidavit [127], ¶¶16, 20. Because the Klein conspiracy alleged in the Superseding Indictment fails to include that allegation, defendants seek to dismiss that portion of Count 1.

Largely for the reasons set forth in the government's opposition [131], I disagree. These are distinct offenses. The Omnibus Clause prohibits "corruptly . . . obstruct[ing] or imped[ing], or endeavor[ing] to obstruct or impede, the due administration of [the Tax Code]". Marinello focused on the term "due administration [of the Tax Code]" in finding that a nexus is required between a defendant's conduct and a pending (or reasonably foreseeable) tax-related proceeding. 138 S. Ct. at 1104 ("'due administration of [the Tax Code]' does not cover routine administrative procedures that are near-universally applied to all taxpayers, such as the ordinary processing of income tax returns"). However, that term is not included in 18 U.S.C. §371, which

---

[4]     United States v. Klein, 247 F.2d 908 (2d Cir. 1957).

makes it a crime to "conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose".

Unlike the Omnibus Clause, which is limited to attempts to interfere with the administration of the internal revenue laws, 18 U.S.C. §371 broadly encompasses both a conspiracy "to cheat the government out of property or money", and any conspiracy designed "to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest". Hammerschmidt v. United States, 265 U.S. 182, 188 (1924).  To establish a Klein conspiracy, "[t]he government need only show (1) that defendant entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy." United States v. Ballistrea, 101 F.3d 827, 832 (2d Cir. 1996).  In order to obstruct a lawful function of the government, a defendant need not violate the Omnibus Clause or satisfy its elements. *See* United States v. Rosengarten, 857 F.2d 76, 78 (2d Cir. 1988).  Any "conspiracy to frustrate the IRS's function of ascertaining and collecting income taxes falls clearly within the ban of section 371", even where "the contemplated substantive acts, standing alone, would not constitute a federal offense".  Id. at 79.

While defendants argue that there is no difference between obstructing "the due administration [of the Tax Code]" required for a §7212(a) violation and obstructing "the lawful function of the government" required for a Klein conspiracy, these remain distinct terms and statutes. Cambria, *et al.* Affidavit [127], ¶¶14-16; defendants' Reply [135], p. 2.  Neither a Klein conspiracy nor the element of obstructing a lawful government function was before the Court in Marinello.  Moreover, the Court's concern in Marinello was that a broad reading of the "due administration [of the Tax Code]" could transform a variety of misdemeanor conduct into

felonies (138 S.Ct. at 1107); yet that same concern does not exist for a Klein conspiracy, which does not prohibit the "[m]ere failure to disclose income". Klein, 247 F.2d at 915-16; government's Response [131], p. 8. Therefore, I recommend that this motion be denied.[5]

**B.     Motion for Leave to File Other Motions**

Defendants seek leave "to make further and additional motions, which may be necessitated by due process of law, by the Court's ruling on the relief [currently] sought. . . by additional discovery provided by the government, or investigation made by the defense". Cambria, *et al.* Affidavit [127], ¶29. The same relief was sought in their earlier pretrial motion directed at the Indictment (*see* [25], ¶¶169-171), and is again denied, without prejudice to the possibility of additional motions in the future, upon a showing of good cause for why they were not timely asserted. *See* Fed. R. Crim. P. 12(c)(3); Parlato, 2017 WL 9487081 at *17.

**CONCLUSION**

For these reasons, defendants' motion for leave to file other motions [127] is denied, without prejudice, and I recommend that their motion to dismiss (id.) be denied. Unless otherwise ordered by Judge Geraci, any objections to this Report, Recommendation and Order

---

[5] Alternatively, the government argues that even if the nexus element of Marinello applied to a Klein conspiracy, it is not an element that must be alleged in the Superseding Indictment, but rather must only be proved at trial. Government's Response [131], p. 11. There is mixed authority on this issue. *Compare* United States v. Guirguis, 2018 WL 5270315, *3 (D. Haw. 2018) (Marinello "did not find that the Government must plead a nexus between the defendant's conduct and an administrative proceeding into the charging document"), *with* United States v. Lawson, 2018 WL 3375170, *4–5 (D. Alaska), adopted, 2018 WL 3370517 (D. Alaska 2018) (holding that nexus is a pleading requirement). However, based on my recommendation, it is not necessary for me to consider or address this conflict.

must be filed with the clerk of this court by January 23, 2019. Any requests for extension of this deadline must be made to Judge Geraci. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: January 9, 2019

      /s/ Jeremiah J. McCarthy
     JEREMIAH J. MCCARTHY
      United States Magistrate Judge