UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                                                   Case # 15-CR-149-FPG

v.

                                                                                                   DECISION AND ORDER

FRANK R. PARLATO, JR.,
CHITRA SELVARAJ,

                                                Defendants.

## INTRODUCTION

    On November 20, 2015, the Grand Jury returned a nineteen-count indictment charging Defendants Frank R. Parlato, Jr., and Chitra Selvaraj with conspiring to defraud the United States by obstructing the IRS's collection of income taxes in violation of 18 U.S.C. § 371 (Count 1), corruptly interfering with the administration of the Internal Revenue laws in violation of 26 U.S.C. § 7212(a) (Count 2), seven counts of wire fraud, conspiracy to commit wire fraud (Count 10), and nine counts of engaging in monetary transactions in property derived from specified unlawful activity. *See* ECF No. 1.

    On March 21, 2018, the Supreme Court issued its decision in *Marinello v. United States*, 138 S. Ct. 1101 (2018). It concluded that the Government must establish a nexus between a defendant's conduct and a pending administrative proceeding to secure a conviction under § 7212(a), known as the Omnibus Clause. *Id.* at 1109-10. It declined to "exhaustively itemize the types of administrative conduct that fall within" the statute's scope but noted that the processing of tax returns was not included. *Id.* at 1110.

On May 23, 2018, the Grand Jury returned a superseding indictment modifying the original indictment: Counts 2 and 10 were removed, and another count of engaging in monetary transactions in property from unlawful activity was added. *See* ECF No. 118.

On October 31, 2018, Defendants filed a motion to dismiss Count 1 and for leave to file other motions. ECF No. 27. United States Magistrate Judge Jeremiah J. McCarthy held oral argument on the motions on December 19, 2018, and on January 9, 2019 issued a report and recommendation (R&R) denying the motion for leave to file further motions and recommending denial of the motion to dismiss Count 1. ECF Nos. 136-37. Defendants objected to the R&R and the Government responded. ECF Nos. 140-41. For the following reasons, Judge McCarthy's R&R is ADOPTED in its entirety and Defendants' motion to dismiss Count 1 is DENIED.

**LEGAL STANDARD**

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing *Cullen v. United States*, 194 F.3d 401, 405-07 (2d Cir. 1999)); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2) ("Written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.").

After reviewing the R&R and the objections to it, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3).

**DISCUSSION**

The Court may review the R&R for clear error since Defendants' objections echo the arguments presented to Judge McCarthy. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("To the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." (quotation marks and alterations omitted)); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are . . . argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'"). The Court finds no clear error in the R&R.

Even if the Court reviewed the R&R *de novo*, Defendants' argument is meritless. They contend that *Marinello*'s conclusion should extend to § 371 because it proscribes the same conduct as § 7212(a). ECF No. 140 at 4. They direct the Court's attention to an element in each statute: for § 371, "to obstruct the lawful function of the government," *United States v. Shellef*, 507 F.3d 82, 104 (2d Cir. 2007), and for § 7212(a), "obstructs or impedes, or endeavors to obstruct or impede, the due administration of [the Internal Revenue Code]." ECF No. 140 at 4.

The argument carries several flaws. First, "[s]ome overlap in criminal provisions is, of course, inevitable." *Marinello*, 138 S. Ct. at 1107. The Court cannot override Congress's intent because a statute is similar to another whose scope was limited. *See id.* at 1106 ("[W]e have traditionally exercised restraint in assessing the reach of a federal criminal statute . . . out of deference to the prerogatives of Congress . . . ."). Second, Defendants are not reading the element of § 371 in its full context. The § 371 element taken from *Shellef* is missing a modifying phrase: "by deceit, craft or trickery, or at least by means that are dishonest." *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1925). The distinction is even more important since that language is

read in to § 317. The statute prohibits a conspiracy to "defraud" the government. 18 U.S.C. § 371. *Hammerschmidt* concluded that "defraud" could mean obstruction by deceit. 265 U.S. at 188. So, § 7212(a) forbids any obstruction of the due administration of the Internal Revenue Code, while § 371 forbids obstruction of the lawful function of the government by dishonest means.

As the Government argued and Judge McCarthy concluded, the language and scope of the statutes are different. The Court therefore declines to apply *Marinello* to a statute it did not consider.

## CONCLUSION

For those reasons, Judge McCarthy's R&R, ECF No. 137, is ADOPTED in its entirety and Defendants' motion to dismiss Count 1, ECF No. 127, is DENIED.

IT IS SO ORDERED.

Dated: February 28, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court