IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                            15-CR-149-A

FRANK R. PARLATO, JR.
CHITRA SELVARAJ,

                              Defendants.

## GOVERNMENT'S MOTION IN LIMINE SEEKING A RULING THAT CERTAIN EVIDENCE IS INADMISSIBLE HEARSAY

The government respectfully submits this motion to request a ruling from the Court in advance of trial that certain testimony concerning statements made by deceased victim Lawrence Reger are inadmissible hearsay.

## RELEVANT FACTS

The superseding indictment charges the defendants with, in part, devising a scheme to defraud Lawrence Reger and his entities by failing to pay Mr. Reger his fair share of the profits of Tourist Services, a partnership between Mr. Reger and defendant Parlato (through entities owned and controlled by each of them) and by conducting banking transactions in ways to hide the income and assets so that Mr. Reger would not know what he was owed. *See* Dkt. 118.

The defendants have previously argued that Lawrence Reger was not a victim of the defendants, and based on the course of litigation in this case, the government anticipates that this will be part of their defense at trial. As Mr. Reger is now deceased, the defendants have

supported their argument with his prior testimony in civil lawsuits as well as representations made by others who knew him well. For example, prior to indictment, former counsel for defendant Parlato arranged for Mr. Reger's long-time attorney, Gregory Photiadis, to send a letter to the government. In that letter, Mr. Photiadis claimed that Mr. Reger was "neither cheated nor defrauded by Parlato." *See* Dkt. 41.1 at pp. 4-5, attached for the Court's convenience as Exhibit A.[1]

The defendants made the same argument as part of their pretrial omnibus motions, where they argued that the indictment should be dismissed for prosecutorial misconduct in the grand jury, in part because Mr. Reger was, in the defendants' view, not a victim. *See* Dkt. 25 at pp. 6-7. Moreover, as part of defendants' Reply in support of their omnibus motion, they included an affidavit from Mr. Photiadis, again claiming that "Larry [Reger] never claimed that he was defrauded or cheated by Parlato." *See* Dkt. 41.1 at p. 1, attached as Exhibit A.

Defendant Parlato has also written about this issue in his blog, where he cites testimony given by Mr. Reger in a civil case "less than two weeks before he died" and in which Mr. Reger stated that Parlato "was a most excellent partner." *See* Exhibit B.[2] Indeed, Parlato concludes that the civil testimony "establishes that [Lawrence Reger] went to his grave thinking well of me." *Id.*

---

[1] For several reasons, the government does not believe that this letter accurately states Mr. Photiadis' views.
[2] A copy of this article is attached as an Exhibit to this motion.

The defendants' claims are contradicted by the government's evidence which will support the allegations of the indictment. Additionally, prior to his death at age 87, Lawrence Reger testified under oath to the grand jury.

**DISCUSSION**

To the extent that the defendants attempt to introduce statements Mr. Reger made to others, such as Gregory Photiadis, or made as part of civil lawsuits, those statements are inadmissible hearsay.

**A. Statements Made by Lawrence Reger to Other Witnesses**

The defendants may seek to admit statements made by Mr. Reger to Gregory Photiadis or other potential trial witnesses, such as the statement that Mr. Reger "claimed that he was never cheated or defrauded by Parlato." *See* Dkt. 41.1 at p. 1. This statement and any similar statements are inadmissible hearsay pursuant to Rule 801 as they are offered for the truth of the matter asserted, i.e., to prove that Lawrence Reger was not victimized, and no hearsay exclusion or exception applies to those statements. *See* Fed.R.Evid. 801.

**B. Statements Made by Lawrence Reger in Civil Lawsuits**

To the extent the defendants seek to admit statements made by Lawrence Reger as part of prior civil proceedings related to the business dealings at the One Niagara Building, either via deposition or civil trial testimony, these statements are also inadmissible hearsay pursuant to Rule 801. Additionally, the exclusion for an unavailable declarant's prior testimony pursuant to Rule 804(b)(1) does not apply because Mr. Reger's statements would

3

be offered against the government, which was not entity party with an interest, opportunity or motive to develop the statements by cross-examination. Federal Rule of Evidence 804(b)(1) creates an exception for testimony of an unavailable witness in situations where the witness provided testimony in a current or related proceeding and is now being offered against the party who has an interest to develop that testimony. Because the government was not such a party to the civil lawsuits where Mr. Reger provided testimony, the hearsay exception pursuant to Rule 804(b)(1) is inapplicable here. *See United States v. Peterson*, 100 F.3d 7, 11-14 (2d Cir. 1996) (affirming district court decision, pursuant to Rule 804(b)(1), precluding defendant from introducing his state grand jury transcript in his federal trial because, among other reasons, "the federal government was in [no] way party to, or had any opportunity to develop [defendant's] testimony at, the state grand jury proceeding").

### C.  Statements Made by Lawrence Reger to the Grand Jury

Prior to his death at age 87, Lawrence Reger testified in the grand jury investigating this matter. If the defendants manage to introduce or mention (either through counsel's questions or through other witnesses) out-of-court statements made by Mr. Reger, the government hereby provides notice of its intention to seek permission to introduce the grand jury testimony of Mr. Reger to rebut the veracity of the out-of-court statements pursuant to Rule 807.

Rule 807 must be invoked "very rarely, and only in exceptional circumstances." *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991). It contains three requirements: (1)

4

"the statement is supported by sufficient guarantees of trustworthiness";[3] (2) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"; and (3) "the proponent gives an adverse party reasonable notice of the intent to offer the statement." Fed.R.Evid. 807.

Because Mr. Reger's grand jury testimony was under oath, it satisfies the first of these requirements. When Mr. Reger provided testimony to the grand jury, he was made aware of the penalties for lying or providing misinformation, and had no reason to present such information. *See FTC v. Amy Travel Svcs.*, 875 F.2d 564, 576 (7th Cir. 1989), *overruled on other grounds FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019) (finding that affidavits were "sufficiently trustworthy" for purposes of residual hearsay exception because "each was made under oath subject to perjury penalties and the affiants describe facts about which they have personal knowledge—their contacts with defendants").  Additionally, if the defendants are able to enter any of Mr. Reger's out-of-court statements regarding his belief concerning whether or not he was defrauded or a victim of the defendants, then allowing the government to challenge those statements with Mr. Reger's sworn grand jury testimony to the contrary would satisfy the second requirement as the issue of Mr. Reger's beliefs concerning whether or not Mr. Parlato cheated him would become material and important.

---

[3] The statement's trustworthiness must be assessed "after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement." Fed.R.Evid. 807(a)(1). The government anticipates that this corroboration will come in the form of other evidence introduced at trial.

By this motion, the government gives notice to the defendant pursuant to the third requirement.[4] The government does not intend to utilize statements made by Mr. Reger during his grand jury testimony in its case in chief, but should the defendants succeed in entering statements allegedly to have been made by Mr. Reger regarding his opinion of whether or not the defendants cheated him, the government will seek to rebut those statements with testimony provided by Mr. Reger to the grand jury. *See United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993) (holding that a court has "discretion to permit a party to introduce otherwise inadmissible evidence on an issue . . . when it is needed to rebut a false impression that may have resulted from the opposing party's evidence").

---

[4] If necessary, the government will provide the transcript of Lawrence Reger's testimony in the grand jury along with the rest of the § 3500 material in this case pursuant to the pre-trial schedule to be set by this Court.

**CONCLUSION**

For these reasons, the government respectfully requests that the Court find that the out-of-court statements made by Lawrence Reger to Gregory Photiadis or others, or as part of civil lawsuits, are improper hearsay and should be excluded from trial.

DATED:   Buffalo, New York, July 24, 2020

JAMES P. KENNEDY, JR
United States Attorney

BY:   *s/ Elizabeth R. Moellering*
ELIZABETH R. MOELLERING
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5872
Elizabeth.Moellering@usdoj.gov

BY:   *s/ Charles M. Kruly*
CHARLES M. KRULY
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5816
Charles.Kruly@usdoj.gov