IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                    15-CR-149-A

FRANK R. PARLATO, JR. and
CHITRA SELVARAJ,

                            Defendants.

---

## GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF DEFENDANTS' HISTORY OF TAX NON-PAYMENT

The government moves, pursuant to Federal Rules of Evidence 401 and 404(b), to admit evidence of both defendants' lengthy history of tax non-payment. As discussed below, Count 1 of the superseding indictment charges both defendants with a *Klein* conspiracy, running from 2006 to 2017, to defraud the United States by obstructing the IRS's ability to ascertain, assess, and collect tax on cash revenue generated from the One Niagara Building. The defendants' personal history of tax non-payment is highly probative of their intent to obstruct the IRS's lawful functions. That evidence takes on heightened importance where, as here, the defendants will claim to have an innocent explanation for the conduct charged in the *Klein* conspiracy. And because the proposed evidence is no more sensational or disturbing than the rest of the evidence the jury will hear, Rule 403 does not preclude its admission.

## BACKGROUND

Defendants Frank R. Parlato, Jr. and Chitra Selvaraj are charged with conspiring for over a decade to defraud the United States by obstructing the IRS's ability to ascertain, assess, and collect taxes on the large sums of cash revenue generated by the One Niagara Building.

As the superseding indictment alleges, the defendants took a number of complex steps to hide the One Niagara Building's revenue from the IRS. The defendants have made clear that the core of their defense will be to argue that they lacked the intent to defraud the IRS. Instead, the defendants will argue, the series of convoluted steps they took to redirect income—including setting up over 50 bank accounts, using an ATM to hide cash, and moving revenue to an attorney's IOLA account—were intended only to hide the One Niagara Building's revenue from aggressive litigants. *See, e.g.*, Dkt. 25 at 5 ("There was no creditor from which the IOLA accounts were used to shield funds. The accounts were used to shield funds from Shmuel Shmueli," who was David Ho's representative, and who "was engaged to conduct a hostile takeover.")

To help prove that the defendant's true intent was to defraud the IRS, the government seeks to introduce evidence that Parlato and Selvaraj both failed to file (or failed to timely file) their personal income tax returns for over a decade. Specifically, the government will seek to introduce evidence that Parlato:

- Did not file his personal federal tax returns for tax years 1997 – 2004;
- Did not file his personal federal tax returns for tax years 2005 – 2007 until 2008;
- Did not file his personal federal tax returns for tax years 2008 – 2010 until 2013—after he learned that he was under investigation in this case;[1]
- Did not file his personal federal tax returns for tax years 2011 – 2012 until 2014; and
- Did not file his personal federal tax returns for tax years 2014 – 2019.

The government will seek to introduce similar evidence for Selvaraj. Specifically, the government will seek to introduce evidence that Selvaraj:

- Did not file her personal federal tax returns for tax years 2006 – 2008 until 2009;

---

[1] *See* Frank Parlato, Jr., *Being Under Investigation Might Be a Good Thing*, Niagara Falls Reporter (Jan. 12, 2012), *available at* https://niagarafallsreporter.com/parlato1.10.12.html ("I found out last week that there is a pretty good chance that I am 'under investigation' by the FBI and IRS").

- Did not file her personal federal tax returns for tax years 2009 and 2010;
- Did not file her personal federal tax returns for tax years 2011 – 2013 until 2014;
- Did not file her personal federal tax returns for tax years 2014 – 2019.

## DISCUSSION

Evidence of the defendants' tax-filing history is admissible either as direct evidence of the *Klein* conspiracy charge, or pursuant to Rule 404(b) to prove the defendants' intent to defraud the IRS and their knowledge of their obligation to file tax returns.

### A.   The evidence is intrinsically intertwined with evidence of the defendants' crimes.

Evidence that both defendants failed to file (or failed to timely file) tax returns for the years of the *Klein* conspiracy (2006 – 2017) is part of the *res gestae* of Count 1. Among the many ways in which the defendants obstructed the IRS's lawful functions, Count 1 alleges that the defendants failed to file their personal tax returns in order to "conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds received" by the defendants. Specifically paragraphs 4(u) and 4(v) of Count 1 allege:

**Failure to File Timely Federal Income Tax Returns**

(u) In a further effort to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds received by defendants PARLATO and SELVARAJ, and entities controlled by them from, among others, the Internal Revenue Service, L.R. and his entities, and others with an interest in the revenue generating activities at the One Niagara Building, defendant PARLATO did not timely file his personal federal income tax returns for 2006, 2007, 2008, 2009, 2010, 2011, and 2012; did not file his personal federal income tax returns for 2014, 2015, and 2016; and did not timely file federal tax returns for entities for which defendant PARLATO was the acting manager and Chief Operating Officer, specifically Whitestar Development, One Niagara, and Tourist Services for tax years 2006, 2007, 2008, 2009, and 2010.

(v) Similarly, defendant SELVARAJ did not timely file her personal federal income tax returns for 2011, 2012, and 2013, and did not file her personal federal income tax returns for 2009, 2010, 2014, 2015, and 2016.

3

"[E]vidence of uncharged criminal activity is not considered 'other crimes' evidence under [Rule] 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989) (quotation marks omitted). This is especially true if the indictment "contains a conspiracy charge," because in such cases "uncharged acts may be admissible as direct evidence of the conspiracy itself." *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994). "An act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992).

The same is true in this case. The *Klein* conspiracy charged in Count 1 alleges that the defendants took a variety of steps to hide the One Niagara Building's revenue from the IRS. One of the ways they did so was to not file their personal tax returns, thereby preventing the IRS from determining the income they personally derived from the building's activities. In other words, evidence of the defendants' delinquent taxes simply helps show how the defendants carried out their conspiracy. It is therefore inextricably intertwined with the allegations in Count 1, and it should be admitted as relevant evidence pursuant to Rules 401 and 402.

## B.      The evidence is admissible under Rule 404(b).

As discussed above, evidence of the defendants' tax non-payment is admissible for tax years 2006 – 2017 (that is, the life of the conspiracy) as direct evidence of the *Klein* conspiracy. In the alternative, that same evidence is admissible pursuant to Rule 404(b). Likewise,

evidence of the defendants' pre-conspiracy tax non-payment is admissible pursuant to Rule 404(b).

In a criminal tax case, evidence that a taxpayer failed to file his tax returns on other occasions fits comfortably within the Second Circuit's "'inclusionary' approach to Rule 404(b) other-act evidence. *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004). Rule 404(b), of course, allows other-act evidence to be introduced for a number of non-propensity purposes, such as proving a person's intent and knowledge. Fed. R. Evid. 404(b)(2). The defendants' intent will be the primary factual issue related to the *Klein* conspiracy charge.

To convict the defendants of a *Klein* conspiracy, the government must prove, among other things, that the defendants entered into the conspiracy "with the specific intention of furthering its business or objective as an associate or worker." L. Sand, *Modern Federal Jury Instructions*, 19.01. This, in turn, requires the government to prove that the defendants had the "'intent . . . to defraud the United States.'" *United States v. Nicolo*, 523 F. Supp. 2d 303, 327 (W.D.N.Y. 2007) (quoting *United States v. Adkinson*, 158 F.3d 1147, 1153 (11th Cir. 1998)). And when a defendant is charged with defrauding the United States by impeding the lawful functions of the IRS, the government must prove that the defendant "'agreed to interfere with or obstruct' the United States' ability to collect taxes by defrauding the IRS." *United States v. Cyprian*, 23 F.3d 1189, 1201-02 (7th Cir. 1994) (quoting *United States v. Bucey*, 876 F.2d 1297, 1312 (7th Cir. 1989)). *See also id.* at 1201 (observing that "the relevant inquiry under § 371 required the government to prove, not that the conspirator was aware of the criminality of the objective, but that the conspirator knew of the liability for federal taxes") (quotation marks omitted).

The defendants, as noted, will argue at trial that they funneled the One Niagara Building's revenues through a convoluted series of accounts and shell companies in order to shield the building's revenues from aggressive litigants—not to defraud the IRS. By placing their intent squarely at issue, the defendants have opened the door to evidence rebutting their defense. After all, "[w]here a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993).

Using evidence of prior unpaid taxes to disprove an innocent-explanation defense is common in criminal tax cases. For over half a century, the Second Circuit has held that "a defendant's past taxpaying record is admissible to prove [state of mind] circumstantially." *United States v. Bok*, 156 F.3d 157, 165-66 (2d Cir. 1998) (collecting cases); *United States v. Myerson*, 18 F.3d 153, 165-66 (2d Cir. 1994) (where defendant denied desire to cheat on taxes, evidence of other similar transactions admissible under Rule 404(b)). Indeed, because evidence of a defendant's state of mind must often be proven circumstantially, the Second Circuit has directed "trial courts [to] follow a liberal policy in admitting evidence directed towards establishing the defendant's state of mind." *United States v. Collorafi*, 876 F.2d 303, 305 (2d Cir. 1989) (making this point in tax evasion case). And because a defendant's state of mind is almost always at issue in a criminal tax case, it is "typical" to admit evidence of other unpaid taxes in such cases. *United States v. Scali*, No. 16-CR-466(NSR), 2018 WL 461441, at *6 (S.D.N.Y. Jan. 18, 2018) (calling such evidence "especially probative of [the] [d]efendant's intent"). In short, when "intent is a material issue in [a] case"—which it is here—the

government is generally "entitled to establish it by using admissible evidence of their choosing." *United States v. Brown*, 250 F.3d 580, 585 (7th Cir. 2001).

As shown above, both defendants have a lengthy history of failing to file their personal tax returns, both before, during, and after the life of the *Klein* conspiracy. This evidence makes it "more . . . probable," Fed. R. Evid. 401(a), that when they moved the One Niagara Building's revenues through (among other things) an ATM and a convoluted series of shell companies, they did so with the intent to "interfere with or obstruct the United States' ability to collect taxes." *Cyprian*, 23 F.3d at 1201-02 (quotation marks omitted). *See also id.* at 1201 (observing that "the relevant inquiry under § 371 required the government to prove, not that the conspirator was aware of the criminality of the objective, but that the conspirator knew of the liability for federal taxes") (quotation marks omitted).

The fact that the defendants eventually filed some (but not all) of their taxes does not weaken the strength of this evidence. Rather, evidence that the defendants ultimately filed some returns is as "indicative of an intent to evade the tax system" as total non-payment. *Bok*, 156 F.3d at 166. *See also id.* ("As a simple matter of logic, [defendant's] failure to file state or federal returns for either himself or his corporations until told to do so by the IRS is indicative of an intent to evade the tax system.") Indeed, this only makes the Rule 404(b) evidence more probative of the defendants' intent. In a *Klein* conspiracy, "the relevant inquiry" is "not that the conspirator was aware of the criminality of the objective, but that the conspirator knew of the liability for federal taxes." *Cyprian*, 23 F.3d at 1201-02 (quotation marks omitted). The defendants' stop-and-start approach to their personal income taxes—often filing several years' worth of returns at the same time, only to fail to file their returns again—is highly probative of their knowledge of "the liability for federal taxes." *Id.*

3.        **The evidence is admissible under Rule 403.**

Evidence that the defendants failed to file tax returns for a number of years is also admissible under Rule 403. *See United States v. Krug*, 15-CR-157-A, 2017 WL 907817, at *1 (W.D.N.Y. Mar. 8, 2017) (noting that the "primary limit on relevant other-acts evidence comes from Rule 403"). Rule 403 only prohibits evidence whose probative value is "substantially outweighed" by "unfair" prejudice. And evidence is "unfair[ly]" prejudicial only if it "tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueora*, 618 F.2d 934, 942 (2d Cir. 1980). This may occur when, for instance, evidence tends "to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *Id.* The government's proposed evidence does not raise these concerns. *See United States v. Hollier*, 314 F. Supp. 2d 250, 255 (S.D.N.Y. 2004) (in tax evasion case, finding that evidence of past non-filing admissible under Rules 403 and 404(b)).

First, the evidence is highly probative. This is because, as noted, "most evidence" of a person's state of mind "is circumstantial." *United States v. Salameh*, 152 F.3d 88, 143 (2d Cir. 1998) (making this observation concerning evidence of intent). Thus, *any* evidence of a defendant's state of mind is often highly probative. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) (noting that the probative value of evidence "may be calculated by comparing evidentiary alternatives").  "Put differently, when there are few ways to prove an element of a crime, any evidence that tends to prove that element necessarily has more probative value than it otherwise might." *Krug*, 2017 WL 907817, at *4 . Because evidence of a person's intent to obstruct the IRS is almost always circumstantial, any direct or indirect evidence that tends to show that intent takes on increased importance.

Second, the resulting prejudice is not "unfair," nor does it "substantially outweigh" the evidence's high probative value. Indeed, when a defendant's state of mind is relevant to a criminal tax charge, "[n]o evidence which bears on this issue should be excluded unless it interjects tangential and confusing elements which clearly outweigh its relevance." *Collorafi*, 876 F.2d at 305. These concerns are not present in this case. In a case charging the defendants with conspiring to hide their income from the IRS, evidence that the defendants failed to file personal income tax returns is no more "sensational or disturbing" than the charged conduct. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 2004). Nor is the evidence "especially worse or shocking than the transactions charged." *United States v. Mercado*, 573 F.3d 138, 142 (2d Cir. 2009). To the contrary, evidence that the defendants failed to file their personal tax returns is little different than the other evidence the jury will hear. The other-acts evidence cannot, then, "unfairly" prejudice the defendants, and even if it did, that prejudice does not "substantially outweigh[]," the evidence's high probative value.

Rule 403's "major function" is a "limited" one: it allows a court to "exclud[e] matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (quotation marks omitted). The government's proposed Rule 404(b) evidence is, of course, prejudicial, but that is why it should not be precluded under Rule 403—it gives the jury valuable insight into the defendants' state of mind with regard to the *Klein* conspiracy. And because the evidence is highly probative of the defendants' state of mind, "even a large risk of unfair prejudice may be tolerable." *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002).

## CONCLUSION

For the reasons stated above, the Court should allow the government to introduce evidence of the defendants' history of tax non-payment.

DATED:   Buffalo, New York, July 24, 2020.

JAMES P. KENNEDY, JR
United States Attorney

BY:   ***ELIZABETH R. MOELLERING***      BY:   ***CHARLES M. KRULY***
      ELIZABETH R. MOELLERING            CHARLES M. KRULY
      Assistant U.S. Attorney                   Assistant U.S. Attorney
      United States Attorney's Office          United States Attorney's Office
      Western District of New York          Western District of New York
      138 Delaware Avenue                138 Delaware Avenue
      Buffalo, New York 14202             Buffalo, New York 14202
      (716) 843-5872                     (716) 843-5816
      Elizabeth.Moellering@usdoj.gov     Charles.Kruly@usdoj.gov

10