IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                                                            15-CR-149-A

FRANK R. PARLATO, JR. and
CHITRA SELVARAJ,

                                Defendants.

---

### GOVERNMENT'S OPPOSITION TO
### DEFENDANT PARLATO'S MOTION TO ADJOURN TRIAL

The government submits this memorandum in opposition to defendant Frank R. Parlato, Jr.'s motion to adjourn trial. Since the grand jury returned the superseding indictment, trial in this case has been subjected to multiple year-long adjournments. Parlato's motion does not set forth a basis to adjourn trial yet again. Moreover, another adjournment would prejudice the government and the public's right to a speedy trial while causing Parlato no cognizable harm. The Court should therefore deny the motion.

### DISCUSSION

This case has been trial-ready for over two years. The superseding indictment was returned on May 23, 2018. *See* Dkt. 118. Motion practice concluded on March 1, 2019, when the Hon. Frank P. Geraci, Jr., to whom this case was previously assigned, denied the defendants' motion to dismiss. *See* Dkt. 143. The case was then transferred to this Court, which—over the government's objection—set a trial date one year later, for May 2020. *See* Ex. A.  As the COVID-19 pandemic caused the postponement of a number of trials, the

1

government consented "to a two-month adjournment with leave to seek additional time" depending on the spread of COVID-19. Dkt. 174.  In July 2020, however, trial was scheduled for June 8, 2021, over the government's request for a trial in November 2020. *See* July 28, 2020 Minute Entry.

Parlato's motion to once again adjourn trial is based on the calendar of one of his three attorneys, Paul Cambria, Jr., who represents a defendant in *United States v. Michael Lacey, et al.*, 2:18cr422, a case pending in the District of Arizona. *See* Dkt. 218. The *Lacey* docket, which is attached as Exhibit B, shows that Mr. Cambria has not previously raised concerns about an overlap in the scheduling of this trial and the trial in *Lacey*.  Trial in *Lacey* was originally scheduled to begin January 15, 2020 but has been adjourned several times for a number of reasons. Two of those adjournments have particular relevance to Parlato's motion.

First, on July 1, 2019, after a co-defendant received new counsel, trial in *Lacy* was adjourned to May 5, 2020. *See Lacey* Dkt. 628 (Motion); Dkt. 664 (Order). At that time, trial in this case had already been scheduled to begin two weeks later, on May 19, 2020. Nothing in the *Lacey* docket shows that Mr. Cambria objected to adjourning trial until two weeks before trial in this case began.

After several more adjournments, on October 8, 2020, the *Lacey* court adjourned trial until April 12, 2021 in light of the COVID-19 pandemic and the pregnancy of a co-defendant's attorney. *See* Dkt 1058 (Motion); Dkt. 1068 (Order). At that point, trial in this case had already been rescheduled for June 8, 2021. Once again, nothing in the *Lacey* docket shows that Mr. Cambria objected to scheduling the *Lacey* trial two months before trial in this case, notwithstanding the fact that the *Lacey* trial is predicted to last approximately three months. To the contrary, the co-defendant's motion sought an adjournment until April 12, 2021 and

represented that the other defendants—including Mr. Cambria's client—"have no objection." *See* Ex. C at 1. Mr. Cambria's failure, on two prior occasions, to object to an overlap in the scheduling of this trial and *Lacey* underscores why it would be inappropriate to adjourn the trial in this case yet again.

Moreover, Parlato's motion does not explain why it is necessary to adjourn this trial to accommodate Mr. Cambria's obligations in *Lacey*. This case is scheduled to begin on June 8, 2021 and will likely be completed—at the *very* latest—by mid-July, more than one month before *Lacey* is scheduled to begin.[1] That is surely sufficient time for Mr. Cambria to prepare for *Lacey*—which has been pending for years—particularly given that Mr. Cambria intends "to assist" his co-counsel in this case, rather than try the case himself. *See* Dkt. 218 ¶¶ 4, 5, 8.

If this trial is adjourned, it is unlikely that it will be tried in 2021. The *Lacey* trial is estimated to last twelve weeks. *See Lacey* Dkt. 1113 at 6 ("This case has six defendants and the government projects the trial of its 100-count indictment will last twelve weeks (inclusive of its case-in-chief, defense case, and rebuttal case."). That would result in *Lacey* ending, at the earliest, in mid-November 2021. Given the length of this trial and the intervening holidays, it is unlikely that trial would begin until 2022. At that point, this case would have been trial ready for nearly three years.

There are real consequences to continually adjourning trial for years at a time. The grand jury returned the superseding indictment nearly three years ago. The original indictment in this case was returned over five years ago. And the conspiracy charged in this

---

[1] The government estimates that its proof will last approximately four weeks. Although Magistrate Judge McCarthy granted the government's motion to compel discovery more than four years ago (Dkt. 62 at 36), Parlato has not provided the government with any reciprocal discovery. The government therefore assumes that Parlato does not intend to present a defense.

case begins nearly fifteen years ago. Since this case has been under investigation, two witnesses—including the victim—have passed away, and other witnesses' memories have surely faded. The government has therefore suffered, and will continue to suffer, concrete prejudice by regularly adjourning this case. This is especially problematic given that the Sixth Amendment imposes on both "the court and the government . . . an affirmative obligation to criminal defendants and the public to bring matters to trial promptly." *United States v. Black*, 918 F.3d 243, 253 (2d Cir. 2019) (quotation marks omitted). "This burden weighs particularly heavily on the government, which owns the additional duty of monitoring the case and pressing the court for a reasonably prompt trial." *Id.* at 254 (quotation marks omitted). To that end, the government has consistently objected to the years-long delays in this case.

Parlato, by contrast, will suffer no prejudice from going to trial, as scheduled, on June 8, 2021. It is settled that a defendant's right to counsel of his choice must, in certain circumstances, "give way to the need for fair and efficient administration of justice." *United States v. Scopo*, 861 F.2d 339, 344 (2d Cir. 1988) (quotation marks omitted) (affirming denial of trial continuance for availability of counsel where, among other things, trial date "was set three and one-half months in advance" and "case had been pending more than two years"). Thus, "where the inability of retained counsel to serve gives promise of unreasonable delay or inconvenience in completing the trial, the court may require the defendant to secure other counsel." *Id.* (quotation marks omitted).

The Court, however, does not need to resort to such a drastic remedy because Parlato is also represented by two other retained attorneys, both of whom are experienced, skilled, and highly respected. Indeed, because Mr. Cambria states that he intends "to assist" co-counsel in this case—rather than try it himself—there is no reason why he could not do so

4

while simultaneously preparing for a trial scheduled to begin several months later. With or without Mr. Cambria's assistance, Parlato will surely receive constitutionally effective assistance of counsel. *See United States v. Chronic*, 466 U.S. 648 (1984) (reversing finding of ineffective assistance of counsel where, 25 days before trial, district court "appointed a young lawyer with a real estate practice . . ., even though it had taken the Government over four and one-half years to investigate the case and . . . review[] thousands of documents during that investigation").

## CONCLUSION

The government remains ready and able to try this case in June 2021, just as it was ready in June 2020 and March 2019. The Court should deny Parlato's motion to adjourn trial.

DATED: Buffalo, New York, April 16, 2020.

| | |
|---|---|
| JAMES P. KENNEDY, JR.<br>United States Attorney | JAMES P. KENNEDY, JR.<br>United States Attorney |
| BY: **/s/ *MICHAEL DIGIACOMO*** <br>MICHAEL DIGIACOMO<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York 14202<br>(716) 843-5885<br>Michael.DiGiacomo@usdoj.gov | BY: **/s/ *CHARLES M. KRULY*** <br>CHARLES M. KRULY<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York 14202<br>(716) 843-5816<br>Charles.Kruly@usdoj.gov |