# AFFIDAVIT OF FRANK PARLATO IN SUPPORT OF REQUEST OF AN ADJOURNMENT OF TRIAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              *Plaintiff*,                       **AFFIDAVIT**

      v.                                                    Case No: 15-CR-00149(RJA)

FRANK R. PARLATO, et al,

                              *Defendants*.

_____

| STATE OF NEW YORK | ) |
|---|---|
| COUNTY OF ERIE | ) SS: |
| CITY OF BUFFALO | ) |

        FRANK PARLATO, having affirmed, deposes and says:

        1.     I am the defendant in the above captioned matter.

        2.     This Affidavit is sent to the Court in support of my attorneys' application to adjourn the trial of this matter from June 8, 2021 to a later date.

        3.     On July 28, 2020 Senior United States District Judge Richard J. Arcara scheduled this matter to commence for purpose of jury selection on June 8, 2021. The trial is scheduled to commence thereafter.

        4.     On April 13, 2021 counsel for your deponent, Paul J. Cambria, Jr., filed a motion seeking an Order that the Court adjourn the trial on this matter as a result of his own personal scheduling conflict.

        5.     I am advised that Mr. Cambria is the lead counsel for defendant Michael G. Lacey for a case currently pending in the District of Arizona. I am also advised that there are numerous other co-defendants each being represented by separate and multiple counsel. Mr. Cambria has advised that discovery in the *Lacey* case has produced approximately 11 million documents.

        6.     I was also advised that the case in *United States v. Lacey* had been adjourned from

time to time for various reasons. It is my understanding that the Covid pandemic has been a significant reason for postponements in my trial and the *Lacey* trial.

7. It is my understanding that part of the reason for the adjournments of the *Lacey* trial was a result of the COVID-19 pandemic.

8. I am advised that counsel for the various defendants in *United States v. Lacey* requested that the trial begin in September, 2021. Mr. Cambria has indicated that one of the reasons for the sought-after trial date was so that he would be able to participate in my trial. However, I was also advised that the trial court in *United States v. Lacey* scheduled the trial to begin on August 23, 2021 instead of the requested trial date.

9. Your deponent has retained as counsel, Mr. Cambria, Herbert L. Greenman and Justin Ginter to try my case.

10. Previously, Mr. Cambria has indicated that he believed that he would be able to be part of my trial team, assisting in the preparation for the trial and participating in the trial as well. However, he has advised that in light of the current scheduling conflict, he would otherwise be unable to try my case.

11. However, for a number of reasons, including his need for trial preparation in the *Lacey* indictment and the complicated nature of the trial, he would be unable to participate in the preparation of the trial in my case.

12. Mr. Cambria has spent a significant amount of time on my case.

13. On April 16, 2021 the government filed its opposition to my counsel's request for a new date. The government correctly indicates that this case is not new.

14. I was indicted in November 2015. I believe that some of the delay in bringing this matter to trial was caused by the government.

15. The government, in urging that this matter go forward in June, 2021, has stated that two witnesses have passed away. However, I believe that one of the witnesses passed away before the first indictment was returned. The government without clarity has indicated "that other witnesses' memories have surely faded".

16. That statement, of course, is speculative and is made without any basis.

17. Likewise, without any degree of specificity, the government has claimed that the loss of two witnesses has, in some way, prejudiced the government.

18. One of the deceased was my father, an attorney who practiced in this district for a very lengthy period of time. Earlier the government sought a conditional examination but their request was denied. However, the government did not renew its request.

19. Rather than being valuable for the government, I believe that my father's testimony would have been strongly exculpatory to my defense.

20. The second witness who passed away was my former business partner. I had substantial reason to believe that in the end, his testimony would have been exculpatory to me. That position is based in part on sworn testimony he previously gave. In fact, the government has advised that it will oppose the witness' prior testimony from being admitted at my trial.

21. The government utilizes the fact that now two witnesses have passed away in an attempt to deprive me of my right to a retained counsel of my choice.

22. The government always had a remedy but did not fully pursue any type of conditional examination of either of the witnesses.

23. I believe that the government's investigation began in sometime 2011 or 2012 or earlier. However, for reasons that I am not aware the government chose not to seek an indictment against me until November 20, 2015. The government, at the arraignment, agreed that the case

was complex and the magistrate judge granted the request to exclude time.

24. Approximately 2 ½ years later when the trial was approaching, the government sought a Superseding Indictment in May 2018.

25. The new indictment was significantly different from the previous indictment. In fact, two of the victims as alleged in the initial indictment were dropped from the allegations in the Superseding Indictment.

26. One of those witnesses was indicted in the Eastern District of New York and was subsequently convicted. She was sentenced to a significant period of incarceration.

27. Following the filing of the Superseding Indictment, Senior United States District Judge Richard J. Arcara scheduled a trial date to commence on May 19, 2020. I believe that the trial would likely have gone forward but for the fact that trials were postponed as a result of the Covid-19 pandemic.

28. While the government sought a trial date in November 2020, that date obviously could not be met as a result of the continuing pandemic.

29. I have never wanted to cause any of the previous delay of my trial. In fact, my life was on hold for a substantial period of time.

30. However, I have always felt that it was in my best interest to have the three trial attorneys mentioned above present and able to conduct my defense.

31. The government's assertions that this trial would be completed in time for Mr. Cambria to assist in the preparation and trial of my case is misplaced. As Mr. Cambria has himself indicated, if my trial commenced in June 2020, it would not give him the time to prepare for both trials. As well, if my case were actually completed as suggested by the government in mid-July, Mr. Cambria has indicated he would not have the ability to prepare for my trial.

32. There is no reason to disbelieve what Mr. Cambria has indicated and I ask the Court to accept his sworn assertions.

33. The government's own suggestions in an e-mail dated April 15, 2021 that they would likely call between 40 and 50 witnesses would have to lead to the conclusion that, at best, my trial would not end until the end of July or early August. That certainly would not give Mr. Cambria time to prepare for the Lacey defense.

34. The government's assertions, as well, that they assume that I do not intend to "present a defense," is totally incorrect and untrue. In fact, we intend to prepare a vigorous defense. We expect to call witnesses during the defense case which will cause the trial to extend beyond the mid July estimate given by the government.

35. As well, it is my belief that the defense will call numerous witnesses. However, because the government has not provided the defense with its own witness list, it is difficult to say how many witnesses may overlap.

36. Likewise, the government has still not provided to the defense *Jencks* material. We have received the grand jury testimony of one witness but we believe that was provided as *Brady* Material. My attorneys believe there will be additional *Jencks* material to be supplied in the future.

37. Mr. Cambria's role in assisting in preparation of trying this case is not, in any way, minimal. The government's argument that I will not suffer any prejudice because of his absence is simply untrue. The government's position that "a defendant's right to counsel of his choice must, in certain circumstances, give weight to the need for fair and efficient administration of justice," is, in these circumstances, far-fetched.

38. Unlike the Court's statement in *United States v. Scopo*, 861 F2d 339, 344 (2d Cir., 1988), I will not have the opportunity to retain other counsel who would be able to substitute for

Mr. Cambria.

39. Simply put, the government's argument that an additional adjournment of my trial would, in any way, jeopardize the "fair and efficient administration of justice," is inaccurate and should not apply to the circumstances of my case.

40. In fact, the need for my entire defense team, in and of itself, would only lead to the "fair and efficient administration of justice," for me.

41. The fact that two of my three retained attorneys are "highly respected," does not meet my needs to have the efficient and fully skilled representation of Mr. Cambria. Dismissing one-third of my trial team, I believe, would cause great harm to my defense.

42. All of the attorneys whom I had previously retained are essential to my defense. The government likely has virtually unlimited resources to prosecute this case. I do not. I only had the resources to retain my trial team and I am hopeful that all three of the attorneys will be able to try the case on my behalf. Without them, I believe that I will be substantially prejudiced.

43. In this case, the government has the full assistance of the Federal Bureau of Investigations and the Internal Revenue Service and their case agents. To my knowledge, they have been assigned to assist the government in this case. In the end, I believe that the government's position that Mr. Cambria's loss from my trial team would not cause any "cognizable harm," is simply untrue and ignores the need for his participation.

44. Mr. Cambria has performed a substantial amount of work in this case. It is necessary that he be present and able to try the case. Adjourning the trial as requested will permit his presence and his participation.

45. It is my belief that the government will not suffer any severe prejudice from the adjournment we are requesting so that Mr. Cambria may be allowed to participate in my defense.

My right to counsel, it is my understanding, outweighs any alleged prejudice which the government would suffer. I believe that in balancing the equities, a delay of my trial as opposed to being deprived of my right to the full participation of my defense-team weighs in favor of my counsel's request for an adjournment.

46. My attorneys have all advised me that they would be able to be ready for trial on January 15, 2022 or thereafter at the convenience of the Court.

47. I am fully willing to waive any further speedy trial time and agree that the speedy trial time would be excluded through the time of the next scheduled date for the commencement of my trial.

48. Covid-19 has caused many unforeseen consequences. It has caused difficulties in court scheduling. Unfortunately, it is causing difficulty in scheduling trials. It is no one's fault. Nevertheless is its putting me in a difficult risk of not having an attorney of my choice present with me both in preparation for and his presence with me at my trial. I respectfully urge this court to allow me to try the case with counsel of my choosing.

WHEREFORE, I respectfully pray that this Court grant my counsel's request for an adjournment of my trial.

Respectfully submitted,

FRANK PARLATO

Affirmed under the
Penalty of Perjury

DATED: April 19, 2021
Buffalo, New York