UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

**DECISION AND ORDER**
15-CR-149-A

FRANK R. PARLATO, Jr.,
and CHITRA SELVRAJ,

                Defendants.

---

    The defendant, Frank R. Parlato, Jr., has moved to adjourn his June 8, 2021 trial for approximately six months. One of defendant Parlato's retained counsel has a trial scheduling conflict that precludes him from further participating in the defendant's case until another complex and lengthy federal criminal trial in the District of Arizona is completed. The scheduling conflict is primarily due to the unprecedented backlog of trial-ready criminal cases caused by the COVID-19 public health emergency.

    The United States opposes the motion to adjourn the June 8, 2021 trial on the ground that the adjournment is unnecessary and because Sixth Amendment speedy trial interests favor proceeding as scheduled. It argues that defense counsel's trial scheduling conflict does not really preclude him from continuing in his role as secondary counsel in this case, and that defendant's other two well-respected counsel are more than competent enough to handle the trial. Given that a Superseding Indictment was returned approximately three years ago and that this

case has been trial ready for approximately two years without any effort by defendant's secondary counsel to adjourn his District of Arizona trial in favor of this one, it argues that it is past the time for jury selection and trial.

The Court heard oral argument on April 28, 2021. At the time, the Court informed the parties that it was leaning toward denying defendant Parlato's motion to adjourn the June 8, 2021 trial. However, for the reasons that are stated below, the Court grants the motion to adjourn.

## BACKGROUND

Defendant Parlato is charged in an eighteen-count Superseding Indictment with wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1957, and conspiracy in violation of 18 U.S.C. § 371 (conspiracy to commit wire fraud conspiracy and a *Klein*[1] conspiracy involving obstruction of the lawful functions of the Internal Revenue Service of the Treasury Department "IRS"). Dkt. No. 118. The charges arise from relatively complex evidence of financial transactions related to an office building located at 360 Rainbow Boulevard, Niagara Falls, New York, known as the One Niagara Building. The two defendants, one of whom is defendant Parlato, allegedly (a) used shell entities and bank accounts in the names of the shell entities to conceal money from creditors and potential creditors, (b) used special lawyer trust bank accounts to conceal money from creditors and potential creditors, and (c) did the same to obstruct the IRS.  The

---

[1] *United States v. Klein,* 247 F.2d 908, 921 (2d Cir. 1957).

Court assumes the parties' familiarity with the lengthy prior proceedings in the case and the issues raised by the parties.

## DISCUSSION

The Court has broad discretion over defendant Parlato's motion to adjourn. The Supreme Court has stated:

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.

*Morris v. Slappy,* 461 U.S. 1, 11 (1983).

In this case, the defendant's motion to adjourn his trial rests on his Sixth Amendment right to counsel of his choice. Dkt. Nos. 218, 220. In *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006), a case neither party brings to the Court's attention, the Supreme Court concluded that denial of a defendant's preferred counsel's motions to appear in the case was a denial of the defendant's Sixth Amendment right to counsel of his choice. *Id.* at 142-43, 152. *Gonzalez-Lopez* announced that a violation of a defendant's right to counsel of choice is a *per se* structural error that is not subject to harmless error review on appeal. *Id.* A trial court's violation of the constitutional right to counsel of choice therefore results in automatic reversal.

3

*Gonzalez-Lopez* is particularly significant here because it explicitly reaffirmed "a trial court's wide latitude in balancing the right to counsel of choice against the demands of its calendar." *Id.* at 152 (citing *Wheat v. United States,* 486 U.S. 153, 163-64 (1988)). And since *Gonzalez-Lopez* was decided in 2006, the Second Circuit has repeatedly given substantial deference to trial judges' scheduling rulings that significantly impinge on a defendant's right to counsel of choice. *See e.g., United States v. Griffiths,* 750 F.3d 237, 241-42 (2d Cir. 2014); *United States v. Konstantin,* 280 Fed. App'x 54, 55 (2d Cir. 2008) (non-precedential Summary Order). It is therefore well settled that requiring a defendant to go to trial without the defendant's counsel of choice remains within a trial court's *sound* discretion. There should be no doubt that unavailability of a defendant's counsel of choice does not dictate a federal court's criminal trial schedule.

However, neither defendant Parlato nor the United States has addressed whether the Sixth Amendment right to counsel of choice extends to secondary counsel where, as in this case, a defendant's lead counsel remains available and capable. The United States assumes, without analysis, that it does not. The defendant assumes it does. Similarly, neither party has considered how to weigh the extent that such a constitutional right -- assuming it exists -- can lawfully be impinged upon when balanced against the demands of a trial court's calendar and the public's interest in the timely disposition of a criminal case.

It appears that the Second Circuit has never extensively examined a Sixth Amendment right to counsel of choice as to secondary counsel, although it has ruled as if a constitutional right to secondary counsel exists. *Lainfiesta v. Artuz,* 253 F.3d

4

151, 155 (2d Cir. 2001). At least two other Circuits have concluded that the Sixth Amendment extends a defendant's choice-of-counsel right to more than one retained attorney. No Circuit Court ruling that the Court has located restricts the choice-of-counsel right to a single attorney[2].

In *United States v. Laura,* 607 F.2d 52, 57 (3d Cir. 1979) , the defendant's lead counsel was assisted by local counsel. Due to a possible conflict of interest on the part of the local counsel, the district court dismissed local counsel. *Id.* at 54-55. The Third Circuit held that this dismissal -- a summary disqualification of one the defendant's two attorneys -- directly implicated the defendant's right to counsel of choice. The defendant had hired "a defense team composed of two attorneys who may have served distinct and important functions on her behalf." *Id.* at 58. If the defendant wanted to keep both of those attorneys to represent her, the Third Circuit observed, "[t]hat choice is hers to make and not the court's, unless some appropriate justification for the dismissal is provided." *Id.* at 58.

More recently, in *Rodriguez v. Chandler,* 492 F.3d 863 (7th Cir. 2007), the Seventh Circuit stated, based partly upon the circumstances of *Gonzalez-Lopez,* that a criminal defendant may suffer an even *greater* Sixth Amendment injury if "[he] thought that having two lawyers would help (they could share the work, and two sets of ideas may be better than one) but ended up represented at trial by just one." *Id.* at 864. The point is not just that two or three attorneys may be better than one. *See*

---

[2] *Gonzalez-Lopez* involved a district court's erroneous pretrial disqualification of one of two defense attorneys. 548 U.S. at 142. The Supreme Court explicitly rejected the United States' argument that a violation of the Sixth Amendment right to counsel of choice occurred only if trial counsel was constitutionally ineffective. *Id.* at 144-46. It is therefore highly doubtful any court will validly find that a defendant lacks a Sixth Amendment right to choice of counsel in secondary counsel.

*Rodriguez v. Montgomery,* 594 F.3d 548, 551 (7th Cir. 2010). The point is, and this Court agrees with the Third and Seventh Circuits on this, that a defendant may well suffer from a Sixth Amendment choice-of-counsel violation even when the defendant has other capable, and even highly-respected, retained counsel in the roles of lead and secondary counsel at trial.

Accordingly, the issue before the Court is not simply whether defendant Parlato's other two attorneys, who are indeed "experienced, skilled, and highly respected," Dkt. No. 219, p. 4, will provide the defendant with constitutionally effective assistance of counsel if his trial proceeds as scheduled on June 8, 2021. *See* Dkt. No. 219, p. 5 (citing *United States v. Chronic,* 466 U.S. 648 (1984), a case involving the constitutional effectiveness of assigned counsel, not the constitutional right to counsel of choice)[3]. Instead, the Court must give due weight to the duly considered and constitutionally protected choice of the defendant to proceed with one of the attorneys he has retained.

As mentioned above, the evidence in this case is relatively complex, as it involves alleged concealment of fraudulent commercial real estate-related financial transactions through shell-entity bank accounts and through special lawyer trust bank accounts. The United States expects to call more than 40 witnesses. It appears the United States has produced approximately 100,000 pages of documents during pretrial discovery, and that does not include *Jencks* Act material[4].

---

[3] An indigent defendant has no right to counsel of choice. *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A] defendant may not insist on representation by an attorney he cannot afford.").

[4] *Jencks* Act material is prior statements of witnesses that relate to the subject matter of the witnesses' testimony. 18 U.S.C. § 3500.

7

The defendant expects to put on a case, and it appears he may put on an advice-of-counsel defense. The trial will last, in the Court's best estimate, at least eight weeks, putting it into the first week of August 2021.

Although defendant Parlato's secondary counsel will be in an assisting role during the trial, he is apparently an essential member of the defense team who would be present in Court throughout the trial. Dkt. Nos. 218, 220. He has already devoted substantial time to preparing for the defendant's trial and is now unable to participate further until completion of another client's complex and lengthy trial, which is scheduled to begin in the District of Arizona on August 23, 2021, and to continue from day to day until approximately mid-November 2021. *Id.* The defendant regards each of his team of three retained counsel as unreplaceable, Dkt. No. 220, ¶¶ 30, 37, 40-42, and the Court acknowledges his Sixth Amendment right to proceed with all three. The Court must balance the defendant's choice of counsel against the parties' and the public's Sixth Amendment speedy trial rights[5] and the requirements of the Court's trial docket.

The Sixth Amendment Speedy Trial Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. It implements the presumption of innocence by helping to "prevent undue and oppressive imprisonment prior to trial, minimize anxiety and concern accompanying public accusation[,] and . . . limiting the possibilities that long

---

[5] Based on the proceedings on this motion to adjourn, the Court finds that both defendants waive their statutory rights to a speedy trial under 18 U.S.C. § 3161 for approximately the next six months through the proposed adjourned date of the trial in January of 2022.

delay will impair the ability of an accused to defend himself." *Betterman v. Montana*, 136 S. Ct. 1609, 1614 (2016) (quoting *United States v. Marion,* 404 U.S. 307, 320 (1971) (citation omitted)).

The Sixth Amendment Speedy Trial Clause "protects *both* the accused's interest in 'decent and fair procedures' and the public's interest in a speedy adjudicative system." *United States v. Moreno,* 789 F.3d 72, 78 (2d Cir. 2015) (emphasis added; quoting *Barker,* 407 U.S. at 519). Even as the defendant seeks to delay his trial, he complains of prior delay that he attributes to the United States. Dkt. No. 220, ¶¶ 13-14. His complaint shows that the defendant is elevating his choice-of-counsel right to a priority above his speedy trial right. *See generally Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). Accordingly, it is the public's interest in a speedy trial, not the defendant's, that weighs most heavily in the context of the defendant's motion to adjourn the trial.

Reasonably prompt dispositions of criminal charges as required by the Sixth Amendment serve the public interests of minimizing the risk of loss or destruction of probative evidence and of preserving the deterrent effect of sentencing. *See United States v. Berl,* 814 F.3d 70, 83 (2d Cir. 2016) (construing the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* and citing *Barker,* 407 U.S. at 519). The United States presses for trial on June 8th, in part, by noting that the Superseding Indictment was returned nearly three years ago. It does not stress the potential for spoilage of evidence or of diminished deterrence, however[6].

---

[6] The United States mentions generally that witnesses· memories can be expected to fade if the trial is adjourned.

Indeed, the need for a trial is potentially even more pressing than the United States acknowledges by reference to the date of the return of the Second Superseding Indictment. The government notes in passing that this case was first indicted in November of 2015, almost five and a half years ago. Sixth Amendment speedy trial time started to run when the Indictment was returned, not when the Superseding Indictment was returned. *United States v. Black,* 918 F.3d 243, 254-60 (2d Cir. 2019); *compare* Dkt. No. 1, Counts 3-19, *with* Dkt. No. 118. After five and half years, the public's interest in a speedy trial is substantial, which is the primary reason the Court preliminarily concluded it would likely deny defendant Parlato's motion to adjourn his trial.

    However, although it is true that witnesses' memories may further fade during an adjournment of the trial, the Court finds that prejudice to the government's interests and the public's interests due to the adjournment do not alone outweigh the defendant's right to his choice of counsel. It is important to note that, as far as the Court has been made aware, no individual victims' interests are implicated by the proposed adjournment.

    In addition to defendant Parlato's Sixth Amendment choice-of-counsel right, the Court has also weighed his contention that his motion to adjourn the trial should be granted because his counsel's trial conflict is due entirely to the backlog of criminal trials caused by the COVID-19 pandemic. The Court agrees that neither party is at fault for the trial scheduling conflict that has arisen and finds it troubling

that the defendant could lose essential secondary counsel because of this backlog[7]. The backlog is not due to a lack of diligence by counsel or the courts.

After balancing defendant Parlato's Sixth Amendment right to his choice of secondary counsel against the urgent need for a trial and the demands on the Court's docket that favor the June 8, 2021 trial date, the Court grants the defendant's motion to adjourn the trial. The defendant's choice of counsel reflects his careful assessment of his best interests and his choice is entitled to deference under the Sixth Amendment.

The Court's decision to grant defendant's motion to adjourn his trial is a very close call because the case has been pending for more than five years. The public interest in a timely trial is obviously strong, *see United States v. Black,* 918 F.3d 243 (2d Cir. 2019), but the case is a relatively complex one and the COVID-19 pandemic has resulted in a severe, nationwide backlog of trials. Despite having been involved in the defense of the case since it was charged, secondary counsel is totally unavailable until approximately mid-November 2021. The potential loss to the defendant is far from merely technical infringement of his right to counsel of his choosing. It would certainly be different if the case involved simple drug or firearms offenses.

In summary, the Court finds that the harm to the public interest due to the additional delay of the defendant's trial, together with the prejudice to the

---

[7] It appears that criminal trials in the District of Arizona were stayed due to the public health risks of COVID-19 from approximately March 13, 2020 through June 1, 2020, and then proceeded on a limited basis until November 19, 2020, when they were stayed again through March 1, 2021.  Criminal trials in this District were similarly stayed from March 18, 2020, through July 15, 2020, and proceeded on a limited basis until December 8, 2020, when they were stayed again through April 23, 2021.

government's interests, and the myriad legitimate demands of the Court's trial docket, do not in these unique circumstances outweigh the Sixth Amendment interests of the defendant in proceeding to trial with his counsel of choice. The June 8, 2021 jury selection and trial are therefore adjourned.

## CONCLUSION

For the foregoing reasons, the motion of defendant Frank R. Parlato, Jr., to adjourn the June 8, 2021 trial date, Dkt. No. 218, is granted. The parties shall appear for a status conference on June 11, 2021, at 9:00 a.m.[8] Meanwhile, counsel for defendant Parlato shall promptly inform the Court and counsel for the United States if counsel's District of Arizona trial schedule changes.

**IT IS SO ORDERED.**

s/Richard J. Arcara<br>
HONORABLE RICHARD J. ARCARA<br>
UNITED STATES DISTRICT COURT

Dated: May 10, 2021

---

[8] The Court entered a Text Order on May 4, 2021, Dkt. No. 228, adjourning the trial, indicating that this Decision and Order would follow, scheduling the June 11, 2021, status conference, and excluding Speedy Trial Act time through the date of the status conference pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(4).