IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   v.               15-CR-149-A

FRANK R. PARLATO, JR., and
CHITRA SELVARAJ

      Defendants.

---

## GOVERNMENT'S PROPOSED JURY INSTRUCTION ON USE OF RULE 404(b) EVIDENCE

  In a June 11, 2021 text order, the Court tabled the government's motion to admit evidence of the defendants' history of tax non-payment "until the motion can be assessed in the fuller context of the evidence and possible defenses, including the advice of counsel defense." Dkt. 235. The Court also directed the government to "file a proposed cautionary instruction for such an item of evidence admitted as other act evidence pursuant to Fed. R. Evid. 404(b)." *Id.* The government's proposed instruction, which is based on Instruction 2.23 from the *Third Circuit Pattern Jury Instructions*, is offered below:[1]

---

[1] The government maintains, and reserves its right to argue, that evidence of the defendants' history of tax-nonpayment is properly admitted as intrinsically intertwined evidence. *See* Dkt. 195 at 3-5.

Ladies and gentlemen, you have heard testimony that the defendants failed to file their personal income tax returns during the course of the alleged conspiracy and in several years predating the alleged conspiracy. This evidence was admitted only for a limited purpose. If you determine that the defendants committed the acts charged and the superseding indictment, and if you determine that they also failed to file their personal tax returns, then you may, but you need not, draw an inference that in doing the acts charged in the superseding indictment, the defendants acted with the necessary intent, and not for some innocent reason.

Specifically, you may consider evidence of the defendants' failure to file their personal tax returns only for the purpose of deciding whether the defendants knowingly and willfully entered into a conspiracy to defraud the United States by obstructing and interfering with the IRS' ability to ascertain, compute, assess, and collect taxes on revenue generated by the One Niagara Building. In other words, you may consider this evidence to help you decide whether the defendants engaged in the activities alleged in the superseding indictment with the intent of hiding the One Niagara Building's revenue from the IRS, and not for some other reason.

The defendants are not on trial failing to file their personal tax returns. You may not consider the defendants' failure to file their personal tax returns as a substitute for proof that the defendants committed the crimes charged in the superseding indictment. You may not consider this evidence as proof that the defendants have a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that, because the defendants may have failed to file their personal tax returns, they must also have committed the acts charged in the superseding indictment.

Remember that the defendants are on trial only for the crimes charged in the superseding indictment, and for nothing else. Do not return a guilty verdict unless the government proves the crimes charged in the superseding indictment beyond a reasonable doubt.

DATED: Buffalo, New York, June 21, 2021.

JAMES P. KENNEDY, JR.
United States Attorney

BY: ***/s/ MICHAEL DIGIACOMO***  BY: ***/s/ CHARLES M. KRULY***
MICHAEL DIGIACOMO               CHARLES M. KRULY
Assistant U.S. Attorney         Assistant U.S. Attorney
United States Attorney's Office United States Attorney's Office
Western District of New York    Western District of New York
138 Delaware Avenue             138 Delaware Avenue
Buffalo, New York 14202         Buffalo, New York 14202
(716) 843-5885                  (716) 843-5816
Michael.DiGiacomo@usdoj.gov     Charles.Kruly@usdoj.gov