```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA,      )
                               ) Case No. 1:15-CR-00149
                               )             (RJA)(JJM)
               Plaintiff,      )
                               )
vs.                            ) December 22nd, 2021
                               ) 8:46 a.m.
FRANK R. PARLATO,              )
                               )
               Defendant.      )


              TRANSCRIPT OF STATUS CONFERENCE
         BEFORE THE HONORABLE RICHARD J. ARCARA
             SENIOR UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiff:    TRINI E. ROSS, ESQ.
                      UNITED STATES ATTORNEY
                      BY:  MICHAEL DIGIACOMO, ESQ.
                           CHARLES KRULY, ESQ.
                      ASSISTANT UNITED STATES ATTORNEYS
                      138 Delaware Avenue
                      Buffalo, NY 14202

For the Defendant:    LIPSITZ GREEN SCIME CAMBRIA LLP
                      BY:  JUSTIN GINTER, ESQ.
                           HERBERT GREENMAN, ESQ.
                      42 Delaware Avenue, Suite 300
                      Buffalo, NY 14202

Probation Officer:    BRIAN MAMIZUKA

Court Reporter:       MEGAN E. PELKA, RPR
                      Robert H. Jackson US Courthouse
                      2 Niagara Square
                      Buffalo, NY 14202
                      (716) 364-6449
```

```
08:46AM   1            THE CLERK:  Case 15-CR-149.  United States vs. Frank
08:46AM   2   Parlato.  Status conference.  Counsel, please state your name
08:46AM   3   and the party you represent for the record.
08:46AM   4            MR. DIGIACOMO:  Good morning, Your Honor.  Michael
08:46AM   5   DiGiacomo for the United States.
08:46AM   6            MR. GREENMAN:  Good morning, Your Honor.  Herb
08:46AM   7   Greenman, Judge, for Mr. Parlato.
08:46AM   8            THE COURT:  Good morning.  Have you seen the memo
08:46AM   9   from the probation office?
08:46AM  10            MR. GREENMAN:  I did, Your Honor.  I sent an email
08:46AM  11   over early this morning.
08:46AM  12            THE COURT:  I didn't see it.
08:46AM  13            MR. GREENMAN:  No, not to you, Judge.  I wouldn't
08:46AM  14   email you, Your Honor.  We don't have any major problems with
08:46AM  15   it, but if I can just address one or two very minor things, I
08:46AM  16   think we can agree to any modification of conditions.
08:47AM  17            THE COURT:  Do me a favor, if you feel comfortable --
08:47AM  18   if you don't feel comfortable, leave it on.
08:47AM  19            MR. GREENMAN:  Sorry.  I forgot.  I don't think we
08:47AM  20   have any major problems.  I emailed Mr. DiGiacomo and
08:47AM  21   Mr. Mamizuka this morning.  Just some small issues in terms of
08:47AM  22   the modifications that are recommended; other than that, we
08:47AM  23   probably will consent to them.
08:47AM  24            THE COURT:  What are they?
08:47AM  25            MR. GREENMAN:  Your Honor, as far as travel is
```

```
08:47AM   1    concerned, it's always been -- and there haven't really been
08:47AM   2    any problems that I'm aware of -- the travel would be on
08:47AM   3    consent with notice to the probation officer as opposed to
08:47AM   4    filing motions with the Court every time he travels, because
08:47AM   5    it's not easy.
08:47AM   6              MR. DIGIACOMO:  We don't have a problem with that
08:47AM   7    either, Your Honor.
08:47AM   8              THE COURT:  I don't have a problem with that.
08:47AM   9              MR. GREENMAN:  And the only other one, Your Honor, is
08:47AM   10   the anger management treatment.  I think that, for both anger
08:47AM   11   management and mental health, it's pretty much interconnected.
08:47AM   12   My understanding is that Probation's intention is that he be
08:47AM   13   evaluated through a program sent to him where he'll be sent
08:48AM   14   through the probation department and then if treatment is
08:48AM   15   necessary, then he will submit to treatment.  They have them a
08:48AM   16   little bit different from one and two.  I think --
08:48AM   17             THE COURT:  Which one are we talking about,
08:48AM   18   Mr. Greenman?
08:48AM   19             MR. GREENMAN:  Your Honor, conditions 1 and 2
08:48AM   20   recommended by the Probation Department, Mr. Mamizuka.
08:48AM   21             THE COURT:  Okay.
08:48AM   22             MR. GREENMAN:  The first one is no problem.  The
08:48AM   23   second one basically --
08:48AM   24             THE COURT:  What's the issue with that?
08:48AM   25             MR. GREENMAN:  It should read the same as the first,
```

08:48AM 1    evaluation and/or treatment as approved by probation.  That's
08:48AM 2    all.  It should be the same thing for each one.
08:48AM 3            P.O. MAMIZUKA:  Judge, they're separate treatment
08:48AM 4    facilities, Your Honor.  The anger management program is
08:48AM 5    separate than the traditional mental health evaluation and
08:48AM 6    treatment.  That's why we have them as separate conditions,
08:49AM 7    Your Honor.
08:49AM 8            MR. GREENMAN:  We don't have any problem with either
08:49AM 9    one of them, Judge.  It should read -- they're not the same.
08:49AM 10   They're not written the same.  The first one says mental
08:49AM 11   health evaluation and/or treatment.  The second one says anger
08:49AM 12   management treatment program.  I think it should read the same
08:49AM 13   for both; that the anger management should read evaluation
08:49AM 14   and/or treatment as approved, which would be the same thing as
08:49AM 15   the first one.  Not a major change, it's just a little bit
08:49AM 16   different.
08:49AM 17           MR. DIGIACOMO:  That's fine, Judge.
08:49AM 18           THE COURT:  That shouldn't be a problem.
08:49AM 19           P.O. MAMIZUKA:  Judge, I don't believe there is an
08:49AM 20   evaluation for the anger management program.  I believe it is
08:49AM 21   an eight-week program that you participate in which is
08:49AM 22   separate from the traditional mental health evaluation.
08:49AM 23           THE COURT:  Are we talking about the same thing here?
08:49AM 24           MR. GREENMAN:  I don't know how they do it down in
08:49AM 25   Florida or what they would do.  All we're asking for, Your

```
08:49AM   1   Honor, very simply, is that he submit to an evaluation for
08:49AM   2   both and if treatment is found to be necessary, he will submit
08:50AM   3   to treatment.
08:50AM   4            THE COURT:  That sounds reasonable to me.
08:50AM   5            MR. GREENMAN:  Thank you, Your Honor.  That's all we
08:50AM   6   really have as far as those are concerned.
08:50AM   7            THE COURT:  All right.  So you've gone over these
08:50AM   8   conditions with your client?
08:50AM   9            MR. GREENMAN:  I have, Your Honor.
08:50AM  10            THE COURT:  He understands them?
08:50AM  11            MR. GREENMAN:  He does, Your Honor.
08:50AM  12            THE COURT:  Any questions about them?
08:50AM  13            MR. GREENMAN:  I don't think he has any questions.
08:50AM  14            THE COURT:  All right.  He'll be released with those
08:50AM  15   conditions.
08:50AM  16            MR. DIGIACOMO:  Judge, if I can, I would just ask the
08:50AM  17   Court remind Mr. Parlato that he still, in addition to these
08:50AM  18   modified terms and conditions, that he is still subject to all
08:50AM  19   the terms and conditions as to the original release order that
08:50AM  20   dates back to 2020.
08:50AM  21            MR. GREENMAN:  That's fine.
08:50AM  22            THE COURT:  Good point.
08:50AM  23            MR. GREENMAN:  That's fine.  And I've gone through
08:50AM  24   those conditions again with him over the weekend, Your Honor.
08:50AM  25            THE COURT:  All right.
```

```
08:50AM   1              MR. DIGIACOMO:  And lastly, Judge, for the underlying
08:50AM   2   violation petition, because Mr. Parlato has to go for these
08:50AM   3   various evaluations and/or treatment, it's my suggestion that
08:50AM   4   we adjourn the underlying --
08:50AM   5              THE COURT:  It will be generally adjourned until the
08:50AM   6   next -- unless there's another violation.
08:51AM   7              MR. DIGIACOMO:  Correct.
08:51AM   8              THE COURT:  So those conditions are still in effect.
08:51AM   9              MR. DIGIACOMO:  Okay.
08:51AM  10              THE COURT:  Okay.  Thank you.  When is the next court
08:51AM  11   date?
08:51AM  12              MR. DIGIACOMO:  The next court date is January 26th
08:51AM  13   at 9:30 a.m. and that's a Zoom appearance.
08:51AM  14              THE COURT:  That will be a Zoom.  Okay.  All right.
08:51AM  15   Thank you.
08:51AM  16              MR. GREENMAN:  Thank you very much, Your Honor.
08:51AM  17   (Proceedings concluded at 8:51 a.m.)
         18
         19
         20
         21
         22
         23
         24
         25
```

1                    *     *     *     *     *     *     *

2

3              I certify that the foregoing is a

4         correct transcription of the proceedings

5         recorded by me in this matter.

6

7

8

9                                   s/ Megan E. Pelka, RPR

10                                  Official Court Reporter