IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.  15-CR-149-A

FRANK R. PARLATO, JR.,

Defendant.

## PLEA AGREEMENT

The defendant, FRANK R. PARLATO, JR., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Superseding Information which charges a violation of Title 26, United States Code, Sections 7203 and 6050I (willful failure to file returns involving cash transactions of more than $10,000), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $25,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant was engaged in a trade or business;

   b. In the course of the trade or business, the defendant received more than $10,000 in cash in one transaction or two or more related transactions;

   c. The defendant failed to make a return to the Internal Revenue Service with respect to such transaction or transactions, as required by the Internal Revenue Code; and

   d. The defendant acted willfully.

### FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. From approximately 2004 to 2017, in the Western District of New York, the defendant had an ownership interest in and/or managed real property known as the One Niagara Building in Niagara Falls, New York (hereinafter referred to as "One Niagara"). Following the defendant's acquisition of One Niagara,

2

       he permitted vendors to lease space both inside and outside the building. These vendors catered to tourists and sold food, souvenirs, and tours of Niagara Falls.

b. One Niagara's business was typically busy in the summer, when large numbers of tourists visited Niagara Falls. Thus, for each season that the defendant managed One Niagara, he negotiated new seasonal rental agreements with the building's vendors. These rental agreements typically required each vendor to pay the defendant 25% of the vendor's gross revenue as rent. The defendant, or one of his agents, typically collected rent from each vendor in cash.

c. The Internal Revenue Code required the defendant to file an IRS Form 8300 when, in the course of operating One Niagara, the defendant received annual cash rent payments in excess of $10,000 in one transaction or two or more related transactions. During the time period that he owned and/or managed One Niagara, the defendant willfully failed to file IRS Forms 8300 for annual cash rent payments he received from One Niagara's vendors which were in excess of $10,000.

d. By way of example, in or around 2008, Vendor 1, who operated a food stand, agreed to rent space at One Niagara in exchange for 25% of Vendor 1's gross sales. In 2010, Vendor 1 paid the defendant approximately $19,970 in rent. This rent was paid entirely in cash. The defendant's agents, acting at the defendant's direction, collected the cash rent on various unscheduled days throughout the summer. Although each individual partial rent payment was in an amount less than $10,000, in aggregate, Vendor 1 paid the defendant approximately $19,970 in rent in 2010. The defendant willfully failed to file an IRS Form 8300 with regard to his receipt of cash rent from Vendor 1 for the 2010 season.

e. As part of relevant conduct, the defendant admits that, from 2006 to 2017, he failed to report income he earned from managing One Niagara. The tax loss from the defendant's unreported income was approximately $390,346.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).



6. ~~Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be~~





~~determined as if the defendant was convicted~~ of a violation of Title 18, United States Code, ~~Section~~ 371. FP

## BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines §§ 2S1.3 and 2T1.9, and 2T4.1(G) apply to the offense of conviction and, based on a tax loss of $390,346, provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristic does apply:

   a. the 2 level increase pursuant to Guidelines § 2T1.1(b)(2) (sophisticated means).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 20.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 24 - 30 months, a fine of $10,000 to $25,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The defendant, however, reserves the right to recommend a sentence outside the Sentencing Guidelines range. The government agrees that it will not recommend a sentence greater than 24 months' imprisonment. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.   STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

17. By pleading guilty to the Superseding Information pursuant to this plea agreement, the defendant agrees that he has waived, and may not challenge—at sentencing, on direct appeal, or collateral attack—whether the charge contained in the Superseding Information is time barred by the statute of limitations.

## V. REMOVAL

18. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

19. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20. At sentencing, the government will move to dismiss the Superseding Indictment in this action as against the defendant.

## VII. RESTITUTION AND PAYMENT OF TAX LIABILITY

21. The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $184,939.51 pursuant to Title 18, United States Code, Section 3663(a)(3). The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court. The restitution amount has been calculated as follows:

| Tax Year | Amount |
| --- | --- |
| 2006 | $0 |
| 2007 | $0 |
| 2008 | $0 |
| 2009 | $0 |
| 2010 | $0 |
| 2011 | $0 |
| 2012 | $0 |
| 2013 | $0 |
| 2014 | $39,701 |
| 2015 | $31,623 |
| 2016 | $43,476 |
| 2017 | $14,932 |
| Interest and Penalties (2008, 2009 & 2010) | $55,207.51 |
| TOTAL | $184,939.51 |

22. The defendant agrees that $184,939.51 of the $407,250.23 United States currency seized from Key Bank account number XXXXXXXX0606 in the name of Frank R Parlato IOLA Fund Attorney Escrow Account/IOLA, which was seized by the government on August 27, 2015, will be turned over from the United States Marshals Service to the Clerk's Office for the Western District of New York and applied to the restitution judgment entered in this case.

23. The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's underlying conduct.

24. The defendant agrees to pay restitution by making payment as ordered by the Court in any restitution order entered pursuant to this plea agreement.

25. If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

26. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

27. The defendant agrees that the defendant will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution. The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

28. The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

29. The defendant agrees that the defendant is liable for the fraud penalty under 26 U.S.C. § 6663 or 26 U.S.C. § 6651(f) on the amount to be credited to tax set forth above. The defendant agrees to the immediate assessment of the fraud penalty on the amount to be credited to tax set forth above and agrees that, in order to enable the IRS to make an immediate assessment of the fraud penalty, any IRS forms the defendant agreed to sign as set forth above will include the appropriate amount of the fraud penalty. The defendant agrees not to challenge or dispute any criminal fraud penalties on the amount to be credited to tax set forth above.

30. The parties understand that the defendant will receive proper credit, consistent with the above, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

31. The defendant agrees that this agreement, and any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

32. The defendant understands that the defendant is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to the defendant's particular liability.

33. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

34. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provide for in 18 U.S.C § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

35. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

36. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

37. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance

bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

38.    The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines § 3E1.1.

## VIII.  APPEAL RIGHTS

39.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VII of this agreement.

40.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

41. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.   FORFEITURE PROVISIONS

42. The defendant acknowledges that the government has commenced a civil forfeiture action against $131,901.65 United States currency seized from Bank of America account number XXXXXXX8448 in the name of New York IOLA Trust Accounts, Frank R. Parlato Trustee; $460,986.32 United States currency seized from First Niagara Bank account number XXXXXX4836 in the name of Frank Parlato IOLA Fund of the State of New York; and $222,310.72 out of the $407,250.23 United States currency seized from Key Bank account number XXXXXXXX0606 in the name of Frank R Parlato IOLA Fund Attorney Escrow Account/IOLA, all seized by the government on August 27, 2015 (hereinafter referred to as the "defendant accounts"), under 22-CV-00601. As part of this plea agreement, the defendant agrees to the execution and filing of a civil agreement and agrees to civilly forfeit the defendant accounts to the government. The defendant agrees to execute any other documents the United States deems necessary to resolve the civil forfeiture action. In addition, as part of this plea agreement, the government will not seek forfeiture of the real property located at 29009 Geranium Drive, Big Pine Key, Florida, and more fully described in a deed filed and recorded in Official Records of the Clerk of the Court,

Monroe County, Florida on April 8, 2011, in Book 2512 at Page 563 or the real property located at 199 Tonawanda Creek Road, Amherst, New York.

43. It is expressly agreed and understood that the agreement for civil forfeiture is binding upon the defendant and survives any voiding of this plea agreement.

## X. CIVIL ACTION

44. Defendant waives and agrees not to assert in any civil lawsuit arising from the conduct which gave rise to the criminal charges that are the subject of this plea any defense based on the double jeopardy or excessive fines clauses of the Constitution.

44.a. The parties agree that, for tax years 2006-2013, the defendant paid approximately ~~$105,406.14~~ $260,614 out of the $390,346 stated in paragraph 4(e).

44.b. The parties agree that the only crime the defendant is pleading guilty to is a violation of 26 U.SC. §7203 and §6050I. The parties agree that the only charge to which the defendant is pleading guilty is a failure to file an IRS Form 8300, as set forth in the Superseding Information and factual basis, in 2010.

15

## XI. TOTAL AGREEMENT AND AFFIRMATIONS

45. This plea agreement represents the total agreement between the defendant, FRANK R. PARLATO, JR., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
CHARLES M. KRULY
Assistant United States Attorney

Dated: August 5, 2022

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Paul J. Cambria, Jr., Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
FRANK R. PARLATO, JR.
Defendant

Dated: August 5, 2022

_____
PAUL J. CAMBRIA, JR., ESQ.
Attorney for the Defendant

Dated: August 5, 2022

16