1
            **UNITED STATES DISTRICT COURT**
             **WESTERN DISTRICT OF NEW YORK**

2

3   UNITED STATES OF AMERICA,     )
                               ) Case No. 1:15-CR-00149

4                           )          (RJA)(JJM)
               Plaintiff,    )

5                           )
   vs.                    ) August 5th, 2022

6                           ) 9:04 a.m.
   FRANK R. PARLATO, JR.,     )

7                           )
              Defendant.    )

8

9                     **TRANSCRIPT OF PLEA**
       **BEFORE THE HONORABLE RICHARD J. ARCARA**

10           **SENIOR UNITED STATES DISTRICT JUDGE**

11   <u>APPEARANCES</u>:

12

13   For the Plaintiff:   TRINI E. ROSS, ESQ.
                       UNITED STATES ATTORNEY

14                         BY:  CHARLES M. KRULY, ESQ.
                      ASSISTANT UNITED STATES ATTORNEY

15                         138 Delaware Avenue
                      Buffalo, NY 14202

16   For the Defendant:   LIPSITZ GREEN SCIME CAMBRIA LLP
                      BY:  PAUL J. CAMBRIA, ESQ.

17                           HERBERT L. GREENMAN, ESQ.
                      42 Delaware Avenue, Suite 300

18                         Buffalo, NY 14202

19   Court Reporter:      MEGAN E. PELKA, RPR
                      Robert H. Jackson US Courthouse

20                         2 Niagara Square
                      Buffalo, NY 14202

21                         (716) 229-0880

22

23

24

25

| 09:04AM | 1 | THE CLERK:  This is case 15-CR-149 and 22-CV-601. |
| 09:04AM | 2 | United States v. Frank R. Parlato.  Change of plea.  Counsel, |
| 09:04AM | 3 | please state your name and the party you represent for the |
| 09:04AM | 4 | record. |
| 09:04AM | 5 | MR. KRULY:  Charles Kruly for the United States. |
| 09:04AM | 6 | Good morning, Your Honor. |
| 09:04AM | 7 | MR. GREENMAN:  Herb Greenman, Judge, and Paul Cambria |
| 09:04AM | 8 | on behalf of Mr. Parlato.  Good morning, Your Honor. |
| 09:05AM | 9 | THE COURT:  Good morning. |
| 09:05AM | 10 | MR. GREENMAN:  Judge, we are making a couple of last- |
| 09:05AM | 11 | minute changes.  We just need a few more minutes. |
| 09:05AM | 12 | THE COURT:  No problem.  I just realized two minutes |
| 09:05AM | 13 | ago or three minutes ago, that's why I'm a couple minutes |
| 09:05AM | 14 | late, This United States v. 131,000. |
| 09:05AM | 15 | MR. GREENMAN:  Right. |
| 09:05AM | 16 | THE COURT:  Currency?  And there's an -- involves, I |
| 09:05AM | 17 | guess, KeyBank? |
| 09:05AM | 18 | MR. KRULY:  Correct. |
| 09:05AM | 19 | THE COURT:  It involves Bank of America.  Well, my |
| 09:05AM | 20 | wife has a checking account at Bank of America.  I have my |
| 09:05AM | 21 | checking account at KeyBank.  And, you know, about six months |
| 09:05AM | 22 | ago, The Wall Street Journal did an article about judges |
| 09:05AM | 23 | having assets and having cases.  They have -- 138 judges were |
| 09:05AM | 24 | identified as having some interest, I guess.  And of the 138, |
| 09:06AM | 25 | I had two of them.  Two of them that I had was that I never |

| | | |
|---|---|---|
| 09:06AM | 1 | did a thing on either one of the two.  I guess the lawyers |
| 09:06AM | 2 | agreed to withdraw the complaints.  I signed the order |
| 09:06AM | 3 | withdrawing -- accepting the withdrawal.  That's all I did.  I |
| 09:06AM | 4 | think I spent somewhere between three seconds and five seconds |
| 09:06AM | 5 | on it.  I'm one of the 138 judges.  I thought I committed a |
| 09:06AM | 6 | mortal sin.  I thought I should be punished severely.  And I'm |
| 09:06AM | 7 | one of the 138 that was a bad judge for handling something I |
| 09:06AM | 8 | shouldn't have handled.  Well, judges are paranoid about this |
| 09:06AM | 9 | right now.  And I just got this assigned -- this other case |
| 09:06AM | 10 | was transferred to me. |
| 09:06AM | 11 | MR. GREENMAN:  Right. |
| 09:06AM | 12 | THE COURT:  I didn't know until this morning. |
| 09:07AM | 13 | MR. GREENMAN:  We actually have to file a claim for |
| 09:07AM | 14 | that money which we prepared. |
| 09:07AM | 15 | THE COURT:  Well, the question is, do I have a |
| 09:07AM | 16 | conflict? |
| 09:07AM | 17 | MR. GREENMAN:  Oh. |
| 09:07AM | 18 | THE COURT:  On the case that was -- because Judge |
| 09:07AM | 19 | Vilardo had the case, but I have a KeyBank account checking. |
| 09:07AM | 20 | MR. KRULY:  Judge, the government doesn't see any |
| 09:07AM | 21 | conflicts.  The accounts -- |
| 09:07AM | 22 | THE COURT:  I don't either, but I just got hit with |
| 09:07AM | 23 | this. |
| 09:07AM | 24 | MR. KRULY:  Right. |
| 09:07AM | 25 | THE COURT:  So, I just want to disclose everything. |

09:07AM  1    I'm trying to figure out -- my wife -- we have a list.  Every

09:07AM  2    day, I get a list of all the cases that I may have a conflict

09:07AM  3    with.  And, apparently, we -- I'm trying to figure out right

09:07AM  4    now what amount -- my wife may have some miniscule amount of

09:07AM  5    stock in, I guess, the Bank of America.

09:07AM  6              MR. KRULY:  Judge, these accounts are -- they're

09:07AM  7    solely holding money on behalf of third parties.  They're not

09:07AM  8    defendants.  They're not parties to the action.

09:08AM  9              THE COURT:  Just make sure that I can take a look at

09:08AM  10   this.  That's why I'm a couple minutes late.  I just got hit

09:08AM  11   with this a few minutes ago, because we get a list every day

09:08AM  12   from our stock broker.  I don't have any stock.  It's my wife.

09:08AM  13   And if you know how being married is, I don't have any idea

09:08AM  14   what my wife is doing with these stocks.

09:08AM  15       So -- but since it doesn't involve a defendant with a

09:08AM  16   name -- where my wife may have probably $50 worth of stock, I

09:08AM  17   don't know what it is, but I just want to give you a full

09:08AM  18   disclosure.  So, give me a couple of minutes so I can put on

09:08AM  19   the record exactly what my involvement would have been about

09:08AM  20   this civil case.

09:08AM  21              MR. GREENMAN:  No problem, Judge.  And for the

09:08AM  22   record, Judge --

09:08AM  23              THE COURT:  And you got to make some changes.

09:08AM  24              MR. GREENMAN:  Yeah.  Mr. Parlato, Judge, would waive

09:08AM  25   any potential conflict.  We don't even believe there is any

09:08AM  1   conflict.  We understand if you want to look at it.  Judge, my

09:08AM  2   only other problem, I've got to be in another court at 10

09:08AM  3   o'clock this morning.

09:09AM  4        THE COURT:  If necessary, I'll call him.  This is a

09:09AM  5   superseding information?

09:09AM  6        MR. KRULY:  That's correct, Your Honor.

09:09AM  7        THE COURT:  Okay.  All right.  I took at look at it a

09:09AM  8   few minutes ago.  It doesn't seem to be any issues that I'm

09:09AM  9   aware of.  I guess you've got to exclude some paragraph,

09:09AM  10  paragraph 6.

09:48AM  11  (A recess was taken from 9:09 a.m. to 9:48 a.m.)

09:48AM  12       THE CLERK:  All rise.

09:48AM  13       THE COURT:  Well, I have done my investigation

09:48AM  14  about -- and this only involves the United States v. $131,901

09:48AM  15  case, that my wife owns some stock in Bank of America.  My

09:48AM  16  wife has an account with KeyBank, and I have an account,

09:49AM  17  checking account, with KeyBank.  That's it.

09:49AM  18       MR. KRULY:  The government sees no issue.

09:49AM  19       THE COURT:  Mr. Greenman?

09:49AM  20       MR. GREENMAN:  So do I, Your Honor.  It doesn't have

09:49AM  21  very much in it, but I have one also, but we have no

09:49AM  22  objection, Your Honor.

09:49AM  23       THE COURT:  All right.  I don't know what more full

09:49AM  24  disclosure -- I mean, I don't want to get into how big it is.

09:49AM  25  It's not that -- it's -- I'm learning this right now.  I

09:49AM  1  didn't even know I had this, but it only involves that.  And

09:49AM  2  no one has any objection to proceeding?

09:49AM  3          MR. KRULY:  No, Your Honor.

09:49AM  4          MR. GREENMAN:  Correct, Your Honor.

09:49AM  5          THE COURT:  Okay.  SO, where are we now as far as the

09:49AM  6  plea?

09:49AM  7          MR. GREENMAN:  We're prepared to proceed, Your Honor.

09:49AM  8          THE COURT:  Okay.  As -- I noticed that I have the

09:49AM  9  original in front of me.  I note that there's been --

09:49AM 10  paragraph 6 has been eliminated and it's initialed by the

09:49AM 11  parties.  Are there any other changes?

09:49AM 12          MR. GREENMAN:  There are changes at the back, Your

09:49AM 13  Honor.

09:49AM 14          THE COURT:  In the facts?

09:50AM 15          MR. GREENMAN:  Right after.

09:50AM 16          THE COURT:  I don't have a copy of the charges.

09:50AM 17          MR. GREENMAN:  At the least page, 15, Your Honor, it

09:50AM 18  has his signature block and his initials.

09:50AM 19          THE COURT:  Okay.  We'll go through it.  And it's

09:50AM 20  been initialled and reviewed by Mr. Parlato?

09:50AM 21          MR. GREENMAN:  It has been, Your Honor.

09:50AM 22          THE COURT:  Okay.  Are we ready to proceed?

09:50AM 23          MR. GREENMAN:  All ready.  We talked to Judge

09:50AM 24  Boller's office and there's no problem.  They've got a very

09:50AM 25  busy calendar, so if we got over there 11, 11:30.

| | | |
|---|---|---|
| 09:50AM | 1 | THE COURT:  Why don't we start off, Mr. Kruly? |
| 09:50AM | 2 | MR. KRULY:  Judge, it's my understanding that we're |
| 09:50AM | 3 | here because the defendant wishes to enter a change of plea |
| 09:51AM | 4 | and plead guilty to a superseding information. |
| 09:51AM | 5 | THE COURT:  That's your understanding, Mr. Greenman? |
| 09:51AM | 6 | MR. GREENMAN:  That's correct, Your Honor. |
| 09:51AM | 7 | THE COURT:  Would you please administer the oath to |
| 09:51AM | 8 | Mr. Parlato? |
| 09:51AM | 9 | (The defendant was sworn at 9:51 a.m.) |
| 09:51AM | 10 | THE COURT:  Mr. Parlato, you are now under oath, sir. |
| 09:51AM | 11 | And being under oath during the course of these proceedings, |
| 09:51AM | 12 | I'll be asking you a number of questions.  You'll have to |
| 09:51AM | 13 | answers those questions honestly and truthfully.  If you were |
| 09:51AM | 14 | to give me any false answer or make any false statement, that |
| 09:51AM | 15 | statement may be used against you in a further prosecution |
| 09:51AM | 16 | brought by the government on a charge of perjury or making a |
| 09:51AM | 17 | false statement while under oath.  Do you understand that, |
| 09:51AM | 18 | sir? |
| 09:51AM | 19 | THE DEFENDANT:  Yes, I do. |
| 09:51AM | 20 | THE COURT:  It's also very important that you |
| 09:51AM | 21 | understand what your rights are.  If at any time during the |
| 09:51AM | 22 | course of these proceedings, there's something you don't |
| 09:52AM | 23 | understand, you want to ask me a question, you want to consult |
| 09:52AM | 24 | with your attorney, you want something more fully explained to |
| 09:52AM | 25 | you, you're free to do so.  You're encouraged to do so.  It's |

09:52AM  1   not important we get this over as quickly as possible.  We

09:52AM  2   have all day.  And I know Mr. Greenman has other appointments.

09:52AM  3   We will have as much time as you need to make sure that you

09:52AM  4   fully understand what your rights are.  Do you understand

09:52AM  5   that?

09:52AM  6           THE DEFENDANT:  Yes, I do.  Thank you.

09:52AM  7           THE COURT:  Now, it's my understanding you're here to

09:52AM  8   waive indictment and to plead guilty under the terms and

09:52AM  9   conditions of the plea agreement.  Would you please read the

09:52AM  10  superseding information, Mr. Kruly?

09:52AM  11          MR. KRULY:  Yes, Judge.  The superseding information

09:52AM  12  reads, Count 1.

09:52AM  13     The United States Attorney charges that, paragraph 1.

09:52AM  14  During the calendar year 2010, in the Western District of New

09:52AM  15  York, the defendant, Frank R. Parlato, Jr., managed the One

09:52AM  16  Niagara building and Torres Services, Incorporated, businesses

09:52AM  17  located in Niagara Falls, New York, and engaged in trade and

09:52AM  18  business as a manager of a tourism center.

09:53AM  19     From on or about April 10th, 2010, until on or about July

09:53AM  20  31st, 2010, the defendant, in connection with a series of

09:53AM  21  transactions relating to the collection of rent in the Summer

09:53AM  22  2010 season, did receive $19,970 in cash from Vendor 1, whose

09:53AM  23  identity is known to the United States Attorney, as Vendor 1's

09:53AM  24  rent payment for the Summer 2010 season.

09:53AM  25     Paragraph 2.  By virtue of his receipt of $19,970 between

09:53AM   1   on or about April 10th, 2010 and July 31st, 2010, the

09:53AM   2   defendant was required by law pursuant to Title 26, United

09:53AM   3   States Code, Section 6050(i), and Treasury Regulation Section

09:53AM   4   1.6050i-1 (26 CFR) to file with the Internal Revenue Service

09:53AM   5   within 15 days of his receipt of cash exceeding $10,000, a

09:53AM   6   return on IRS Form 8300 in the manner and form stated thereon

09:54AM   7   stating, among other things, the name, address, and taxpayer

09:54AM   8   identification number of the person from whom he received the

09:54AM   9   cash, the amount of the cash received, and the date and nature

09:54AM   10  of the transaction.

09:54AM   11      Paragraph 3.  Well knowing all of the foregoing facts, the

09:54AM   12  defendant did willfully fail to file the required return with

09:54AM   13  the Internal Revenue Service, all in violation of Title 26,

09:54AM   14  United States Code, Sections 7203 and 6050(i) dated and signed

09:54AM   15  by me today.

09:54AM   16          THE COURT:  Do you understand this charge, sir?

09:54AM   17          THE DEFENDANT:  Yes, I do.

09:54AM   18          THE COURT:  Mr. Greenman, you've gone over this

09:54AM   19  charge with your client.  It's pretty straightforward.  Any

09:54AM   20  reason for me to go through any further explanation?

09:54AM   21          MR. GREENMAN:  I agree with that, Your Honor, and I

09:54AM   22  have spent time going over everything with him.

09:54AM   23          THE COURT:  All right.  And you also have reviewed

09:54AM   24  with Mr. Parlato the waiver of indictment, his rights in that

09:54AM   25  regard?

09:54AM  1          MR. GREENMAN:  I have, Your Honor.

09:54AM  2          THE COURT:  And the terms and conditions of the plea

09:55AM  3  agreement?

09:55AM  4          MR. GREENMAN:  I have, Your Honor.

09:55AM  5          THE COURT:  And his rights under Rule 11, right to a

09:55AM  6  trial, et cetera?

09:55AM  7          MR. GREENMAN:  I have done that, Your Honor.

09:55AM  8          THE COURT:  Now, Mr. Parlato, you have discussed this

09:55AM  9  whole matter with your attorneys.  They've explained to you

09:55AM  10  what your legal rights are, what your legal options are.  You

09:55AM  11  probably didn't like to hear what they had to tell you, but

09:55AM  12  they're not there to make you feel good.  They're your

09:55AM  13  lawyers.

09:55AM  14     And, apparently, based on those discussions, you're here

09:55AM  15  today to waive certain rights and to plead guilty to Count 1

09:55AM  16  of the superseding information under the terms and conditions

09:55AM  17  of the plea agreement.  Are you fully satisfied with the

09:55AM  18  advice and counsel you received from your lawyers?

09:55AM  19          THE DEFENDANT:  Yes, Your Honor.  I think the advice

09:55AM  20  and the --

09:55AM  21          THE COURT:  I'm sorry.  Go ahead.

09:55AM  22          THE DEFENDANT:  I was going to say the zealous

09:55AM  23  representation I have had from my attorneys are very, pretty

09:55AM  24  much, exemplary.  I just want to ask a question if I may.

09:55AM  25          THE COURT:  Yes.

09:56AM 1      THE DEFENDANT:  It's my understanding that this is

09:56AM 2  the one and only charge that I'm pleading guilty to, which was

09:56AM 3  a failure to file an 8300 form in the year 2010.

09:56AM 4      THE COURT:  Mr. Kruly, this is the only charge he's

09:56AM 5  pleading guilty to?

09:56AM 6      MR. KRULY:  Correct.  The count is contained in the

09:56AM 7  superseding information.

09:56AM 8      THE COURT:  And the indictment that's pending right

09:56AM 9  now will be ultimately dismissed?

09:56AM 10      MR. KRULY:  At the time of sentencing.

09:56AM 11      THE COURT:  So there will be no charges pending after

09:56AM 12  this plea?

09:56AM 13      MR. KRULY:  That's correct.

09:56AM 14      THE COURT:  Do you understand that, sir?

09:56AM 15      THE DEFENDANT:  Yes, I do.  Thank you, Your Honor.

09:56AM 16      THE COURT:  Okay.  And no complaints with your

09:56AM 17  attorney?

09:56AM 18      THE DEFENDANT:  Just the opposite.

09:56AM 19      THE COURT:  Okay.  Now, this charge here is a serious

09:56AM 20  charge.  And you can't be charged with this offense merely by

09:56AM 21  the government filing this piece of paper called a superseding

09:56AM 22  information.  Under the law, they can't file it unless you

09:56AM 23  grant them permission; in other words, you waive your right to

09:56AM 24  have this matter presented to a Grand Jury for their

09:57AM 25  consideration.  Do you understand that, sir?

| | | |
|---|---|---|
| 09:57AM | 1 | THE DEFENDANT:  Yes, I do. |
| 09:57AM | 2 | THE COURT:  Okay.  And I know this case has been |
| 09:57AM | 3 | pending for a long time.  Mr. Greenman, you've gone through |
| 09:57AM | 4 | the waiver of indictment with your client? |
| 09:57AM | 5 | MR. GREENMAN:  I have, Your Honor. |
| 09:57AM | 6 | THE COURT:  Is there any reason for me to go into any |
| 09:57AM | 7 | further explanation as far as the waiver of indictment?  The |
| 09:57AM | 8 | indictment that was filed, there was a procedure that was used |
| 09:57AM | 9 | by the government that presented all the evidence to a Grand |
| 09:57AM | 10 | Jury.  Based on that evidence, the indictment was returned. |
| 09:57AM | 11 | He understands that's the same process that would have to be |
| 09:57AM | 12 | used here to bring this charge unless he waives his right and |
| 09:57AM | 13 | he voluntarily is waiving that right. |
| 09:57AM | 14 | MR. GREENMAN:  Your Honor, I've explained everything. |
| 09:57AM | 15 | I've explained to him and he understands the entire Grand Jury |
| 09:57AM | 16 | process and the waiver process.  He's prepared to waive his |
| 09:57AM | 17 | right to have the matter heard by the Grand Jury. |
| 09:57AM | 18 | THE COURT:  You understand that, sir? |
| 09:57AM | 19 | THE DEFENDANT:  Yes, I do. |
| 09:57AM | 20 | THE COURT:  The whole process that was used before |
| 09:57AM | 21 | would happen here unless you waive that right.  Do you have |
| 09:58AM | 22 | any questions? |
| 09:58AM | 23 | THE DEFENDANT:  No. |
| 09:58AM | 24 | THE COURT:  You fully understand it? |
| 09:58AM | 25 | THE DEFENDANT:  Yes, sir, I do. |

| | | |
|---|---|---|
| 09:58AM | 1 | THE COURT:  Is there any reason for me to go through |
| 09:58AM | 2 | a further explanation about the waiver? |
| 09:58AM | 3 | THE DEFENDANT:  No, there is not, Your Honor. |
| 09:58AM | 4 | THE COURT:  You agree with that, Mr. Greenman? |
| 09:58AM | 5 | MR. GREENMAN:  I do, Your Honor. |
| 09:58AM | 6 | THE COURT:  Would you please read the waiver? |
| 09:58AM | 7 | MR. KRULY:  Yes, Judge. |
| 09:58AM | 8 | The waiver reads, United States of America v. Frank R. |
| 09:58AM | 9 | Parlato, Jr.  I, Frank R. Parlato, Jr., the above-named |
| 09:58AM | 10 | defendant, who is accused of a felony violation of Title 26, |
| 09:58AM | 11 | United States Code, Sections 7203 and 6050(i), being advised |
| 09:58AM | 12 | of the nature of the charge, the proposed superseding |
| 09:58AM | 13 | information and of my rights, hereby waive in open court on |
| 09:58AM | 14 | August 5th, 2022 prosecution by indictment, and consent that |
| 09:58AM | 15 | the proceedings may be by information rather than by |
| 09:58AM | 16 | indictment. |
| 09:58AM | 17 | It's signed by Mr. Parlato, Mr. Cambria, and there's a |
| 09:58AM | 18 | space for Your Honor to sign as well. |
| 09:58AM | 19 | THE COURT:  Well, I am satisfied that the waiver is a |
| 09:59AM | 20 | knowing and voluntary waiver, it will be accepted by the |
| 09:59AM | 21 | Court, and direct the Clerk of the Court to file the waiver as |
| 09:59AM | 22 | well as the superseding information.  And with that, |
| 09:59AM | 23 | Mr. Kruly, let's proceed to the plea agreement. |
| 09:59AM | 24 | MR. KRULY:  Yes, Judge.  The plea agreement reads as |
| 09:59AM | 25 | follows.  The defendant, Frank R. Parlato, Jr., and the United |

09:59AM   1    States Attorney for the Western District of New York --

09:59AM   2            THE COURT:  Just one moment.  I'm sorry.  Is anyone

09:59AM   3    forcing you to sign this waiver?

09:59AM   4            THE DEFENDANT:  No, Your Honor.

09:59AM   5            THE COURT:  Anyone threaten you in any way?

09:59AM   6            THE DEFENDANT:  No, Your Honor.

09:59AM   7            THE COURT:  Okay.  Now we can -- I'm sorry.  I didn't

09:59AM   8    mean to interrupt.

09:59AM   9            MR. KRULY:  That's okay.  The plea agreement reads,

09:59AM   10   the defendant, Frank R. Parlato, Jr., and the United States

09:59AM   11   Attorney for the Western District of New York, hereinafter the

09:59AM   12   government, hereby enter into a plea agreement with the terms

09:59AM   13   and conditions as set out below.

09:59AM   14       Paragraph 1.  The defendant agrees to waive indictment and

09:59AM   15   to plead guilty to a one-count superseding information which

09:59AM   16   charges a violation of Title 26, United States Code, Sections

09:59AM   17   7203 and 6050(i), willful failure to file returns involving

10:00AM   18   cash transactions of more than $10,000, for which the maximum

10:00AM   19   possible sentence is a term of imprisonment of five years, a

10:00AM   20   fine of $25,000, a mandatory $100 special assessment, and a

10:00AM   21   term of supervised release of up to three years.  The

10:00AM   22   defendant understands that the penalties set forth in this

10:00AM   23   paragraph are the maximum penalties that can be imposed by the

10:00AM   24   Court at sentencing.

10:00AM   25           THE COURT:  Do you understand that, sir?

10:00AM    1          THE DEFENDANT:  Yes, I do, Your Honor.

10:00AM    2          THE COURT:  Mr. Greenman, you explained to

10:00AM    3    Mr. Parlato the importance of this paragraph?

10:00AM    4          MR. GREENMAN:  Yes, Your Honor.

10:00AM    5          THE COURT:  What is the importance, Mr. Kruly?

10:00AM    6          MR. KRULY:  Judge, paragraph 1 satisfies a

10:00AM    7    requirement of Rule 11 by notifying the defendant of the

10:00AM    8    maximum penalty.  The Court also must consider but is not

10:00AM    9    bound by the Federal Sentencing Guidelines.  The sentencing

10:00AM   10    guidelines went into effect on November 1st, 1987, and are

10:00AM   11    relevant to federal offenses committed after that date.

10:00AM   12        The purpose of the sentencing guidelines is to establish a

10:00AM   13    sentencing system in which courts will impose similar

10:00AM   14    sentences for similar crimes upon defendants who are similar

10:01AM   15    in ways that, according to the guidelines, are relevant to

10:01AM   16    sentencing.  If the sentencing guideline procedure is

10:01AM   17    followed, the Court would impose a sentence within a range on

10:01AM   18    a sentencing table in the sentencing guidelines manual.  This

10:01AM   19    range would depend on the defendant's criminal conduct and the

10:01AM   20    defendant's criminal history.

10:01AM   21        The law requires the Court to consider imposing a sentence

10:01AM   22    in accordance with the sentencing guidelines procedure.  The

10:01AM   23    law permits the Court, however, to impose a reasonable

10:01AM   24    sentence without adhering to the sentencing guidelines.  If

10:01AM   25    the Court decides to impose a sentence other than the one

10:01AM   1   prescribed by the sentencing guidelines, the Court must state

10:01AM   2   its reasons for doing so.

10:01AM   3            THE COURT:  Do you understand that, sir?

10:01AM   4            THE DEFENDANT:  Yes, I do, Your Honor.

10:01AM   5            THE COURT:  Okay.

10:01AM   6            MR. KRULY:  Paragraph 2 reads as follows.

10:01AM   7       The defendant understands that if it is determined that

10:01AM   8   the defendant has violated any of the terms or conditions of

10:01AM   9   supervised release, the defendant may be required to serve in

10:01AM  10   prison all or part of the term of supervised release, up to

10:01AM  11   two years, without credit for time previously served on

10:02AM  12   supervised release.

10:02AM  13       As a consequence, in the event the defendant is sentenced

10:02AM  14   to the maximum term of incarceration, a prison term imposed

10:02AM  15   for a violation of supervised release may result in the

10:02AM  16   defendant serving a sentence of imprisonment longer than the

10:02AM  17   statutory maximum set forth in paragraph 1 of this agreement.

10:02AM  18            THE COURT:  Do you understand that, sir?

10:02AM  19            THE DEFENDANT:  Yes, I do, Your Honor.

10:02AM  20            MR. KRULY:  Paragraph 3.  The defendant understands

10:02AM  21   the nature of the offense set forth in paragraph 1 of this

10:02AM  22   agreement, and understands that if this case proceeded to

10:02AM  23   trial, the government would be required to prove beyond a

10:02AM  24   reasonable doubt the following elements of the crime; A, the

10:02AM  25   defendant was engaged in a trade or business; B, in the course

| | | |
|---|---|---|
| 10:02AM | 1 | of the trade or business, the defendant received more than |
| 10:02AM | 2 | $10,000 in cash in one transaction or two or more related |
| 10:02AM | 3 | transactions; C, the defendant failed to make a return to the |
| 10:02AM | 4 | Internal Revenue Service with respect to such transaction or |
| 10:02AM | 5 | transactions as required by the Internal Revenue Code; and D, |
| 10:02AM | 6 | the defendant acted willfully. |
| 10:03AM | 7 | THE COURT:  Do you understand that, Mr. Parlato? |
| 10:03AM | 8 | THE DEFENDANT:  Yes, I do, Your Honor. |
| 10:03AM | 9 | THE COURT:  Okay. |
| 10:03AM | 10 | MR. KRULY:  Factual basis.  The defendant and the |
| 10:03AM | 11 | government agree to the following facts which form the basis |
| 10:03AM | 12 | for the entry of the plea of guilty including relevant |
| 10:03AM | 13 | conduct. |
| 10:03AM | 14 | From approximately 2004 to 2017, in the Western District |
| 10:03AM | 15 | of New York, the defendant had an ownership interest in and/or |
| 10:03AM | 16 | managed real property known as the One Niagara Building in |
| 10:03AM | 17 | Niagara Falls, New York, hereinafter referred to as One |
| 10:03AM | 18 | Niagara.  Following the defendant's acquisition of One |
| 10:03AM | 19 | Niagara, he permitted vendors to lease space both inside and |
| 10:03AM | 20 | outside the building.  These vendors cater to tourists and |
| 10:03AM | 21 | sold food, souvenirs, and tours of Niagara Falls. |
| 10:03AM | 22 | One Niagara's business was typically busy in the summer |
| 10:03AM | 23 | when large numbers of tourists visited Niagara Falls.  Thus, |
| 10:03AM | 24 | for each season, the defendant managed One Niagara.  He |
| 10:03AM | 25 | negotiated new seasonal rental agreements with the building's |

10:03AM 1 vendors.  These rental agreements typically had required each

10:03AM 2 vendor to pay the defendant 25 percent of the vendors' gross

10:04AM 3 revenue as rent.  The defendant, or one of his agents,

10:04AM 4 typically collected rent from each vendor in cash.

10:04AM 5 The Internal Revenue Code required the defendant to file

10:04AM 6 an IRS Form 8300 when, in the course of operating One Niagara,

10:04AM 7 the defendant received annual cash rent payments in excess of

10:04AM 8 $10,000 in one transaction or two or more related

10:04AM 9 transactions.  During the time period that he owned and/or

10:04AM 10 managed One Niagara, the defendant willfully failed to file

10:04AM 11 IRS Form 8300 for annual cash rent payments he received from

10:04AM 12 One Niagara's vendors which were in excess of $10,000.

10:04AM 13 By way of example, in or around 2008, Vendor 1, who

10:04AM 14 operated a food stand, agreed to rent space at One Niagara in

10:04AM 15 exchange for 25 percent of Vendor 1's gross sales.  In 2010,

10:04AM 16 Vendor 1 paid the defendant approximately $19,970 in rent.

10:04AM 17 This was paid entirely in cash.  The defendant's agents,

10:04AM 18 acting at the defendant's direction, collected the cash rent

10:05AM 19 in various unscheduled days throughout the summer.  Although

10:05AM 20 each individual partial rent payment was in an amount less

10:05AM 21 than $10,000, in aggregate, Vendor 1 paid the defendant

10:05AM 22 approximately $19,970 in rent in 2010.

10:05AM 23 The defendant willfully failed to file an IRS Form 8300

10:05AM 24 with regard to his receipt of cash rent from Vendor 1 for the

10:05AM 25 2010 season.  As part of relevant conduct, the defendant

10:05AM  1  admits that, from 2006 to 2017, he failed to report income he

10:05AM  2  earned from managing One Niagara.  The tax loss from the

10:05AM  3  defendant's unreported income was approximately $390,346.

10:05AM  4         THE COURT:  Do you understand that, sir?

10:05AM  5         THE DEFENDANT:  Yes, I do, with just one question,

10:05AM  6  Your Honor.  It is my understanding that there was -- the only

10:05AM  7  charge here is just the -- as written in item D, that there is

10:06AM  8  not numerous -- I'm not admitting to numerous failure to file,

10:06AM  9  just this one instance.

10:06AM  10        MR. GREENMAN:  Judge, we believe that section 4,

10:06AM  11 subdivision D, reflects the allegation in the superseding

10:06AM  12 information that he is pleading guilty on one occasion for not

10:06AM  13 having filed an 8300 form because the aggregate of numerous

10:06AM  14 multiple payments exceeded $10,000 in cash.  That is the only

10:06AM  15 thing he is pleading guilty to and I think the government

10:06AM  16 would agree.

10:06AM  17        THE COURT:  You agree with that, Mr. Kruly?

10:06AM  18        MR. KRULY:  Yes, Judge.

10:06AM  19        THE COURT:  Okay.  It's on the record.  Okay.

10:06AM  20        THE DEFENDANT:  Okay.  Thank you, Your Honor.

10:06AM  21        THE COURT:  How would you prove all this Mr. Kruly?

10:06AM  22        MR. KRULY:  Judge, if this case were to proceed to

10:06AM  23 trial, the government would offer testimony from a vendor who

10:06AM  24 leased space at the One Niagara building in Niagara Falls, New

10:07AM  25 York during the time period that the defendant owned and/or

10:07AM   1   managed the One Niagara building.  The vendor would testify

10:07AM   2   that he leased space at the building to sell food, and he

10:07AM   3   would testify that he negotiated a lease with the defendant

10:07AM   4   that typically required him to pay the defendant 25 percent of

10:07AM   5   his gross revenue as rent.  He would testify he paid the rent

10:07AM   6   in cash on different occasions.  He would testify that his

10:07AM   7   cash rent paid to the defendant over the course of Summer 2010

10:07AM   8   exceeded $10,000.

10:07AM   9        The government would then offer testimony from an IRS

10:07AM   10   witnesses who would testify that individuals engaged in a

10:07AM   11   trade or business are required to file IRS Form 8300 when they

10:07AM   12   receive more than $10,000 in cash in a transaction or a series

10:07AM   13   of transactions and that witness would testify that the IRS

10:07AM   14   had no record of receiving a Form 8300 related to the

10:07AM   15   defendant's management of the One Niagara building.

10:07AM   16            THE COURT:  Do you understand that, sir?

10:07AM   17            THE DEFENDANT:  Yes, I do, Your Honor.

10:07AM   18            MR. KRULY:  Paragraph 5.  The defendant understands

10:08AM   19   that the Court must consider but is not bound by the

10:08AM   20   sentencing guidelines, Sentencing Reform Act of 1984.

10:08AM   21        Paragraph 7.

10:08AM   22            THE COURT:  Paragraph 6 has been crossed off?

10:08AM   23            MR. KRULY:  That's correct, Your Honor.

10:08AM   24            THE COURT:  And it's been initialed by the parties?

10:08AM   25            MR. KRULY:  Correct.  And paragraph 7 incorporates --

10:08AM 1    paragraph 7 reads, the government and the defendant agree that

10:08AM 2    Guideline Sections 2S1.3, and 2T1.9, and 2T4.1(g) applied to

10:08AM 3    the offense of conviction, and based on tax loss of $390,346,

10:08AM 4    provides for a base offense level of 18.

10:08AM 5         THE COURT:  All right.  Mr. Parlato, I know your

10:08AM 6    lawyers have spent some time with you going over the

10:08AM 7    guidelines.  I want to take a couple of minutes to explain

10:08AM 8    them to you.  Your lawyers will have done a much better job

10:08AM 9    than I'm about to, but I want to make sure that we cover

10:09AM 10   certain points.  Back in the 80's, 1980's and that, Congress

10:09AM 11   was concerned about individuals committing similar crimes

10:09AM 12   under similar circumstances were receiving very dissimilar

10:09AM 13   sentences.

10:09AM 14        You can image what it would be like -- let's assume that

10:09AM 15   there was -- someone was going to plead guilty to the charge

10:09AM 16   you're pleading guilty to today, which has a five-year

10:09AM 17   maximum.  And there were two different people that were

10:09AM 18   involved.  The first person pleads guilty.  The judge

10:09AM 19   sentenced that person to probation.  The second person says,

10:09AM 20   well, judge seems to be a pretty good guy.  He gave the other

10:09AM 21   guy probation.  My situation is exactly the same as that -- my

10:09AM 22   co-defendant.  The judge will give me probation, too, so I'll

10:09AM 23   plead guilty.

10:09AM 24        So, the second person pleads guilty, and the Judge puts

10:09AM 25   the person in jail for five years.  Well, the person would say

10:09AM   1  well, that's not fair.  Why did he get probation, the first

10:10AM   2  guy?  I'm the second guy, and I get five years?

10:10AM   3      Well, that may be an exaggerated example, but it goes to

10:10AM   4  show what could have happened.  It may have been happening in

10:10AM   5  various courts throughout the United States.  So, Congress was

10:10AM   6  concerned about this.  It's called the unwarranted disparity

10:10AM   7  at sentencing.

10:10AM   8      So, they decided that we have to have a commission to look

10:10AM   9  at this problem to make sure that individuals committing

10:10AM  10  similar crimes under similar circumstances should receive

10:10AM  11  somewhat of a similar sentence.  So, they formed a commission.

10:10AM  12  There are seven commissioners appointed by the President,

10:10AM  13  confirmed by the Senate.  And it was their job to fix this

10:10AM  14  problem.  And it was a huge, huge undertaking.  The commission

10:10AM  15  that was appointed took a number of years to come up with a

10:10AM  16  guideline manual to deal with this problem.

10:10AM  17      This is -- every year, there's like a new manual.  This is

10:10AM  18  like the Bible.  It's like -- kind of like a roadmap, you

10:11AM  19  might say.  If you want to go AAA to find how do you drive to

10:11AM  20  Chicago, the map will tell you.  That's what this book does.

10:11AM  21  It's very, very complicated, okay?  And, in my opinion,

10:11AM  22  there's probably been more litigation on these guidelines than

10:11AM  23  probably any other area of federal law.  Now, what they did,

10:11AM  24  they took every federal statute and decided to give it a

10:11AM  25  number, 1 to 43.  And you saw these table with all these

| 10:11AM | 1 | numbers on it? |

THE DEFENDANT:  Yes, I did, Your Honor.

THE COURT:  Yeah.  In the left-hand margin, you'll see one at the top of the page on the left-hand column all the way down to the bottom, 43 numbers.  Every violation of every federal statute gets a number.  The higher the number, the more serious the offense, okay?

Now, it's been determined that, for this particular violation, the superseding information, that the starting number, it's a starting number, starts off with number 18. That's right about here (indicating).  Right about the middle of the page, okay?  Now, the purpose here is, like, trying to, like, I guess Mr. Greenman is more familiar than I am, getting a tailor-made suit.  You want the suit to fit the individual, okay?

So, there's aggravating and mitigating circumstances that would cause the number to go up or down.  Mitigating would go up, aggravating would go down, until you get a situation where the final number is -- fits the individual, the individual's involvement in the crime.  We're going to go through this in a couple of minutes.  I know that you've gone through it.

Then, once that's happened, then they decide whether a person has a criminal record or not.  No criminal record, you're in column I, which is the most favorable.  If you have a prior criminal record, depending upon the degree of your

| | | |
|---|---|---|
| 10:12AM | 1 | involvement in criminal activity, it could be in column II, |
| 10:12AM | 2 | III, IV, V, or VI.  The larger the criminal history category |
| 10:13AM | 3 | is, the more punishment you would face.  So, I'm not sure.  In |
| 10:13AM | 4 | this case here, you are in paragraph -- column I? |
| 10:13AM | 5 | MR. KRULY:  Yes. |
| 10:13AM | 6 | MR. GREENMAN:  He's a category I. |
| 10:13AM | 7 | THE COURT:  Which is the most favorable.  Then, when |
| 10:13AM | 8 | that's all done, then there are some other factors, and we'll |
| 10:13AM | 9 | go through those in a few minutes.  Do you understand all |
| 10:13AM | 10 | this, sir?  This is basically -- this is all done. |
| 10:13AM | 11 | THE DEFENDANT:  Yes, I do, Your Honor. |
| 10:13AM | 12 | THE COURT:  Okay.  All right.  Let's go from there, |
| 10:13AM | 13 | Mr. Kruly. |
| 10:13AM | 14 | MR. KRULY:  Yes, Judge.  So, as we stated, paragraph |
| 10:13AM | 15 | 7 sets the base offense level at an 18 based on guidelines |
| 10:13AM | 16 | 2S1.3, 2T1.9, and 2T4.1(g) which are incorporated by cross- |
| 10:13AM | 17 | reference in 2S1.3. |
| 10:13AM | 18 | Paragraph 8 states that the government and the defendant |
| 10:13AM | 19 | agree that the following specific offense characteristic does |
| 10:13AM | 20 | apply; the two-level increase pursuant to Guideline Section |
| 10:13AM | 21 | 2T1.1(b)(2), sophisticated means. |
| 10:13AM | 22 | Paragraph 9.  Based on the foregoing, it is the |
| 10:13AM | 23 | understanding of the government and the defendant that the |
| 10:14AM | 24 | adjusted offense level for the offense of conviction is 20. |
| 10:14AM | 25 | THE COURT:  Do you understand that, sir? |

10:14AM   1          THE DEFENDANT:  Yes, I do, Your Honor.

10:14AM   2          MR. KRULY:  Paragraph 10.  At sentencing, the

10:14AM   3   government agrees not to oppose the recommendation that the

10:14AM   4   Court apply the two-level decrease of Guidelines Section

10:14AM   5   3E1.1(a), acceptance of responsibility, and further agrees to

10:14AM   6   move the Court to apply the additional one-level decrease of

10:14AM   7   Guideline Section 3E1.1(b), which would result in a total

10:14AM   8   offense level of 17.

10:14AM   9          THE COURT:  Now, this provision is there that if a

10:14AM  10   person is guilty of the offense and willing to accept

10:14AM  11   responsibility, and by pleading guilty it's evidence you are

10:14AM  12   accepting responsibility, you can get a reduction.  In this

10:14AM  13   case, it would be three levels which, if you look at the two

10:14AM  14   numbers with the acceptance and without, you've got a 17

10:14AM  15   versus 20.

10:14AM  16      If you look at 20 at the high end versus 17 at the low

10:14AM  17   end -- no guarantee you'll get the lower end -- but it gives

10:15AM  18   you and your lawyer a chance to argue for a lower sentence

10:15AM  19   that, by not requiring the government to go to trial, you

10:15AM  20   should get a lower recommended sentence, all right?  Now, I'm

10:15AM  21   not bound by it, but I'm going to carefully consider it,

10:15AM  22   obviously, as I will consider all the factors in imposing

10:15AM  23   sentence.

10:15AM  24      If you were to go to trial, and if you were convicted, in

10:15AM  25   all likelihood, you wouldn't get the acceptance.  And, as I

| 10:15AM | 1 | understand it, if we go to trial, it would be on the original |

10:15AM 1 understand it, if we go to trial, it would be on the original

10:15AM 2 indictment.

10:15AM 3 MR. KRULY: That's correct, Your Honor.

10:15AM 4 THE COURT: Which would have much higher --

10:15AM 5 MR. KRULY: Higher guidelines.

10:15AM 6 THE COURT: -- guideline range. Do you understand

10:15AM 7 that, sir?

10:15AM 8 THE DEFENDANT: Yes, I do, Your Honor.

10:15AM 9 THE COURT: This is what your lawyers have discussed,

10:15AM 10 the government, and the government has agreed to go along with

10:15AM 11 this. Do you understand that?

10:15AM 12 THE DEFENDANT: Yes, I do, Your Honor.

10:15AM 13 THE COURT: Okay.

10:15AM 14 MR. KRULY: Paragraph 11.

10:15AM 15 THE COURT: Mr. Greenman, do I have to go into any

10:15AM 16 further explanation?

10:15AM 17 MR. GREENMAN: You've done very well, except that the

10:15AM 18 tailored suit, Your Honor. You can attribute to Mr. Cambria,

10:15AM 19 not me.

10:15AM 20 MR. KRULY: Paragraph 11. It is the understanding of

10:15AM 21 the government and the defendant that the defendant's criminal

10:16AM 22 history category is I. The defendant understands that if the

10:16AM 23 defendant is sentenced for or convicted of any other charges

10:16AM 24 prior to sentencing in this action, the defendant's criminal

10:16AM 25 history category may increase. The defendant understands that

| 10:16AM | 1 | the defendant has no right to withdraw the plea of guilty |
| 10:16AM | 2 | based on the Court's determination of the defendant's criminal |
| 10:16AM | 3 | history category. |

Paragraph 12.  It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 24 to 30 months, a fine of 10,000 to $25,000, and a period of supervised release of one to three years.  Notwithstanding this, the defendant understands that, at sentencing, the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

Paragraph 13.  The government and the defendant agree to the correctness of the calculation of the sentencing guidelines range set forth above.  The defendant, however, reserves the right to recommend a sentence outside the sentencing guidelines range.  The government agrees that it will not recommend a sentence greater than 24 months imprisonment.  This paragraph reserves the right of the government and the defendant to bring to the attention of Court all information deemed relevant to a determination of a proper sentence in this action.

Paragraph 14.  The defendant --

THE COURT:  Just one second.  Now, paragraph 13 indicates that the government agrees to recommend a sentence

10:17AM   1   no greater than 24 months.  And your attorneys and you're

10:17AM   2   agreeing that you will have an opportunity to request the

10:17AM   3   Court for a lower sentence.  So, you haven't precluded

10:17AM   4   yourself from asking for a lower sentence.  I'll consider it,

10:17AM   5   but don't have any false impressions that I will do it.  I

10:17AM   6   will consider all the factors here and, to the best of my

10:17AM   7   ability, impose a sentence that would be fair and reasonable.

10:17AM   8   Do you understand that, sir?

10:18AM   9            THE DEFENDANT:  Yes, I do, Your Honor.

10:18AM  10            THE COURT:  Okay.  Paragraph 14.

10:18AM  11            MR. KRULY:  Paragraph 14.  The defendant understands

10:18AM  12   that the Court is not bound to accept any sentencing

10:18AM  13   guidelines calculations set forth in this agreement, and the

10:18AM  14   defendant will not be entitled to withdraw the plea of guilty

10:18AM  15   based on the sentence imposed by the Court.

10:18AM  16       Paragraph 15.  In the event the Court contemplates any

10:18AM  17   guidelines adjustments, departures, or calculations different

10:18AM  18   from those agreed to by the parties above, the parties reserve

10:18AM  19   the right to answer any inquiries by the Court concerning the

10:18AM  20   same.

10:18AM  21       Paragraph 16.  In the event the defendant's plea of guilty

10:18AM  22   is withdrawn or conviction vacated either pre or post-sentence

10:18AM  23   by way of appeal, motion, post-conviction proceeding,

10:18AM  24   collateral attack or otherwise, the defendant agrees that any

10:18AM  25   charges dismissed pursuant to this agreement shall be

| | |
|---|---|
| 10:18AM | 1 |

automatically reinstated upon motion of the government and

further agrees not to assert the Statute of Limitations as a

defense to any federal criminal offense which is not time

barred as of the date of this agreement.  This waiver shall be

effective for a period of six months following the date upon

which the withdrawal of the guilty plea or vacating of the

conviction becomes final.

Paragraph 17.  By pleading guilty to the superseding

information pursuant to this plea agreement, the defendant

agrees that he has waived and may not challenge at sentencing

on direct appeal or collateral attack whether the charge

contained in the superseding information is time barred by the

Statute of Limitations.

THE COURT:  Do you understand all this, sir?

THE DEFENDANT:  Yes, I do, Your Honor.

MR. KRULY:  Paragraph 18.  The defendant represents

that he is a citizen of the United States.  However, if the

defendant is not a citizen of the United States, the defendant

understands that, if convicted, the defendant may be removed

from the United States, denied citizenship, and denied

admission to the United States in the future.

THE COURT:  Do you understand that, sir?

THE DEFENDANT:  Yes, I do, Your Honor.

THE COURT:  It appears that you are a US citizen.  If

it were determined that, let's say, you were a citizen of

10:19AM   1   England, after the sentence, the immigration authorities would

10:20AM   2   look at your citizenship.  And if it were determined you were

10:20AM   3   a citizen of England, you could be deported to England.  But

10:20AM   4   that probably, in all likelihood, is not going to happen.

10:20AM   5   Just so you're aware of that, okay?  The Second Circuit has

10:20AM   6   done a number of opinions on this lately, and the courts have

10:20AM   7   to be very careful in that regard.  All right?  Thank you.  Go

10:20AM   8   ahead, Mr. Kruly.

10:20AM   9          MR. KRULY:  Paragraph 19.  The defendant understands

10:20AM  10   that the government has reserved the right to; A, provide to

10:20AM  11   the probation office and the Court all the information and

10:20AM  12   evidence in its possession that the government deems relevant

10:20AM  13   concerning the defendant's background, character, and

10:20AM  14   involvement in the offense charged, the circumstances

10:20AM  15   surrounding the charge, and the defendant's criminal history;

10:20AM  16   B, respond at sentencing to any statements made by the

10:20AM  17   defendant or on the defendant's behalf that are inconsistent

10:20AM  18   with the information and evidence available to the government;

10:20AM  19   C, advocate for a specific sentence consistent with the terms

10:20AM  20   of this agreement including the amount of restitution and/or a

10:20AM  21   fine and the method of payment; D, modify its position with

10:21AM  22   respect to any sentencing recommendation or sentencing factor

10:21AM  23   under the guidelines, including criminal history category, in

10:21AM  24   the event that, subsequent to this agreement, the government

10:21AM  25   receives previously unknown information including conduct and

10:21AM   1   statements by the defendant subsequent to this agreement

10:21AM   2   regarding the recommendation or factor; and E, impose any

10:21AM   3   application for a downward departure and/or sentence outside

10:21AM   4   the guideline range made by the defendant.

10:21AM   5       Twenty.  At sentencing, the government will move to

10:21AM   6   dismiss the superseding indictment in this action as against

10:21AM   7   this defendant.

10:21AM   8            THE COURT:  Do you understand that, sir?

10:21AM   9            THE DEFENDANT:  Yes, I do, Your Honor.

10:21AM  10            THE COURT:  Okay.

10:21AM  11            MR. KRULY:  Judge, would the Court like me to read or

10:21AM  12   summarize the restitution section?

10:21AM  13            MR. GREENMAN:  That's fine with us, Your Honor.

10:21AM  14            THE COURT:  Let's read it.

10:21AM  15            MR. KRULY:  Yes, Your Honor.

10:21AM  16       Paragraph 21.  The defendant agrees to pay restitution to

10:21AM  17   the Internal Revenue Service in the total amount of

10:21AM  18   $184,939.51 pursuant to Title 18, USC Section 36639(a)(3).

10:22AM  19   The defendant understands the defendant will not be entitled

10:22AM  20   to withdraw the plea of guilty based upon any restitution

10:22AM  21   amount ordered by the Court.

10:22AM  22       The restitution amount has been calculated as follows.

10:22AM  23   And there follows a chart for tax years 2006 through 2017, and

10:22AM  24   the total amount of -- including interest and penalties -- of

10:22AM  25   restitution is $184,939.51, which is broken down as set forth

| | | |
|---|---|---|
| 10:22AM | 1 | in this chart based on tax year. |
| 10:22AM | 2 | Paragraph 22. The defendant agrees that $184,939.51 of |
| 10:22AM | 3 | the $407,250.23 in United States currency seized from KeyBank |
| 10:22AM | 4 | account ending in 0606 in the name of Frank R. Parlato IOLA |
| 10:22AM | 5 | Fund attorney escrow account/IOLA, which was seized by the |
| 10:23AM | 6 | government in August 27th, 2015, will be turned over from the |
| 10:23AM | 7 | United States Marshal Service to the Clerk's Office for the |
| 10:23AM | 8 | Western District of New York and applied to the restitution |
| 10:23AM | 9 | judgment entered in this case. |
| 10:23AM | 10 | Paragraph 23. The defendant agrees that the total amount |
| 10:23AM | 11 | of restitution reflected in this agreement results from the |
| 10:23AM | 12 | defendant's underlying conduct. |
| 10:23AM | 13 | THE COURT: Mr. Kruly, before you go any further, I |
| 10:23AM | 14 | note that in the plea agreement under the statement of facts |
| 10:23AM | 15 | there's an amount of 390,346 and then we're dealing with here |
| 10:23AM | 16 | number of 184,000 of the 407,000. A lot of numbers floating |
| 10:23AM | 17 | around here. |
| 10:23AM | 18 | MR. KRULY: Yes. And that difference, Judge, is the |
| 10:23AM | 19 | basis for one of the handwritten changes on page 15, which |
| 10:23AM | 20 | I'll read now. I think it fits in here. |
| 10:23AM | 21 | Paragraph 44A. The parties agree that for tax years 2006 |
| 10:23AM | 22 | through 2013, the defendant paid approximately $260,614 out of |
| 10:23AM | 23 | the $390,346 stated in paragraph 4B. So, essentially, Judge, |
| 10:24AM | 24 | the tox loss for purposes of the guidelines calculation is |
| 10:24AM | 25 | 390,000, but the defendant paid approximately 260,000 of that |

10:24AM    1    tax amount, which is why the restitution is lower.

10:24AM    2            THE COURT:  Do you understand that, sir?

10:24AM    3            THE DEFENDANT:  Yes, I do, Your Honor.

10:24AM    4            MR. KRULY:  Paragraph 24.  The defendant agrees to

10:24AM    5    pay restitution by making payment as ordered by the Court and

10:24AM    6    any restitution order entered pursuant to this plea agreement.

10:24AM    7            Paragraph 25.  If the Court orders the defendant to pay

10:24AM    8    restitution to the IRS for the failure to pay tax either

10:24AM    9    directly as part of the sentence or as a condition of

10:24AM   10    supervised release, the IRS will use the restitution order as

10:24AM   11    a basis for a civil assessment.  The citation is 26 USC

10:24AM   12    Section 6201(a)(4).  The defendant does not have the right to

10:24AM   13    challenge the amount of this assessment.  See 26 USC Section

10:24AM   14    6201(a)(4)(C).

10:24AM   15            Neither the existence of a restitution payment schedule or

10:25AM   16    the defendant's timely payment of restitution according to

10:25AM   17    that schedule will preclude the IRS from administrative

10:25AM   18    collection of the restitution-based assessment, including levy

10:25AM   19    and restrained under 26 USC, Section 6331.

10:25AM   20            Paragraph 26.  The defendant agrees the defendant will not

10:25AM   21    oppose bifurcation of the sentencing hearing under 18 USC

10:25AM   22    Section 3664(d)(5) if the victims' losses are not as

10:25AM   23    ascertainable prior to sentencing.

10:25AM   24            Paragraph 27.  The defendant agrees the defendant will

10:25AM   25    sign any IRS forms deemed necessary by the IRS to enable the

10:25AM   1    IRS to make an immediate assessment of that portion of the tax

10:25AM   2    interest that he agrees to pay as restitution.  The defendant

10:25AM   3    also agrees to sign IRS Form 8821, "Tax Information

10:25AM   4    Authorization".

10:25AM   5        Paragraph 28.

10:25AM   6            THE COURT:  Just one second.  Paragraph 26 talks

10:25AM   7    about victims.  What are we talking about here?

10:26AM   8            MR. KRULY:  The IRS, Judge.  So, I don't think this

10:26AM   9    paragraph was really applicable here, but it's part of our

10:26AM   10   standard restitution language that we typically, I don't

10:26AM   11   think, read at pleas.

10:26AM   12           THE COURT:  The victim is the IRS.

10:26AM   13           MR. KRULY:  Correct.

10:26AM   14           THE COURT:  Okay.  All right.

10:26AM   15           MR. GREENMAN:  Judge, just so the Court is aware --

10:26AM   16   and I've had conversation with Ms. Carducci who is from the

10:26AM   17   government's forfeiture department.  We expect that there may

10:26AM   18   be a civil penalty imposed by the IRS.  Whatever they impose,

10:26AM   19   it will not preclude Mr. Parlato from challenging whatever

10:26AM   20   that might be.  It's not part of this proceeding.  It's a

10:26AM   21   totally separate proceeding.

10:26AM   22           THE COURT:  Okay.

10:26AM   23           MR. GREENMAN:  But we all understand and the intent

10:26AM   24   of the plea agreement is that the plea agreement here will not

10:26AM   25   bar him from taking whatever action he deems to be necessary

| | | |
|---|---|---|
| 10:26AM | 1 | as to the possibility of the IRS imposing civil penalty. |
| 10:27AM | 2 | THE COURT:  Do you understand that, Mr. Parlato? |
| 10:27AM | 3 | THE DEFENDANT:  Yes, I do, Your Honor. |
| 10:27AM | 4 | MR. KRULY:  Paragraph 28.  The defendant agrees not |
| 10:27AM | 5 | to file any claim for refund of taxes or interest represented |
| 10:27AM | 6 | by any amount of restitution paid pursuant to this agreement. |
| 10:27AM | 7 | Paragraph 29.  The defendant agrees the defendant is |
| 10:27AM | 8 | liable for the fraud penalty 26 USC Section 6663 or 26 USC |
| 10:27AM | 9 | Section 6651(f) on the amount credited and tax set forth |
| 10:27AM | 10 | above.  The defendant agrees to the immediate assessment of |
| 10:27AM | 11 | the fraud penalty on the amount to be credited to tax set |
| 10:27AM | 12 | forth above and agrees that in order to enable the IRS to make |
| 10:27AM | 13 | an immediate assessment of the fraud penalty, any IRS forms |
| 10:27AM | 14 | the defendant agreed to sign as set forth above will include |
| 10:27AM | 15 | the appropriate amount of fraud penalty.  The defendant agrees |
| 10:27AM | 16 | not to challenge or dispute any criminal fraud penalties on |
| 10:27AM | 17 | the amount to be credited to tax set forth above. |
| 10:27AM | 18 | Paragraph 30.  The defendant understand -- the parties |
| 10:27AM | 19 | understand the defendant will receive proper credit consistent |
| 10:28AM | 20 | with the above for the payments made pursuant to this |
| 10:28AM | 21 | agreement.  Except as set forth in the previous sentence, |
| 10:28AM | 22 | nothing in this agreement shall limit the IRS in its lawful |
| 10:28AM | 23 | examination, determination, assessment, or collection of any |
| 10:28AM | 24 | taxes, penalties, or interest due from the defendant from the |
| 10:28AM | 25 | time periods covered by this agreement or any other time |

10:28AM  1   period.

10:28AM  2       Paragraph 31.  The defendant agrees this agreement and any

10:28AM  3   judgement, order, release, or satisfaction made in connection

10:28AM  4   with this agreement will not satisfy, settle or compromise the

10:28AM  5   defendant's obligation to pay the balance of any remaining

10:28AM  6   civil liabilities including tax, additional tax, additions to

10:28AM  7   tax, interest and penalties owed to the IRS for the time

10:28AM  8   periods covered by this agreement or any other time period.

10:28AM  9       Paragraph 32.  The defendant understands the defendant is

10:28AM  10  not entitled to credit with the IRS for any payments sent to

10:28AM  11  an incorrect address or accompanied by incomplete or

10:28AM  12  inaccurate information unless and until any payment is

10:28AM  13  actually received by the Internal Revenue Service and

10:28AM  14  identified as pertaining to the defendant's particular

10:29AM  15  liability.

10:29AM  16      Paragraph 33.  The defendant agrees to disclose fully and

10:29AM  17  completely all assets of which the defendant either has any

10:29AM  18  property interest or over which the defendant exercises

10:29AM  19  control, directly or indirectly, including those held by a

10:29AM  20  spouse, nominee, or other third party.  The defendant agrees

10:29AM  21  to make complete financial disclosure to the United States by

10:29AM  22  truthfully executing a sworn financial statement by the

10:29AM  23  deadline set by the United States; or, if no deadline is set,

10:29AM  24  no later than two weeks prior to the date of sentencing.  The

10:29AM  25  defendant agrees to authorize the release of all financial

10:29AM   1   information requested by the United States including but not

10:29AM   2   limited to executing authorization forms for the United States

10:29AM   3   to obtain tax information, bank account records, credit

10:29AM   4   history, and Social Security information.  The defendant

10:29AM   5   agrees to discuss or to answer any questions by the United

10:29AM   6   States relating to the defendant's complete financial

10:29AM   7   disclosure.

10:30AM   8       The defendant will submit to an examination under oath

10:30AM   9   and/or a polygraph examination conducted by an examiner

10:30AM  10   selected by the U.S. Attorney's Office on the issue of the

10:30AM  11   defendant's financial disclosures and assets if deemed

10:30AM  12   necessary by the US Attorney's Office.

10:30AM  13       The defendant certifies that the defendant has made no

10:30AM  14   transfer of assets in contemplation of this prosecution for

10:30AM  15   the purpose of evading or defeating financial obligations that

10:30AM  16   are created by the agreement and/or that may be imposed upon

10:30AM  17   the defendant by the Court.  In addition, the defendant

10:30AM  18   promises that the defendant will make no such transfers in the

10:30AM  19   future.

10:30AM  20       Paragraph 34.  The defendant understands and agrees that

10:30AM  21   the Court, at the time of sentencing, will order that all

10:30AM  22   monetary penalties imposed at that time including any fine,

10:30AM  23   restitution or special assessment imposed in accordance with

10:30AM  24   the terms and conditions of this plea agreement, are to be due

10:31AM  25   and payable in full immediately and will be; 1, subject to

10:31AM  1   immediate enforcement as provided for in 18 USC 3613; and 2,

10:31AM  2   submitted to the Treasury Offset Program, so that any federal

10:31AM  3   payment or transfer of returned property the defendant

10:31AM  4   receives may be offset and applied to federal debts, but will

10:31AM  5   not affect any periodic payment schedule set by the Court.

10:31AM  6       Paragraph 35.  The defendant understands and acknowledges

10:31AM  7   that any schedule of payments imposed by the Court at the time

10:31AM  8   of sentencing is merely a minimum schedule of payments, and

10:31AM  9   does not, in any way, limit those methods available to the

10:31AM  10  United States to enforce the judgment.

10:31AM  11      Paragraph 36.  The defendant agrees that any funds and

10:31AM  12  assets in which the defendant has an interest which have been

10:31AM  13  seized or restrained by the government or law enforcement as

10:31AM  14  part of the investigation underlying this plea agreement, and

10:31AM  15  not subject to forfeiture, will be used to offset any judgment

10:32AM  16  of restitution and fine imposed pursuant to this plea

10:32AM  17  agreement or to satisfy any debts owed by the defendant to the

10:32AM  18  United States and/or agencies thereof.

10:32AM  19      Paragraph 37.  To the extent that the defendant has an

10:32AM  20  interest, the defendant authorizes the district court clerk to

10:32AM  21  release any funds posted as security for the defendant's

10:32AM  22  appearance bond in this case which funds shall be applied to

10:32AM  23  satisfy the financial obligations of the defendant pursuant to

10:32AM  24  the judgment of the Court.

10:32AM  25      Paragraph 38.  The defendant is aware that the voluntary

| | | |
|---|---|---|
| 10:32AM | 1 | payment of restitution prior to adjudication of guilt is a |
| 10:32AM | 2 | factor in considering whether the defendant has accepted |
| 10:32AM | 3 | responsibility under United States Sentencing Guideline |
| 10:32AM | 4 | Section 3E1.1. |
| 10:32AM | 5 | THE COURT:  Do you understand all this, sir? |
| 10:32AM | 6 | THE DEFENDANT:  I do understand it.  Just -- I did |
| 10:32AM | 7 | have a question, if I may, Your Honor.  It's my understanding |
| 10:32AM | 8 | that the money that's been seized in 2015 satisfies the |
| 10:33AM | 9 | entirety of the assessment of the taxes. |
| 10:33AM | 10 | MR. GREENMAN:  That's correct.  It's all set out in |
| 10:33AM | 11 | paragraph 42, Your Honor. |
| 10:33AM | 12 | THE COURT:  Okay.  Mr. Kruly? |
| 10:33AM | 13 | MR. KRULY:  Can you repeat that, Mr. Greenman? |
| 10:33AM | 14 | MR. GREENMAN:  That's all set out -- what his |
| 10:33AM | 15 | question relates to is set out in paragraph 42 of the plea |
| 10:33AM | 16 | agreement. |
| 10:33AM | 17 | MR. KRULY:  That the seized funds will be used to |
| 10:33AM | 18 | satisfy the restitution payment? |
| 10:33AM | 19 | MR. GREENMAN:  Correct. |
| 10:33AM | 20 | MR. KRULY:  Correct. |
| 10:33AM | 21 | THE COURT:  All right. |
| 10:33AM | 22 | MR. KRULY:  Paragraph 39.  The defendant understands |
| 10:33AM | 23 | that Title 18, United States Code, Section 3742, affords a |
| 10:33AM | 24 | defendant a limited right to appeal the sentence imposed.  The |
| 10:33AM | 25 | defendant, however, knowingly waives the right to appeal and |

10:33AM  1   collaterally attack any component of a sentence imposed by the

10:33AM  2   Court which falls within or is less than the sentencing range

10:33AM  3   for imprisonment, a fine, and supervised release set forth in

10:33AM  4   section 3, paragraph 12 above; notwithstanding the manner in

10:34AM  5   which the Court determines the sentence.  In the event of an

10:34AM  6   appeal of the defendant's sentence by the government, the

10:34AM  7   defendant reserves the right to argue the correctness of the

10:34AM  8   defendant's sentence.  The defendant further agrees not to

10:34AM  9   appeal the restitution order which does not exceed the amount

10:34AM  10  set forth in section 7 of this agreement.

10:34AM  11      Paragraph 40.  The defendant understands that by agreeing

10:34AM  12  not to collaterally attack the sentence, the defendant is

10:34AM  13  waiving the right to challenge the sentence in the event that,

10:34AM  14  in the future, the defendant becomes aware of previously

10:34AM  15  unknown facts or a change in the law which the defendant

10:34AM  16  believes would justify a decrease in the defendant's sentence.

10:34AM  17      Paragraph 41.  The government waives its right to appeal

10:34AM  18  any component of a sentence imposed by the Court which falls

10:34AM  19  within or is greater than the sentencing range for

10:34AM  20  imprisonment, a fine, and supervised release set forth in

10:34AM  21  section 3, paragraph 12 above; notwithstanding the manner in

10:34AM  22  which the Court determines the sentence.  However, in the

10:34AM  23  event of an appeal from the defendant's sentence by the

10:34AM  24  defendant, the government reserves its right to argue the

10:35AM  25  correctness of the defendant's sentence.

| | | |
|---|---|---|
| 10:35AM | 1 | THE COURT:  Do you understand that, sir? |
| 10:35AM | 2 | THE DEFENDANT:  Yes, I do, Your Honor. |
| 10:35AM | 3 | THE COURT:  Okay. |
| 10:35AM | 4 | MR. KRULY:  Paragraph 42.  The defendant acknowledges |
| 10:35AM | 5 | that the government has commenced a civil forfeiture action |
| 10:35AM | 6 | against $131,901.65 United States currency seized from Bank of |
| 10:35AM | 7 | America account ending in 8448 in the name of New York IOLA |
| 10:35AM | 8 | trust accounts, Frank R. Parlato, trustee; $460,986.32 United |
| 10:35AM | 9 | States currency seized from First Niagara Bank account ending |
| 10:35AM | 10 | in 4836 in the name of Frank Parlato IOLA fund, State of New |
| 10:35AM | 11 | York; and $222,310.72 out of the $407,250.23 United States |
| 10:36AM | 12 | currency seized from KeyBank account ending in 0606 in the |
| 10:36AM | 13 | name of Frank R. Parlato, IOLA fund, attorney escrow |
| 10:36AM | 14 | account/IOLA all seized by the government on August 27th, |
| 10:36AM | 15 | 2015, hereinafter referred to as the defendant accounts under |
| 10:36AM | 16 | 22-CV-00601. |
| 10:36AM | 17 | As part of this plea agreement, the defendant agrees to |
| 10:36AM | 18 | the execution and filing of a civil agreement and agrees to |
| 10:36AM | 19 | civilly forfeit the defendant accounts to the government.  The |
| 10:36AM | 20 | defendant agrees to execute any other documents the United |
| 10:36AM | 21 | States deems necessary to resolve the civil forfeiture action. |
| 10:36AM | 22 | In addition, as part of this plea agreement, the government |
| 10:36AM | 23 | will not seek forfeiture of the real property located at 29009 |
| 10:36AM | 24 | Geranium Drive, Big Pine Key, Florida, as more fully described |
| 10:36AM | 25 | in the deed filed and recorded in the official records of the |

10:36AM   1   clerk of the court, Monroe County, Florida on April 8th, 2011

10:36AM   2   and has reference to the liber page for that property; or the

10:36AM   3   real property located at 199 Tonawanda Creek Road, Amherst,

10:37AM   4   New York.

10:37AM   5        Paragraph 43.  It's expressly agreed and understood that

10:37AM   6   the agreement for civil forfeiture is binding upon the

10:37AM   7   defendant and survives any voiding of this plea agreement.

10:37AM   8        Paragraph 44.  The defendant agrees --

10:37AM   9             THE COURT:  Are you referring to the complaint that

10:37AM  10   was filed in US v. 131,000?

10:37AM  11             MR. KRULY:  That's correct, Your Honor.

10:37AM  12             THE COURT:  I see on the complaint there's no number

10:37AM  13   on that, on the caption.

10:37AM  14             MR. KRULY:  I think Your Honor is -- the header of

10:37AM  15   the page has the docket number from the clerk's office.

10:37AM  16             MR. GREENMAN:  It should be 22-CV-00601, I believe,

10:37AM  17   Your Honor.  Right?

10:37AM  18             MR. KRULY:  Yes.  If --

10:37AM  19             THE COURT:  Yeah.  Why isn't it on the caption?

10:37AM  20             MR. KRULY:  Your Honor, when the government files a

10:37AM  21   civil complaint, we don't have a docket number assigned by the

10:37AM  22   clerk's office.

10:37AM  23             THE COURT:  But there is a number now?

10:37AM  24             MR. KRULY:  It is.  And I think if Your Honor looks

10:37AM  25   at the very top of the page, I think it's possibly in blue,

10:37AM   1   there's a banner that has the docket number.

10:38AM   2          THE COURT:  You're right.  I didn't see it.  I was

10:38AM   3   looking at normally where it's placed.

10:38AM   4          MR. KRULY:  Where it should be.

10:38AM   5          THE COURT:  Okay.

10:38AM   6          MR. KRULY:  Paragraph 44.  Defendant waives and

10:38AM   7   agrees not to assert in any civil lawsuit arising from the

10:38AM   8   conduct which gave rise to the criminal charges that are the

10:38AM   9   subject of this plea, any defense based on the double jeopardy

10:38AM  10   or excessive fines clause of the Constitution.

10:38AM  11       We covered 44A.  Forty-four B.  The parties agree that the

10:38AM  12   only crime the defendant is pleading guilty to is a violation

10:38AM  13   of 26 USC section 7203 and Section 6050(i).  The parties agree

10:38AM  14   that the only charge to which the defendant is pleading guilty

10:38AM  15   is a failure to file an IRS Form 8300 in 2010 as set forth in

10:38AM  16   the superseding information and factual basis.

10:38AM  17       Paragraph 45.  This plea agreement represents the total

10:38AM  18   agreement between the defendant, Frank R. Parlato, Jr., and

10:38AM  19   the government.  There are no promises made by anyone other

10:38AM  20   than those contained in this agreement.  This agreement

10:39AM  21   supersedes any other prior agreements, written or oral,

10:39AM  22   entered into between the government and the defendant, signed

10:39AM  23   by myself, dated today, August 5th, 2002.

10:39AM  24       The plea then reads, I have read this agreement which

10:39AM  25   consists of pages 1 through 16.  I have had a full opportunity

| | | |
|---|---|---|
| 10:39AM | 1 | to discuss this agreement with my attorney, Paul J. Cambria, |
| 10:39AM | 2 | Jr., Esquire.  I agree that it represents the total agreement |
| 10:39AM | 3 | reached between me and the government.  No promises or |
| 10:39AM | 4 | representations have been made to me other than what is |
| 10:39AM | 5 | contained in this agreement.  I understand all of the |
| 10:39AM | 6 | consequences of my plea of guilty.  I fully agree with the |
| 10:39AM | 7 | contents of this agreement.  I am signing this agreement |
| 10:39AM | 8 | voluntarily and of my own free will, dated and signed by the |
| 10:39AM | 9 | defendant and Mr. Cambria today's date, August 5th, 2022. |
| 10:39AM | 10 | THE COURT:  We read 44 and 44B? |
| 10:39AM | 11 | MR. KRULY:  We did, Your Honor. |
| 10:39AM | 12 | THE COURT:  Okay.  That's been initialed by |
| 10:39AM | 13 | Mr. Parlato? |
| 10:39AM | 14 | MR. KRULY:  It has. |
| 10:39AM | 15 | THE COURT:  Mr. Parlato, we've gone over the |
| 10:39AM | 16 | agreement here in court today.  You indicated you understand |
| 10:39AM | 17 | it.  Your attorneys have said that they've gone over it with |
| 10:40AM | 18 | you.  They're satisfied you understand it.  You signed it |
| 10:40AM | 19 | indicating you understand it.  Any questions, sir? |
| 10:40AM | 20 | THE DEFENDANT:  No.  I don't have any questions, Your |
| 10:40AM | 21 | Honor. |
| 10:40AM | 22 | THE COURT:  Are these all the terms and conditions of |
| 10:40AM | 23 | the plea agreement which we just read here in court? |
| 10:40AM | 24 | THE DEFENDANT:  Yes, they are. |
| 10:40AM | 25 | THE COURT:  No one has made any other promises to |

10:40AM   1    you, have they?

10:40AM   2             THE DEFENDANT:  No, they have not, Your Honor.

10:40AM   3             THE COURT:  Has anyone attempted, in any way, to

10:40AM   4    force you to plead guilty here?

10:40AM   5             THE DEFENDANT:  Oh, no, Your Honor.

10:40AM   6             THE COURT:  Anyone threaten you in any way?

10:40AM   7             THE DEFENDANT:  Not at all.

10:40AM   8             THE COURT:  Your willingness to plead guilty, your

10:40AM   9    attorneys had extensive negotiations, I guess, over the years

10:40AM   10   with the government.  Based on those discussions, the plea

10:40AM   11   agreement was prepared and that's basically how this all came

10:40AM   12   about.  Is that true?

10:40AM   13            THE DEFENDANT:  That is correct, Your Honor.

10:40AM   14            THE COURT:  Now, do you understand that the offense

10:40AM   15   which you are pleaded guilty to is a serious offense.  And if

10:40AM   16   it's accepted by the Court, you'll be found guilty, and there

10:40AM   17   will be no appeal as long as the sentence is consistent with

10:40AM   18   the terms and conditions of the plea agreement.  Do you

10:41AM   19   understand that, sir?

10:41AM   20            THE DEFENDANT:  Yes, I do, Your Honor.

10:41AM   21            THE COURT:  In other words, this is your day in

10:41AM   22   court.  And, as you know, we have a scheduled trial date next

10:41AM   23   month.  And you'd have a right to have all of the

10:41AM   24   representation, et cetera, and I'll go through that in a

10:41AM   25   minute.  Do you understand that?

10:41AM   1          THE DEFENDANT:  Yes, I do, Your Honor.

10:41AM   2          THE COURT:  Now, do you understand that being found

10:41AM   3   guilty of this offense may deprive you of certain rights?  You

10:41AM   4   may lose the right to vote, right to hold public office, right

10:41AM   5   to serve on a jury, right to possess a firearm, certain civil

10:41AM   6   service-type jobs.  Do you understand all that, sir?

10:41AM   7          THE DEFENDANT:  Yes, I do, Your Honor.

10:41AM   8          THE COURT:  And do you understand all the possible

10:41AM   9   consequences?  Do you understand we read paragraph 1?  We've

10:41AM  10   gone over the guidelines.  We've gone over the forfeiture.

10:41AM  11   We've gone over the penalty assessment of $100.  Do you

10:41AM  12   understand all that, sir; and the possible fine.  Do you

10:41AM  13   understand all that?

10:41AM  14          THE DEFENDANT:  I do understand it, Your Honor.

10:41AM  15          THE COURT:  Now, do you understand that you have a

10:41AM  16   right to plead not guilty?  Now, we'd go to trial on the

10:41AM  17   indictment, I assume.

10:41AM  18          MR. KRULY:  That's -- yes.

10:41AM  19          THE COURT:  And you have a right to a trial on the

10:42AM  20   indictment, and you have a right to have a jury decide whether

10:42AM  21   you're guilty or not guilty.  First of all, I'd be the Judge.

10:42AM  22   And, to the best of my ability, I would conduct a trial fairly

10:42AM  23   and impartially.  I have no interest in this case.  My job is

10:42AM  24   to make sure you and the government get a fair trial under the

10:42AM  25   law.  Do you understand that, sir?

10:42AM   1            THE DEFENDANT:  Yes, I do, Your Honor.

10:42AM   2            THE COURT:  Now, in picking a jury, we would have in

10:42AM   3    the courtroom somewhere around 50 to 75 people who live in

10:42AM   4    this area, live in this district.  They'd be in the court.

10:42AM   5    They'd all be put under oath to answer all my questions

10:42AM   6    honestly and truthfully.  Your lawyers will be present with

10:42AM   7    you.

10:42AM   8        If there were anyone in that group after the questioning

10:42AM   9    by the Court -- and it's pretty thorough I believe -- if

10:42AM  10    there's any question of anyone's impartiality, their fairness,

10:42AM  11    you could bring it to the Court's attention and say, hey,

10:42AM  12    Judge.  That guy's already made up mind.  And if I agree with

10:42AM  13    you, there's no reason why I wouldn't, if it makes sense, that

10:42AM  14    person would be gone.

10:43AM  15        You know, Mr. Parlato, in life, you have a lot of people

10:43AM  16    that have a lot of opinions about a lot of things.  And a lot

10:43AM  17    of these people with their opinions sometimes don't have the

10:43AM  18    foggiest idea what they're talking about, but they're so

10:43AM  19    smart, they're going to give you their opinion.  And the

10:43AM  20    person may say, well, the guy has been here, he's been

10:43AM  21    charged, he must be guilty.  I don't need a trial.  I've

10:43AM  22    already decided the guy is guilty.  They wouldn't have a

10:43AM  23    change to serve on a jury.  Do you understand that, sir?

10:43AM  24            THE DEFENDANT:  Yes, I do, Your Honor.

10:43AM  25            THE COURT:  Also, you'd have a right to remove up to

10:43AM    1    ten individuals for any reason you wanted other than race or

10:43AM    2    gender.  You couldn't say, well, I don't want any women on my

10:43AM    3    jury, or I don't want a particular race of people.  You can't

10:43AM    4    discriminate as to that.  During the process -- I've been

10:43AM    5    doing this for a long time -- you may feel that -- well, I

10:44AM    6    just got a note.  Are you presently under the influence of any

10:44AM    7    drug, medicine or alcohol?

10:44AM    8            THE DEFENDANT:  No, I'm not, Your Honor.

10:44AM    9            THE COURT:  You're consistent with that opinion,

10:44AM   10    Mr. Greenman?

10:44AM   11            MR. GREENMAN:  Yes.  We've discussed it, Your Honor.

10:44AM   12            THE COURT:  Okay.  I guess I forgot to do that.  My

10:44AM   13    staff keeps me -- makes sure I comply with all the

10:44AM   14    requirements of Rule 11.

10:44AM   15        Mr. Greenman or Mr. Cambria would represent you during the

10:44AM   16    trial.  You'd have a right to see all the witness, have your

10:44AM   17    lawyer cross-examine all the witnesses.  After the government

10:44AM   18    has rested its case, you could put on a defense.  You could

10:44AM   19    subpoena witnesses or any records that are relevant to your

10:44AM   20    defense, but you don't have to do anything.  You're presumed

10:44AM   21    not guilty.

10:44AM   22        You can sit there and you say, you prove it, government.

10:44AM   23    I'm going to rely on the presumption of innocence.  And I will

10:44AM   24    instruct the jury.  They'll be under oath, they'll have to

10:44AM   25    follow my instructions, that you have no burden to prove a

10:44AM   1   thing.  The burden is strictly on the government.  And they

10:44AM   2   will have to convince all 12 jurors that you're guilty beyond

10:44AM   3   a reasonable doubt before you be found guilty.  Do you

10:44AM   4   understand that, sir?

10:44AM   5           THE DEFENDANT:  Yes, I do, Your Honor.

10:44AM   6           THE COURT:  And by entering a plea of guilty, if it's

10:45AM   7   accepted by the Court, there will be no trial.  You'll have

10:45AM   8   waived your right to trial as well as all the other rights we

10:45AM   9   talked about.  Do you understand that, sir?

10:45AM  10           THE DEFENDANT:  Yes, I do, Your Honor.

10:45AM  11           THE COURT:  You're doing this voluntarily, of your

10:45AM  12   own free will, no one is forcing you to do this, you

10:45AM  13   understand all the possible consequences?

10:45AM  14           THE DEFENDANT:  I do understand them all, Your Honor.

10:45AM  15           THE COURT:  Counsel, do you know any reason why I

10:45AM  16   should not accept the plea?

10:45AM  17           MR. KRULY:  No, Your Honor.

10:45AM  18           MR. GREENMAN:  No, Your Honor.

10:45AM  19           THE COURT:  You're both satisfied I've complied with

10:45AM  20   all the requirements of Rule 11?

10:45AM  21           MR. KRULY:  Yes, Your Honor.

10:45AM  22           MR. GREENMAN:  You have, Your Honor.

10:45AM  23           THE COURT:  Mr. Parlato, how do you plead to Count 1

10:45AM  24   of the superseding information; guilty or not guilty?

10:45AM  25           THE DEFENDANT:  I plead guilty to it.

10:45AM    1          THE COURT:  It's the finding of the Court the

           2   defendant is fully competent and capable of entering an

           3   informed plea.  His plea of guilty is a knowing and voluntary

           4   plea, supported by an independent basis of fact containing

           5   each of the essential elements of the offense charged.  His

           6   plea is therefore accepted.  He is now adjudged guilty of

10:45AM    7   Count 1.

10:45AM    8      Sentencing will be scheduled for December 7th at 12:30.  A

10:45AM    9   written presentence report will be prepared by the probation

10:46AM   10   office to assist the Court in imposing sentence.  Mr. Parlato,

10:46AM   11   you'll be afforded an opportunity, sir, to meet with the

10:46AM   12   probation officer.  Your attorneys should be present during

10:46AM   13   the interview.  You'll receive a copy of the report as well as

10:46AM   14   your attorney.

10:46AM   15      You'll be able to file any additional information or any

10:46AM   16   motions or objections or memoranda that are consistent with

10:46AM   17   the terms and conditions of the plea agreement, and both you

10:46AM   18   and your lawyers have will an opportunity, as well as the

10:46AM   19   government, to say anything you wish to say in mitigation of

10:46AM   20   the sentence.  The time schedule for filing all papers will be

10:46AM   21   as follows.

10:46AM   22          THE CLERK:  The initial presentence report will be

10:46AM   23   due October 24th.  Statement of party with respect to

10:46AM   24   sentencing factors, objections, if any, and motions if any,

10:46AM   25   including 5K1, are due November 16th.  Defense notice of

10:46AM  1    government failure to file 5K1 motion due November 21st.

10:46AM  2    Response to objections or motions due November 23rd.

10:47AM  3         Sentencing memorandum or character letters in support of

10:47AM  4    the defendant are due November 23rd.  Motions to adjourn

10:47AM  5    sentencing due November 28th.  Final presentence report is due

10:47AM  6    November 30th.  Government's response to legal arguments in

10:47AM  7    defendant's sentencing memorandum are due November 30th.  Any

10:47AM  8    request for a non-guideline sentence in writing due November

10:47AM  9    30th, and response to request for non-guideline sentence due

10:47AM  10   December 5th.

10:47AM  11        THE COURT:  All right.  I think we've have concluded

10:47AM  12   in the case of United States v. Parlato as far as the plea.

         13   (Proceedings concluded at 10:47 a.m.)

         14

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25

1            *     *     *     *     *     *     *

2

3            I certify that the foregoing is a

4       correct transcription of the proceedings

5       recorded by me in this matter.

6

7

8

9                          s/ Megan E. Pelka, RPR

10                          Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25