IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                             15-CR-149-RJA

FRANK R. PARLATO, JR.,

                Defendant.

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The United States of America, but and through its undersigned counsel, hereby responds to defendant Frank R. Parlato, Jr.'s, objections to the presentence report. *See* Dkt. 316.

The defendant's primary objection (Dkt. 316 ¶¶ 4-12, 17-19) argues that the PSR should not contain facts unrelated to the crime to which he pleaded guilty. Those facts concern the underlying case and the Superseding Indictment's allegations, which the government was prepared to prove if this case went to trial.[1] The defendant, however, offers no legal basis for this information to be removed from the PSR.

Instead, including this information in the PSR is consistent with the "longstanding principle" that it is "'[h]ighly relevant—if not essential" for a sentencing judge to have "the fullest information possible concerning the defendant's life and characteristics.'" *United States*

---

[1] Although the defendant pleaded guilty to a superseding information, in the plea agreement he agreed that the government retained its right to "provide to the Probation Office and the Court all the information in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history." Plea Agree. ¶ 19(a).

*v. Watts*, 519 U.S. 148, 151-52 (1997) (*per curiam*) (citing *Williams v. New York*, 337 U.S. 241, 247 (1949)). This, of course, includes the defendant's "lawful conduct," but it has also long been understood to include "past criminal behavior which did not result in a conviction." *BMW of North Am. v. Gore*, 517 U.S. 559, 573 n. 19 (citing *Williams*, *supra*). Congress has "codifie[d] th[is] longstanding principle" in 18 U.S.C. § 3661. *Watts*, 519 U.S. at 151. *See also Pepper v. United States*, 562 U.S. 476, 489 (2011) (noting that in § 3661 and Guideline § 1B1.4, "[b]oth Congress and the Sentencing Commission . . . expressly preserved the traditional discretion of sentencing courts to 'conduct an inquiry broad in scope, largely unlimited . . . as to the kind of information they may consider'") (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)) (brackets omitted).

This information in the PSR about the underlying case is consistent with these well-established legal principles. The defendant does not dispute this, nor does he offer more particularized objections to the information contained in these paragraphs of the PSR. To the extent he intends to contest the facts through his sentencing memorandum, the government reserves its right to respond.

DATED:   Buffalo, New York, December 8, 2022

TRINI E. ROSS
United States Attorney

BY:   **CHARLES M. KRULY**
CHARLES M. KRULY
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5838
Charles.Kruly@usdoj.gov

BY:   **MICHAEL DIGIACOMO**
MICHAEL DIGIACOMO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5838
Michael.DiGiacomo@usdoj.gov