IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                  15-CR-149-RJA

FRANK R. PARLATO, JR.,

                Defendant.

---

### GOVERNMENT'S MEMORANDUM REGARDING SENTENCING LETTERS

**THE UNITED STATES OF AMERICA,** by and through its attorney, Trini E. Ross., United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorneys, Charles M. Kruly and Michael DiGiacomo, respectfully submits this memorandum in response to the Court's request for briefing addressing whether the Court may consider letters submitted by third parties when imposing sentence.

### DISCUSSION

In weighing the § 3553(a) factors, the Court may—and should—consider letters submitted by individuals other than Parlato's supporters. Doing so is consistent with the "longstanding principle" that it is "'[h]ighly relevant—if not essential" for a sentencing judge to have "the fullest information possible concerning the defendant's life and characteristics.'" *United States v. Watts*, 519 U.S. 148, 151-52 (1997) (*per curiam*) (citing *Williams v. New York*, 337 U.S. 241, 247 (1949)). Title 18, United States Code, § 3661 "codifies th[is] longstanding principle." *Watts*, 519 U.S. at 151. *See also Pepper v. United States*, 562 U.S. 476, 489 (2011) (noting that in § 3661 and Guideline § 1B1.4, "[b]oth Congress and the Sentencing Commission . . . expressly preserved the traditional discretion of sentencing courts to 'conduct

an inquiry broad in scope, largely unlimited . . . as to the kind of information they may consider'") (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)) (brackets omitted).

When fashioning a sentence, the Due Process Clause similarly "does not restrict a court with respect to the type of information it may consider for purposes of sentencing." *United States v. Delacruz*, 862 F. 3d 163, 175 (2d Cir. 2017). In fact, a district judge is "largely unlimited as to the kind of information he may consider, or the source from which it may come." *United States v. Ryan*, 806 F.3d 691, 693 (2d Cir. 2015). Stated another way, "[t]he sentencing court's discretion is 'largely unlimited either as to the kind of information [s]he may consider, or the source from which it may come.' Any information or circumstance shedding light on the defendant's background, history and behavior may properly be factored into the sentencing determination provided there is some minimal indicia of reliability accompanying the hearsay statement." *United States v. Ruth*, 578 F. Supp. 3d 392 (W.D.N.Y. 2022) (quoting *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989)). Allowing such consideration "ensures that the punishment will suit not merely the offense but the individual defendant" as well. *Wasman v. United States*, 468 U.S. 559, 564, (1984).

It follows that the Court may consider letters submitted by third parties when the Court imposes sentence. As the Second Circuit has noted, "it is not an abuse of discretion or otherwise err if the court considers the statement of a speaker who does not qualify as a statutory 'victim' since Congress has not placed arbitrary limits on what information a district court may consider at sentencing." *United States v. Kimmons*, 2022 WL 2344088 (2d Cir. 2022) (citing *United States v. Smith*, 967 F.3d 198, 215 (2d Cir. 2020)). Whether a defendant's rights were violated in such a situation "largely hinges on whether he had a fair opportunity to respond." *Id.* at *2. Because the defendant will have an opportunity to respond to the letters

2

the government submits with its sentencing memorandum, the Court may—and should—consider them when imposing sentence.

DATED: Buffalo, New York, April 24, 2023.

TRINI E. ROSS
United States Attorney

BY: *CHARLES M. KRULY*
CHARLES M. KRULY
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5838
Charles.Kruly@usdoj.gov

BY: *MICHAEL DIGIACOMO*
MICHAEL DIGIACOMO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5838
Michael.DiGiacomo@usdoj.gov