UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                *Plaintiff*,

vs.                                                    **Case No:  15-CR-00149-001(RJA)**

FRANK R. PARLATO, JR.,

                *Defendant.*

---

### DEFENDANT FRANK PARLATO'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM

DATED:    Buffalo, New York
                June 30, 2023                Respectfully submitted,

                                                      HERB GREENMAN, ESQ,
                                                      PAUL J. CAMBRIA, JR., ESQ.
                                                        Attorneys for Defendant
                                                        FRANK PARLATO
                                                        42 Delaware Avenue
                                                         Buffalo, New York 14202
                                                         (716) 849-1333
                                                         pcambria@lglaw.com
                                                         hgreenman@lglaw.com

TO:    MICHAEL DIGIACOMO, ESQ.
           CHARLES M. KRULY, ESQ,
           ASSISTANT UNITED STATES ATTORNEYS
           138 Delaware Avenue
           Buffalo, New York 14202

# PRELIMINARY STATEMENT

In reply to the Government's Sentencing Memorandum, Mr. Parlato personally states the following. Your Honor, it is critical to address the inaccurate portrayal of the tax loss in this case. The Government's claim that I admitted to not paying "nearly $400,000" in taxes is based on a false number created to inflate the sentencing guidelines rather than reflecting actual conduct. The Government references paragraph 4(e), in the Plea Agreement:

> "As part of relevant conduct, the defendant admits that, from 2006 to 2017, he failed to report income he earned from managing One Niagara. The tax loss from the defendant's unreported income was approximately $390,346."

However, the Government conveniently fails to acknowledge a handwritten amendment (44a) in the Plea Agreement which explicitly states that I paid approximately $260,614 out of the $390,346 tax amount mentioned in paragraph 4(e).

> 44.a. The parties agree that, for tax years 2006-2013, the defendant paid approximately $260,614 out of the $390,346 stated in paragraph 4(e).

It is important to note that the Government admits in its response that I paid the $260,614 before the Government filed the original Indictment in 2015. Furthermore, during the plea colloquy, the Government admitted it inflated a tax loss to sentence me for conduct I did not commit.

> **The Court:** Mr. Kruly, before you go any further, I note that in the plea agreement under the statement of facts there's an amount of 390,346 and then we're dealing with here number of 184,000 of the 407,000. A lot of numbers floating around here.
>
> **Mr. Kruly:** Yes. And that difference, Judge, is the basis for one of the handwritten changes on page 15, which I'll read now. I think it fits in here.

Mr. Kruly read Paragraph 44A [see above] and then added, "So, essentially, Judge, the tax loss for purposes of the guidelines calculation is 390,000, but the defendant paid approximately 260,000 of that tax amount, which is why the restitution is lower.

Within the four corners of the Plea Agreement, the loss is at most $129,732, not "almost $400,000," as the Government asserts in its Sentencing Memorandum. The actual tax loss is ZERO. The Plea Agreement covers the years 2006-2017. The Government admits that I fully paid the taxes [$260,614] for tax years 2006-2013.

The Government estimates $129,732 in unpaid taxes for 2014-2017. This estimate needs to be corrected. It is not surprising that during that period, while under Indictment or facing the threat of Indictment, I experienced reduced income and increased expenses. Following the execution of the Plea Agreement, I filed tax returns for 2014-2017, which showed I owed zero taxes. The above facts establish that the actual $390,146 tax loss is incorrect. The true tax loss is zero.

## NOT TAX EVASION

While I acknowledge that I filed taxes late, I am adamant I never falsified information. It is crucial to differentiate between late filing and dishonest reporting of income. The Government's unsubstantiated portrayal of me in its Sentencing Memorandum runs the gamut from the patently false to the absurd. The Government accuses me of conduct never alleged in the Indictment, injecting into these proceedings at the 11th-hour brand new and contrived accusations.

The Government claims I engaged in a "pattern of tax evasion" and a "pattern of defying tax authorities" with a "dangerous and lawless," "dangerously-flippant attitude" as I secretly "evaded the IRS for years" yet "openly flaunted his disdain for the IRS," and his "classic tax evasion" had the novel element of a man who not only "defied his obligation to pay taxes" but

3

"encouraged others to do the same" and possessed a streak of moral righteousness - as a man "who views tax evasion as one's civic duty."

But I did not file false tax returns. The Government never charged me with tax evasion despite a four-year investigation, followed by Indictments spanning more than seven and half years.

The Government has possessed my 2006-2013 tax returns for over a decade and did not charge me with filing a false return. In the Plea Agreement, the Government has not argued that my filed tax returns are not 100 percent accurate [see chart following Paragraph 21].

After 11.5 years of investigation and prosecution, with an Indictment alleging millions of dollars in fraud and concealment, the Government offered a Plea Agreement to a single failure to file IRS Form 8300 pertaining to $19,700 collected in cash as rent from a food stand 13 years ago. I did not plead guilty to anything more.

## **BACKGROUND**

The Court scheduled a trial for September 13, 2022, with an expected duration of six to 8 weeks. I planned to mount an active defense against the charges alleged in the Superseding Indictment.

On or about August 3, 2022, the Government presented a proposed Plea Agreement offering to dismiss the 18-count Superseding Indictment, and I would plead to a single count of Willful Failure to File Returns Involving Cash Transactions of More Than $10,000, in violation of 26 U.S.C. §7203 and 26 U.S.C. §6050. The alleged conduct was a failure to file IRS Form 8300 and pertained to $19,700 collected in cash rent from a food stand at the One Niagara Building during the summer of 2010. The Government conceded in the Plea Agreement that I declared the $19,700 as income on his 2010 tax returns and paid taxes on it. (Paragraph 21 in Plea Agreement)

4

The Government's August 3 proposed Plea Agreement contained language it intended to use to determine the sentencing range since the single failure to file Form 8300 was a misdemeanor offense. The Court scheduled a status conference for August 5. I informed counsel that I rejected the proposed Plea Agreement and was prepared to go to trial. The Government agreed to amend the rejected Plea Agreement, which included striking Paragraph #6, which would have controlled how the Sentencing Guidelines were calculated, and added two handwritten amendments inside the courtroom before the Court took the bench.

Paragraph #6, under the heading Sentencing Guidelines, read:

> "Pursuant to the Sentencing Guidelines 1B1.2[a], the Government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code Section 371."

Paragraph 6 was struck and initialed by the Government and myself as follows:



By striking paragraph 6, the sole reference to 18 USC § 371 (Klein Conspiracy) in the Plea Agreement, "relevant conduct" associated with obstruction, fraud, and concealment from the IRS

was eliminated. Striking paragraph 6 also eliminated how the Sentencing Guidelines were to be applied and eliminated the predicate facts necessary for the Government to establish a felony crime under 26 U.S.C. § 2703.

Paragraph 44b, handwritten by AUSA Kruly, is of particular importance to me; it is the final paragraph and boils my intent of the entire Agreement down to its ultimate essence: 44b reads: "The parties agree that the only crime the defendant is pleading guilty to is a violation of 26 USC section 7203 and Section 6050(i). The parties agree that the only charge to which the defendant is pleading guilty is a failure to file an IRS Form 8300 in 2010 as set forth in the Superseding Indictment and factual basis."

> 44.b. The parties agree that the only F.F. crime the defendant is pleading guilty to is a violation of 26 U.S.C. §7203 and §6050I. The parties agree that the only charge to which the defendant is pleading guilty is a failure to file an IRS Form 8300 as set forth in the Superseding Information and factual basis. in 2010

After the Government added the amendments, the parties signed the Agreement and I appeared before the Court, waived Indictment, and pled guilty to one count of a Superseding Information, charging me with Willful Failure to File Returns Involving Cash Transactions of More Than $10,000, in violation of 26 U.S.C. §7203 and 26 U.S.C. §6050.

## COLLOQUY

To emphasize that the Failure to File IRS Form 8300 in 2010 was the only offense to which I pled guilty, I asked the Court during the Plea Colloquy:

**The Defendant**: It's my understanding that this is the one and only charge I'm

pleading guilty to, which was a failure to file an 8300 form in 2010.

**The Court**: Mr. Kruly, this is the only charge he's pleading guilty to?

**Mr. Kruly:** Correct. The count is contained in the superseding information.

**The Court:** And the Indictment that's pending right now will be ultimately dismissed?

**Mr. Kruly:** At the time of sentencing.

**The Court:** So there will be no charges pending after this plea?

**Mr. Kruly:** That's correct.

Subsequently, during the Colloquy, I sought further clarification:

**The Defendant:** Yes, I do, with just one question, Your Honor. It is my understanding that there was -- the only charge here is just the -- as written in item D, that there is not numerous -- I'm not admitting to numerous failure to file, just this one instance.

**Mr. Greenman**: Judge, we believe that section 4, subdivision D, reflects the allegation in the Superseding Information that he is pleading guilty on one occasion for not having filed an 8300 form because the aggregate of numerous multiple payments exceeded $10,000 in cash. That is the only thing he is pleading guilty to, and I think the Government would agree.

**The Court**: You agree with that, Mr. Kruly?

**Mr. Kruly**: Yes, Judge.

**The Court**: Okay. It's on the record. Okay.

In addition, Your Honor established that the IRS was the sole victim in this case.

**The Court:** Just one second. Paragraph 26 talks about victims. What are we talking about here?

**Mr. Kruly**: The IRS, Judge. So, I don't think this paragraph was really applicable here, but it's part of our standard restitution language that we typically, I don't think, read at pleas.
**The Court**: The victim is the IRS.

**Mr. Kruly**: Correct.

**The Court**: Okay. All right.

## THE FLORIDA INCIDENT

The Government alleges I victimized an alleged "live-in girlfriend," which is untrue. The Florida State Attorney declined to file charges and took the unusual step of recalling the arrest warrant. The State Attorney refused to charge me, indicating the absence of any valid basis for prosecution. (See attached State of Florida Memorandum of No Action.)

Following the recall of the arrest warrant, the Court ordered a bail revocation hearing on December 20, 2021. The woman, represented by Buffalo attorney James Harrington, was prepared to appear before the Court to testify. However, the Court did not revoke my bail and instead ordered an anger management assessment. I underwent the evaluation as required by the Court. The probation-approved therapist conducted the assessment and concluded that I did not require anger management treatment. This professional evaluation supports that the allegations against me were unfounded.

The truth is evident in the recalled arrest warrant, and due process. I have attached a redacted letter from the woman involved that affirms the fallacy of the Government's allegations. I will provide an original copy of this letter to the Court at sentencing.

## THIRD PARTY LETTERS

With respect to the 'third party letters" the Court received, they are from individuals I wrote about in my investigative posts. The individuals may not have liked what I wrote about them, which resulted in the letters, but the information was true.

Finally, out of more than 10,000 articles I have written, the Government picked a single quote from a comedian, and attributed its authorship to me.

The Government writes of me: "In a blog post he wrote in support of jury nullification *after* he was indicted in this case, Parlato quoted a comedian to "make[] [Parlato's] point": As Parlato wrote, "'If you take jury duty and it's. . . any kind of IRS bullshit, . . . you say "not guilty."… These are not the words of a man who believes that not paying his taxes is "morally reprehensible." These are, instead, the words of a man who views tax evasion as one's civic duty."

In my career as a journalist, I have tackled controversial subjects. I often give a platform to ideas and beliefs I don't necessarily hold because I believe in free speech and robust debate.

In the seven-year-old article referenced by the Government, I included eight quotations, including Thomas Jefferson, John Adams, Alexander Hamilton, and others who presented ideas about constitutional rights. For the Government to take a single quote out of context, not even something I said, and use it to prove that I have criminal intent - for a crime I was never charged with is inappropriate.

## CONCLUSION

I respectfully request that the Court consider my Reply and that the Court sentence me accordingly.

Respectfully submitted,

s/ Herbert L. Greenman
HERBERT GREENMAN, ESQ,
PAUL J. CAMBRIA, JR., ESQ.
Attorneys for Defendant
FRANK PARLATO
42 Delaware Avenue
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
hgreenman@lglaw.com

9

# OFFICE OF THE STATE ATTORNEY
SIXTEENTH JUDICIAL CIRCUIT

**Dennis W. Ward**
State Attorney

530 Whitehead Street, Suite 301
Key West, Florida 33040

**(305) 292-3400**
Fax(305) 294-7707

| | |
|---|---|
| To: | The Honorable Kevin Madok, Clerk of Court |
| Re: | *State of Florida vs. Frank Robert Parlato* |
| Case Number: | 2021CF00784AK |
| Charge(s): | 1) False Imprisonment 787.02  2 (3 F) |
| | 2) Tampering With a Witness 914.22  1 (3 F) |
| | 3) Battery 784.03(1) (1 M) |

## M E M O R A N D U M   O F   N O   A C T I O N

The State of Florida hereby declines to file charges in this case and therefore enters this "NO ACTION" for one or more of the following reason(s):

After reviewing the evidence, conducting a sworn victim intake, and considering the victim's wishes to decline prosecution, the State does not reasonably believe this case can be prosecuted successfully.

　　　　　　　　　　　　　　　　　　　／s/ Cristina Spottswood
　　　　　　　　　　　　　　　　　　Cristina Lyn Spottswood
　　　　　　　　　　　　　　　　　　Assistant State Attorney
　　　　　　　　　　　　　　　　　　Florida Bar No. 0084481
　　　　　　　　　　　　　　　　　　cspottswood@keyssao.org

　　　　　　　　　　　　　　　　　　Date:    December 16, 2021

cc:　　Jail records
　　　　Warrants
　　　　PTS

Re: Sentencing of Frank Parlato, Jr.

Dear Judge Arcara,

I am writing to respectfully address the Court regarding an incident described in the Government's Sentencing Memorandum for Frank Parlato, Jr., where the government falsely labeled me as a "victim." The fact is, no crime was committed. Hence, there is no victim.

After a thorough investigation, the State of Florida, through Assistant State Attorney Cristina Spottswood recalled the warrants. Therefore, no charges exist. An arrest was never made. All documents were sealed.

Because the government released sensitive and confidential information from a sealed document, putting me in jeopardy, I am not disclosing my name in this letter. However, I hope the Court will place this letter on the docket and make it available publicly.

My name is known to the Defense and the Government has my contact information. In a separate letter to the Court, I have provided my name, address, phone number and email address.

To correct the record, I did not provide any statements or make accusations to the police. Mr. Parlato did not assault me or engage in any of the alleged actions. The charges against him were baseless and without merit. I want to emphasize I sustained no injuries, as the Government suggests. The Government should be aware that no medical assistance was offered or provided because there were no injuries to treat.

Upon review of the bodycam footage, it is apparent that the police officers had preconceived notions about the situation before engaging with me. Their leading questions were designed to validate their assumptions. While ASA Spottswood showed me their intentions were well-meaning, their assumptions were unequivocally incorrect.

After quoting from a sealed report, the Government wrote about Mr. Parlato, "and he then escaped punishment, no doubt by convincing the victim that she should not press charges."

This statement wholly untrue, and offensive. The government not only insists that I am a victim, but then denies my agency and presents me as a weak, mindless, incapable female, void of principles and ethics, who will be led for the benefit of another.

Mr. Parlato did not need to convince me of anything. It was clear and straightforward for me to set the record straight when faced with such obvious misrepresentations. As soon as I became aware of the arrest warrant, I promptly contacted Florida Assistant State Attorney Cristina Spottswood. Our recorded meeting allowed me to provide comprehensive answers to all of ASA Spottswood's questions, clarifying the events of that night, providing additional information, and addressing the officers' erroneous conclusions, Ms. Spottswood acknowledged the "perfect storm" of circumstances and recalled the arrest warrant against Mr. Parlato.

I am deeply concerned about the unauthorized disclosure of sealed and confidential information from the police report by the Government. As a direct result of the Government's breach, I received a personal threat directed at me and my family. I will be providing the threat in a separate letter to the Your Honor and the Government to request appropriate remedy.

Moreover, the Government, in its sentencing memorandum, refers to the principle that a sentencing judge should have the "fullest information possible" regarding the defendant's life and characteristics. However, the prosecutors did not reach out to me to gather the "fullest information possible," despite having my phone number and email.

Given the inaccurate assertions made about my actions and motives, I felt compelled to write directly to the Court to provide the "fullest correct information possible" and present an accurate depiction of Mr. Parlato's character. It is important to ensure a fair and just sentencing process, especially when a person's freedom may hang in the balance.

I have found Frank Parlato to display qualities of support, kindness, and a genuine desire to assist others. His documented track record of helping individuals escape abusive situations attests to his character.

Frank Parlato has taught me how to see adversity as opportunity; and to remain calm when faced with great challenges.

I deeply regret that the recalled warrant, based on false assumptions and charges, continues to pose challenges for Mr. Parlato. It is my hope that the Court will consider this letter and the information provided herein when evaluating the circumstances surrounding the incident.

Thank you for your attention to this matter. I will be happy to appear before Your Honor to answer any further questions. I appreciate your consideration.

XXXXXXXX

XXXXX

Phone: XXXXX

Email: XXXXXXXX

June 30, 2023