STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

**CLARE W. BRONFMAN**
5 Southside Drive, Suite 290
Clifton Park, New York 12065, and

**SARA R. BRONFMAN**
5 Southside Drive, Suite 285
Clifton Park, New York 12065

                        Plaintiffs,

vs.

**FRANK R. PARLATO, JR.**
360 Rainbow Boulevard
Niagara Falls, New York 14303, and

**JOHNSTON & PEACH, INC.,**
24 Leawood Drive
Tonawanda, New York 14150,

                        Defendants.

---

SUMMONS WITH NOTICE
143205
02/15/2011 12:16:52 PM
Receipt # 201171750
2 Pages
Wayne F. Jagow, Niagara County Clerk
Clerk: PC

## SUMMONS WITH NOTICE

**TO THE ABOVE-NAMED DEFENDANTS:**

    You are hereby summoned and required to serve upon Plaintiffs' attorneys an answer to the complaint in this action within TWENTY (20) days after the service of this summons, exclusive of the day of service, or within THIRTY (30) days after service is completed if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint. If the Summons is served without a complaint, Defendants may serve a written demand for the complaint or a notice of appearance within the timeframe specified above.

    The basis of venue designated is the residence of both Defendants, both of which are in Niagara County, State of New York.

    The nature of this action is for the recovery of money based on Defendants' fraud, deceit, breach of contract, conversion, money had and received, and unjust enrichment. The action arises from Defendants' illegal conduct during the course of Parlato's retention by Plaintiffs' business ventures, which conduct involved fraudulently obtaining $1 million from the Plaintiffs for the respective benefit of both Defendants. Upon information and belief, Defendants conspired and acted together to convert Plaintiffs' money for Defendant Parlato's personal use.

This action is for a money judgment in an amount to be proven at trial, plus interest, plus punitive damages, plus costs and attorneys' fees, and for such other and further relief as permitted by law and as deemed proper by the Court.

Plaintiff reserves the right to assert other or different causes of action in the event that it is determined during discovery that other causes of action exist.

In the case of default, judgment will be taken against Defendants in the amount to be proven by Plaintiffs at a damages hearing, plus interest, plus punitive damages, plus costs and attorneys' fees, and for such other and further relief as the Court deems just and proper.

DATED:   Buffalo, New York
         February 15, 2011

                                        DAMON & MOREY LLP

                                   By:  _____
                                        William F. Savino
                                        *Attorneys for Plaintiffs, Clare and Sara Bronfman*
                                        The Avant Building, Suite 1200
                                        200 Delaware Avenue
                                        Buffalo, New York 14202-2150
                                        Telephone: (716) 856-5500

#1530825

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

**CLARE W. BRONFMAN**
5 Southside Drive, Suite 290
Clifton Park, New York 12065, and

**SARA R. BRONFMAN**
5 Southside Drive, Suite 285
Clifton Park, New York 12065

Index No.: 143205

Plaintiffs,

vs.

**FRANK R. PARLATO, JR.**
360 Rainbow Boulevard
Niagara Falls, New York 14303, and

**JOHNSTON & PEACH, INC.,**
24 Leawood Drive
Tonawanda, New York 14150,

Defendants.



VERIFIED COMPLAINT

143205
04/03/2012 11:29:24 AM
11 Pages

Wayne F. Jagow, Niagara County Clerk   Clerk: MKS

---

## VERIFIED COMPLAINT

Plaintiffs Clare W. Bronfman and Sara R. Bronfman, by and through their attorneys, Damon Morey LLP, as their Verified Complaint against defendants Frank R. Parlato, Jr. and Johnson & Peach, Inc., allege as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiffs Clare W. Bronfman and Sara R. Bronfman (collectively, "the Bronfmans") are individuals with a principal place of business in Clifton Park, Saratoga County, New York.

2. Defendant Frank R. Parlato, Jr. ("Parlato") is an individual and is a resident of Niagara Falls, Niagara County, New York.

3. Defendant Johnston & Peach, Inc. ("J&P) is a New York corporation that, on information and belief, has a principal place of business at 24 Leadwood Drive, Tonawanda, Erie County, New York, and was dissolved by proclamation on January 25, 2012 after the commencement of this action.

4. J&P was, in January 2008, owned or controlled by Parlato.

5. Parlato was, at all relevant times, in the business of real estate development among other business interests.

6. Commencing in about September 2007, the Bronfmans engaged Parlato as a public relations consultant and began paying him a monthly fee.

7. Prior to and in January 2008, Parlato owned or controlled an interest in certain real estate in Niagara Falls, New York commonly known as "One Niagara."

8. Prior to and in January 2008, the Bronfmans were investors in a real estate construction and development company, Precision Development LLC, in Los Angeles, California (the "Los Angeles Project").

9. The Bronfmans learned from their partners in the Los Angeles project that the Los Angeles Project required additional financing

10. The Bronfmans were unwilling and not obligated to provide additional financing for the Los Angeles Project.

11. The Bronfmans, who had already engaged Parlato as a public relations consultant, were led to believe by Parlato that he was a person with experience in real

estate development and had the ability to raise additional financing for the Los Angeles Project.

12. Upon undertaking his own due diligence into the Los Angeles Project, Parlato determined that there were problems that required the Bronfmans' further investigation and attention.

13. The Bronfmans proposed that Parlato, still a consultant to the Bronfmans at a monthly fee, undertake additional responsibilities as an agent of the Bronfmans with respect to the Los Angeles Project.

14. Parlato expressed an interest and ability in assisting the Bronfmans but represented to them that he could not attend to the Los Angeles Project unless the Bronfmans loaned him the sum of $1.0 million which sum he represented was then owed by Niagara One for unpaid real estate taxes (thereby threatening the premises with imminent tax foreclosure).

15. Parlato represented that once the real estate taxes were paid for Niagara One, he would be free of distractions caused by Niagara One and he could then attend to responsibilities involving the Los Angeles Project on behalf of the Bronfmans.

16. Additionally, Parlato offered to grant a lien on the One Niagara property in favor of the Bronfmans to secure their $1.0 loan to him.

17. Relying on Parlato's representations (made while he was already their agent) and without a written agreement, the Bronfmans loaned Parlato $1.0 million as a demand loan.

18. As directed by Parlato, the Bronfmans caused wire transfers aggregating $1.0 million (representing their loan to him) to be made to Parlato's corporation, defendant J&P, on about January 16, 2008.

19. On about March 17, 2008, the bank records of J&P reflected a "teller miscellaneous debt" of $1,171,163.29 of which $1.0 million represented the funds advanced by the Bronfmans on behalf of Parlato two months earlier.

20. The funds advanced by the Bronfmans to Parlato were not paid to the City of Niagara Falls to pay real estate taxes owed by Niagara One but, rather, were dissipated and disbursed for Parlato's personal use and benefit.

21. The Bronfmans would not have loaned Parlato such a substantial sum of money simply for his personal benefit, but, rather, they relied to their detriment on Parlato's assurance and representation that the sole purpose of the loan was to pay real estate taxes to the City of Niagara Falls owned on the Niagara One property and free him from the distraction of the imminent tax foreclosure and allow him to focus on the Los Angeles Project.

22. Parlato never had an intention to utilize the funds loaned by the Bronfmans to pay the real estate taxes owed by Niagara One to the City of Niagara Falls, (which taxes remain substantially unpaid to date).

23. Concomitantly with their loaning Parlato the $1.0 million as he requested, the Bronfmans expanded their agency and engagement of Parlato to also be their agent to oversee the Los Angeles Project.

24. Though Parlato was successful in part in addressing construction problems in the Los Angeles project, the Bronfmans terminated his engagement there because of Parlato's own financial improprieties and breaches of fiduciary duties while so engaged.

25. Thereafter, Parlato refused the Bronfmans' demand to repay the $1.0 million loan.

## FIRST CAUSE OF ACTION
### (Breach of Contract by Parlato)

26. The Bronfmans repeat and reallege the allegations of Paragraphs 1 through 25 as if set forth in their entirety.

27. Parlato failed and refused to repay the $1.0 million loan upon the Bronfmans' demand and thereby breached his contract.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment-J&P)

28. The Bronfmans repeat and reallege the allegations of Paragraphs 1 through 27 as if set forth in their entirety.

29. Defendant J&P was unjustly enriched by the deposit into its bank account of the $1.0 million loaned to Parlato by the Bronfmans.

30. Equity and good conscience does not permit defendant J&P to retain the benefits of the monies loaned by the Bronfmans which were intended for a particular use (the payment of real estate taxes owed on the Niagara One property) but were, instead, used for the personal benefit of Parlato or the benefit of J&P.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment-Parlato)

31. The Bronfmans repeat and reallege the allegations Paragraphs 1 to 30 as if set forth in their entirety.

32. Parlato was unjustly enriched by receiving, directly or indirectly, the benefit of the $1.0 million loaned by the Bronfmans.

33. Equity and good conscience does not permit Parlato to retain the funds and use the funds for his personal benefit.

## FOURTH CAUSE OF ACTION
### (Conversion)

34. The Bronfmans repeat and reallege the allegations of Paragraphs 1 to 33 as if set forth in their entirety.

35. The Bronfmans transferred $1.0 million to defendant J&P for the benefit of Parlato for the sole purpose of satisfying a $1.0 million tax obligation then due to the City of Niagara Falls.

36. The said funds were identifiable in the bank account of J&P and were, on about March 17, 2008, converted for purposes not authorized [

## FIFTH CAUSE OF ACTION
### (Moneys Had and Received)

37. The Bronfmans repeat and reallege the allegations of Paragraphs 1 to 36 as if set forth in their entirety.

38. Parlato and defendant J&P received money belonging to the Bronfmans.

39. Each defendant benefited from the receipt of money.

40. Under principles of equity and good conscience, Parlato and defendant J&P should not be permitted to keep the money.

## SIXTH OF ACTION
### (Fraud by Parlato)

41. The Bronfmans repeat and reallege the allegations of Paragraphs 1 to 40 as if set forth in their entirety.

42. Parlato made material false representations to the Bronfmans in January 2008, namely that: (a) he needed immediate access to $1.0 million to pay real estate taxes owed by Niagara One in order to protect against imminent tax foreclosure; (b) he would use the funds loaned by the Bronfmans only for this urgent purpose; and (c) upon receiving said sum and paying off the real estate taxes, he would grant a lien on the One Niagara property in favor of the Bronfmans to secure their $1.0 loan to him and devote his full time and energy to the Los Angeles Project and be a faithful again for the Bronfmans.

43. Parlato intended to defraud the Bronfmans in that he misrepresented that he would use the funds to pay the real estate taxes to the City of Niagara Falls but he never intended to use the funds for that purpose, instead, diverting the funds for his personal use.

44. The Bronfmans reasonably relied upon his representations.

45. Parlato misapplied the monies the Bronfmans loaned to him; failed to repay the loan upon demand; never intended to use the loan for its intended purpose; and acted as a faithless agent on the Los Angeles Project, engaging in self dealing, financial improprieties and other violations of his fiduciary duties to the Bronfmans.

46. The Bronfmans were damaged as a result.

## SEVENTH CAUSE OF ACTION
## (CONSPIRACY TO COMMIT FRAUD)

47. The Bronfmans repeat and reallege the allegations of Paragraphs 1 to 46 as if set forth in their entirety.

48. Parlato and defendant J&P agreed to defraud the Bronfmans by inducing them to deposit $1.0 million with J&P on Parlato's misrepresentation of the use of the funds.

49. Parlato did in fact make such false representations to the Bronfmans.

50. Defendant J&P accepted the funds deposited in its bank account and thereafter disbursed the funds in contravention of the representation made to the Bronfmans that the funds would be used solely to pay real estate taxes to the City of Niagara falls.

51. The Bronfmans were injured as a result.

### EIGHTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

52. The Bronfmans repeat and reallege the allegations of Paragraphs 1 to 51 as if set forth in their entirety.

53. As agent for the Bronfmans, first as a public relations consultant and thereafter in his duties involving the Los Angeles Project, Parlato was a fiduciary to the Bronfmans.

54. Parlato breached his fiduciary duty owed to the Bronfmans by, among other things, misrepresenting his intentions to pay outstanding real estate taxes on Niagara One, thus inducing the Bronfmans to lend him $1.0 million, and then engaging in self-dealing

and financial improprieties while agent for the Bronfmans in connection with the Los Angeles Project.

55. The Bronfmans were damaged as a result of Parlato's breach of fiduciary duty.

WHEREFORE, Plaintiffs Clare W. Bronfman and Sara R. Bronfman demand judgment as follows:

A. On the First Cause of Action (Breach of Contract), judgment in the amount of $1.0 million against defendant Parlato, together with interest and costs.

B. On the Second Cause of Action (Unjust Enrichment), judgment in the amount of $1.0 million against defendant Johnston & Peach, Inc., together with interest and costs.

C. On the Third Cause of Action (Unjust Enrichment), judgment in the amount of $1.0 million against defendant Parlato.

D. On the Fourth Cause of Action (Conversion), judgment in the amount of $1.0 million against defendant Parlato and defendant Johnston & Peach, Inc. jointly and severally, together with punitive damages, interest and costs.

E. On the Fifth Cause of Action (Money Had and Received), judgment in the amount of $1.0 million against defendant Parlato and defendant Johnston & Peach, Inc., together with interest and costs.

F. On the Sixth Cause of Action (Fraud) judgment in the amount of $1.0 million against defendant Parlato together with punitive damages, interest and costs.

G. On the Seventh Cause of Action (Conspiracy to Commit Fraud) judgment in the amount of $1.0 million against defendant Parlato and defendant Johnston & Peach, Inc. jointly and severally, together with punitive damages, interest and costs.

H. On the Eighth Cause of Action (Breach of Fiduciary Duty) judgment in an amount to be determined at trial for compensatory damages, punitive damages, interest and costs.

I. On the Second, Fourth, Fifth and Seventh Causes of Action against defendant Johnston & Peach, Inc. a declaration that defendant Parlato is personally liable due to the dissolution of the corporate shell.

J. For such further and additional relief as the Court may deem just and proper.

DAMON MOREY LLP

By_____
William F. Savino
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
(716) 856-5500

Dated: Buffalo, New York
April 2, 2012

#1681836

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF ERIE )

William F. Savino, being duly sworn, deposes and says

1. That deponent is counsel for Plaintiffs, Clare W. Bronfman and Sara R. Bronfman, in the above entitled-matter.

2. My clients, Clare W. Bronfman and Sara R. Bronfman, reside out of Erie and/or Niagara Counties.

3. Clare W. Bronfman and Sara R. Bronfman have advised that they have read the foregoing Verified Complaint and know the contents thereof, and that the same is true to their own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those, they believe same to be true.

WILLIAM F. SAVINO

Subscribed and sworn to before me this
2nd day of April, 2012.

Notary Public

SANDRA A. McCARTHY
Notary Public, State of New York
Qualified in Erie County
My Commission Expires July 15, 2014

11