STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

CLARE W. BRONFMAN and
SARA R. BRONFMAN

      Plaintiffs,

VS.

FRANK R. PARLATO, JR., and
JOHNSTON & PEACH, INC.

      Defendants.

---

VERIFIED ANSWER

INDEX NO.: 143205

The Defendants, answering the complaint of the Plaintiffs, though their attorneys, Roscetti & DeCastro, P.C., hereunto allege unto the Court as follows:

**FIRST: DENY** information sufficient enough to form belief with respect to the allegations contained in paragraphs 1 (as to the place of the residence), 8, 9, 10, 11 and 17 (as to what Plaintiff's relied on or thought about the existence of a written agreement) and 19 (but deny Plaintiff's characterization in same).

**SECOND: ADMIT** the allegations contained in paragraphs 2 (except as to residence), 3 (except as to residence and dissolution), 4, 5, 6, 7 (but was not the owner of said certain real estate), 12, 13, 18 (as to funds being wired) 23, 24 (admit that there was success but deny information sufficient enough to form belief as to why Plaintiffs terminated Frank Parlato, and

LAW OFFICES
ROSCETTI & DECASTRO
P.C.
730 MAIN STREET
NIAGARA FALLS, NY
14301-1773
X:\SharedDocs\Michelle\Plead\Parlato vs. Bronfman Verified Answer.wpd

DENY the balance thereof), 38 (admit the transfer funds but deny the characterization of Plaintiffs in said paragraph).

**THIRD**: **DENY** the allegations contained in paragraphs 14, 15, 16, 20, 21, 22, 25, 27, 29, 30, 32, 33, 35, 36, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 51, 53, 54, and 55.

**FOURTH**: Answer the paragraphs referred to in paragraphs 26, 28, 31, 34, 37, 41, 47, and 52 of the Complaint in the same manner as hereinabove answered.

**That as and for affirmative defense the Defendants alleges unto the Court as follows:**

**FIFTH**: That one or more of the cause of action are alleged in fraud.

**SIXTH**: That such cause of actions must be plead with specificity.

**SEVENTH**: That Plaintiffs failed to allege appropriate specificity to support a cause or causes of action for fraud.

**That as and for a Second affirmative defense the Defendants alleges unto the Court as follows:**

**EIGHTH**: That one or more of the causes of action make allegations, which require that there be a writing.

LAW OFFICES
ROSCETTI & DeCASTRO
P.C.
730 MAIN STREET
NIAGARA FALLS, NY
14301-1773

X:\SharedDocs\Michelle\Plead\Parlato vs. Bronfman Verified Answer.wpd

**NINTH**: That such cause of action must fail due to the statue of frauds not being complied with.

> That as and for a first counterclaim, Defendants alleges unto the Court as follows:

**TENTH**: That Defendant Frank Parlato was originally engaged as an individual to perform public relation services on behalf of the Plaintiffs.

**ELEVENTH**: That there came a time when the Plaintiffs requested more services from the Defendant.

**TWELFTH**: That the Plaintiffs agreed that Defendant Frank Parlato would perform certain services with respect to real estate investment and development in Los Angeles, and that he would be entitled to a percentage of profits for same.

**THIRTEENTH**: That Defendant Frank Parlato was fully performing the said contract with the Plaintiffs.

**FOURTEENTH**: That for no valid reason Plaintiffs summarily terminated their engagement of the Defendant, Frank Parlato.

**FIFTEENTH**: That by summarily terminating the contract, Plaintiffs breached their agreement with Defendant Parlato.

**SIXTEENTH**: That as a result Defendant was damaged.

**SEVENTEENTH**: That Defendant was damaged in a the amount of $7.5 million dollars.

> That as and for a second counterclaim,
> Defendants alleges unto the Court as
> follows:

**EIGHTEENTH:** Plaintiff reiterates and realleges each and every allegation contained in paragraphs TENTH through SEVENTEENTH.

**NINETEENTH:** That as part of the alleged agreement, Defendant Parlato was to repay the loan of $1 million dollars from profits to be earned from the completion of the development.

**TWENTIETH:** That as a result of the Plaintiffs unilaterally and summarily terminating the agreement, they deprived Plaintiff of the opportunity to make the funds to repay the $1 million dollars.

**TWENTY FIRST:** That as a result of the breach of contract the Plaintiff's Defendant was damaged.

**TWENTY SECOND:** That Defendant was damaged in the amount of $1 million dollars.

> That as and for a third counterclaim,
> Defendants alleges unto the Court as
> follows:

**TWENTY THIRD:** That the Plaintiff reiterates and realleges each and every allegation contained in paragraphs TENTH through TWENTY SECOND as though hereinafter set fourth in full length.

LAW OFFICES
ROSCETTI & DeCASTRO
P.C.
730 MAIN STREET
NIAGARA FALLS, NY
14301-1773

X:\SharedDocs\Michelle\Plead\Parlato vs. Bronfman Verified Answer.wpd

**TWENTY FOURTH**: That the agreement between the parties provided that Plaintiffs would indemnify and hold harmless Defendant Parlato from any and all claims, charges, debts, demands and lawsuits, including attorney fees related to his management of Precision Development LLC and Castle Asset Management, Inc.

**TWENTY FIFTH**: That as such, Plaintiffs must indemnify Defendant from the claims brought by Plaintiffs.

**TWENTY SIXTH**: That as a result, Plaintiff seeks an award for attorney fees in an amount to be determined by the Court.

**WHEREFORE**, Defendants respectfully demand judgment dismissing the complaint and alleged causes of action of the Plaintiffs, and for judgment on Defendant's counterclaims in the amount of $7.5 million and $1 million dollars respectively and for attorney fees together with costs and disbursements, interest and such and further relief that this Court may seem just and proper.

Dated: April 30, 2012         Roscetti & DeCastro, P.C.

                              By: _____
                              James C. Roscetti, Esq.
                              730 Main Street
                              Niagara Falls, New York 14301
                              (716) 282-1242

ROSCETTI & DeCASTRO
P.C.
730 MAIN STREET
NIAGARA FALLS, NY
14301-1773

X:\SharedDocs\Michelle\Plead\Parlato vs. Bronfman Verified Answer.wpd

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF ERIE   )SS.:

James C. Roscetti, being duly sworn, deposes and says:

1. That deponent is counsel for Defendant's, Frank Parlato Johnston & Peach, Inc.,

2. That clients, Frank Parlato reside in Florida and Johnston & Peach, Inc., is defunct.

3. That Frank Parlato has advised your deponent that he has reviewed the foregoing Verified Answer and knows the contents thereof, and that the same is true to his own knowledge, except as to the matter therein stated to be alleged upon information and belief, and that as to those, he believed same to be true.

_____
James C. Roscetti

Subscribed and Sworn to before
me this 30 day of April, 2012

_____

MICHELLE D. KELLY
Commissioner of Deeds In and For
the City of Niagara Falls, NY
Commission Expires March 31, 2013

LAW OFFICES
ROSCETTI & DeCASTRO
P.C.
730 MAIN STREET
NIAGARA FALLS, NY
14301-1773

X:\SharedDocs\Michelle\Plead\Parlato vs. Bronfman Verified Answer.wpd