Jan 16 2008 16:32 MARINADELREYHOTEL 3103016687 P.1
Case 1:15-cr-00149-RJA-JJM   Document 383-4   Filed 02/07/24   Page 1 of 2
To: room 3138 Marina Del Raye ATTN: Paul Grun   Page 2 of 3   2008-01-17 05:03:16 (GMT)   From: paul grenga

## LETTER OF INTENT

This Letter Of Intent is made and entered into this 8th day of January, 2008, between Clare Bronfman and Sara Bronfman, hereinafter referred to individually and in the conjunctive as "Owner", and Frank Parlato, Jr. hereinafter called "CEO and is intended to memorialize the mutual understanding of the parties hereto.

Owner hereby employs the services of the CEO to act as the President and Chief Executive Officer to manage, operate, and control Precision Development LLC and Castle Asset Management Inc. (herein after referred to individually and in the conjunctive as the "Companies") which said Companies are in the business of developing single and multi-family housing facilities in the Greater Los Angeles, California area (hereinafter referred to as the "developments").

Responsibilities of President and Chief Executive Officer:
   The Owner hereby appoints Officer as his lawful agent and attorney-in-fact with full authority to do any and all lawful things customarily associated with the role of President and Chief Executive Officer necessary for the fulfillment of this Agreement and the operations of the Companies and the Companies developments, including but not limited to the following: To render to the Owner a monthly accounting of income received and expenses paid out. To hire, terminate and supervise all employees and other labor for the Companies. To develop, operate, maintain, sell or lease the properties of the Companies. To sign, renew and cancel agreements for the Companies. With the prior consent of the Owners, to sue and recover for loss of damages for the Companies; and, when expedient, to compromise, settle and release any such legal proceedings or lawsuits.
   CEO shall be required to devote his attention, knowledge and skill to the operation of the Companies and the performance of obligations hereunder but shall not be required to expend a specified percentage of his direct time thereon. CEO shall not engage in any activities which shall compete with or constitute a conflict of interest with the Companies and their respective operations and developments in the Greater Los Angeles Area.

Liability of President and Chief Executive Officer
   Owner hereby agrees to hold the CEO harmless, indemnify and defend from any and all claims, charges, debts, demands and lawsuits, including attorney's fees related to his management of the Companies, and from any liability for injury on or about the properties of the Companies which may be suffered by any employee, tenant or guest upon the same.

Compensation of President and Chief Executive Officer
   Owner agrees to compensate CEO by payment of thirty three and one-third percent (33.33%) of the net profit of the Companies ("net profit" meaning after payment of all expenses and return of members capital contributions and twenty percent (20%) premium due thereon pursuant to Companies operating agreements and amendments thereto) (hereinafter referred to as the "CEO Compensation").

Advanced Draw Against CEO Compensation/Repayment and Collateral
   As an advance against the CEO Compensation, Owners shall pay to the CEO the sum of One Million Dollars and 00/cents ($1,000,000.00) upon the execution of this Agreement (hereinafter referred to as the "Draw"). Said Draw shall be deducted and repaid to Owner from the CEO Compensation at the time of the payment of all or part of same.
   CEO has a controlling interest in real property located at 360 Rainbow Blvd. South, Niagara Falls NY (hereinafter "One Niagara") which said interest CEO represents and

Jan 16 2008 10:52 MARINA DEL REY HOTEL 3107624287 p.2
Case 1:15-cr-00149-RJA-JJM   Document 383-4   Filed 02/07/24   Page 2 of 2
To: room 3136 Marina Del Raye ATT: Paul Gren   Page 3 of 3   2008-01-17 05:03:16 (GMT)   From: paul grenga

warrants has a net value in excess of One Million Dollars ($1,000,000.00). To additionally secure the repayment of the Draw, CEO agrees that said Draw constitutes a lien on CEC's interest in One Niagara. CEO will not to dilute or dissipate said interest in One Niagara while same stands as security for the repayment of Draw. In the event that the Draw is not first repaid to Owner by deduction from the CEO Compensation, said Draw shall be repaid to Owner upon the sale or refinance of CEO's interest in One Niagara or, subsequent to the passing of three (3) years from the date of this agreement, CEO shall (upon demand of the Owner) convey to Owner such portion of CEO's interest in One Niagara as may be reasonably necessary for Owner to obtain third-party financing in the sum of One Million Dollars ($1,000,000.00) for the purposes repaying the Draw.

Reimbursement of Expenses

The parties hereto acknowledge that from time to time the CEO may be required to incur expenses such as travel, housing and the hiring of third party contractors for the performance of his duties hereunder. The Owner shall pay or reimburse CEO for all such reasonable expenses.

Term of Agreement

The term of this Agreement shall commence on the 8th day of January, 2008 and shall end upon the completion of the Companies developments and the final distribution of the Owner Compensation and CEO Compensation. This Agreement may also be terminated by written mutual agreement of the parties.

Extent of Agreement/Governing Law/Severability/Execution by Counterpart

Although this document represents the entire Agreement between the parties hereto, parties agree to execute such other and further documents that may be reasonable necessary to effectuate the terms hereof. This agreement shall be governed under the laws, and enforced in, the State of New York. If any provision in this agreement is deemed contrary to law or unenforceable, said provision shall be deemed severed and the balance of this agreement shall remain in full force and effect. This agreement may be executed in counterpart and by facsimile transmission with the same force and effect as if the parties executed same simultaneously in the presence of the other.

IN WITNESS WHEREOF, the parties hereto hereby execute this Agreement on the date first above written.

_____
Clare Bronfman, Individually and
As Managing Member of
Precision Development LLC and
Castle Asset Management Inc.

_____
Sara Bronfman, Individually and
As Managing Member of
Precision Development LLC and
Castle Asset Management, Inc.

_____
Frank Parlato Jr.