UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

                                      Case No.: 1:15-cr-00149

FRANK R. PARLATO, JR., and
CHITRA V. SELVARAJ,

                Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR DISCLOSURE OF CLARE BRONFMAN'S GRAND JURY TRANSCRIPT

### Introduction

This Memorandum of Law is submitted in support of Frank R. Parlato, Jr.'s ("Petitioner") Petition for an Order to unseal and disclose Clare Bronfman's Grand Jury testimony transcript taken on or about June 23, 2011. Petitioner seeks production and disclosure of this transcript for use in a Niagara County Supreme Court civil action now pending before Justice Frank Caruso involving plaintiffs/counterclaim defendants Clare and Sara Bronfman ("Bronfmans") (*see* **Exhibit A**, Verified Complaint, Niagara Supreme Court; *see* **Exhibit B**, Verified Answer).

Clare Bronfman's testimony in the Grand Jury in this terminated criminal action is needed for use in the Niagara County Supreme Court. Her testimony bears directly upon the claims and counterclaims in that action. There is a central dispute in the civil action concerning the following:  Petitioner's employment with the

1

Bronfmans, the provision to Petitioner of $1 million dollars (whether loaned or advanced) and the terms of a "Letter of Intent," ("LOI") and whether that LOI was ever "entered into."

The Bronfmans have brought suit against Petitioner in Niagara County Supreme Court, claiming the $1 million was a demand loan without a written agreement. However, before the grand jury in the Western District of New York, Clare Bronfman testified the LOI with Petitioner was actually entered into.

Unsealing and disclosing Clare Bronfman's Grand Jury transcript is essential and necessary for Petitioner's civil defense and prosecution of his counterclaims. This petition is narrowly-tailored to serve this purpose. It is the only known instance in which the Bronfmans, including Clare Bronfman, admitted the LOI was entered into. The transcript sought is necessary to prevent a possible injustice that would result if Petitioner were not able to obtain the transcript for use in the Niagara County Supreme Court action.

Finally, the excerpt quoted in this Petition is not under seal. The excerpt was previously published to this Court's Docket, and remains available for public viewing on CM/ECF (*see* Dkt. 83). This transcript, based upon at least this excerpt, is actually known to contain valuable evidence concerning the substantive claims in the civil litigation, as well as having potential impeachment value.

It is respectfully submitted that Petitioner has a particularized need for Clare Bronfman's grand jury transcript that outweighs any need for grand jury secrecy.

2

## **LEGAL STANDARD**

While it is an established policy that grand jury proceedings are typically shrouded in secrecy, *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958), the secrecy is not absolute. *In re Petition of Craig,* 131 F.3d 99, 102 (2d Cir. 1997) (citing *In re Biaggi*, 478 F.2d 489, 492 (2d Cir. 1973)). Federal Rule of Criminal Procedure ("Rule") 6(e)(3)(E)(i) provides that disclosure of grand jury matters may be authorized by the Court "preliminarily to or in connection with a judicial proceeding."

A "judicial proceeding" as used in Rule 6(e) includes any proceeding determinable by a court, and such proceedings may be civil. *Doe v. Rosenberry*, 255 F.2d 118, 120 (2d Cir. 1958) (the rule of disclosure is not limited to criminal proceedings and "judicial proceeding" "includes any proceeding determinable by a court[.]"). Disclosure of grand jury material is permissible for private civil litigation. *See Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 220-221 (1979); *Allis-Chalmers Mfg. Co. v. Fort Pierce*, 323 F.2d 233, 241 (5th Cir. 1963) (noting nothing suggested a more "rigid rule of secrecy" against grand jury disclosure to a plaintiff in civil actions as compared to other actions); *In re Sellers*, 32 F.R.D. 473 (N.D. Ill. 1962) ("The fact that disclosure of the Grand Jury testimony is sought in a private civil action rather than in criminal proceedings or in a civil suit brought by the United States (as in the Procter & Gamble and Pittsburgh Plate Glass cases) is, of course, no bar to the power of the court to grant the application.").

Rule 6(e)(3)(E)(i) "grand jury matter" may encompass documents as well as grand jury transcripts. *Alexander v FBI*, 186 F.R.D. 102, 108 (D.D.C. 1998) (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1383 (D.C. Cir. 1982); *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960)).

"Under federal law, disclosure of grand jury minutes requires that the moving party demonstrate a particularized need for them." *Kochan v. Kowalski*, No. 19-CV-251W(SR), 2022 WL 3648023, at *2 (W.D.N.Y. Aug. 24, 2022) (citing *Fox v. County of Yates*, 657 Fed. App'x 60, 63 (2d Cir. 2016)). In order to outweigh and break traditional grand jury secrecy, a party seeking disclosure of transcripts under Rule 6(e) must show –

    (1) that the material sought is needed to avoid a possible injustice in another judicial proceeding,

    (2) that the need for disclosure is greater than the need for continued secrecy, and

    (3) that the request is structured to cover only material so needed.

*Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222-23 (1979).

The policy reasons behind grand jury secrecy have been summarized by the Supreme Court:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons

4

> who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n. 6 (1958) (citing *United States v. Rose*, 215 F.2d 617, 628-629 (3d Cir. 1954), *see also In re Petition of Craig*, 131 F.3d at 102 (citing *United States v. Rose, supra*)). Additionally, courts must consider the effects of disclosure upon both the particular and future grand juries. *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. at 222.

The court in which the grand jury was convened is the appropriate court in which to bring the petition. FRCP Rule 6(e)(3)(F).

## **ARGUMENT**

Petitioner requests the Court order the disclosure of Clare Bronfman's grand jury transcript, as this testimony concerns material issues in *Bronfman v. Parlato*, Index No. E143205/2011, Niagara County Supreme Court. *See* Exhibits A and B. As such, this pending New York Supreme Court litigation qualifies as a "judicial proceeding." *See Allis-Chalmers Mfg. Co., supra* 323 F.2d at 241; *Rosenberry*, 255 F.2d 118 (2d Cir. 1958).

As to the first *Douglas Oil* requirement, the grand jury transcript is needed to prevent a possible injustice in Niagara County. The Bronfmans allege that they loaned Petitioner $1 million as a demand loan without a written agreement. *See* Exhibit A. Petitioner counterclaims that he and the Bronfmans agreed that Petitioner would perform services relative to the Los Angeles Project pursuant to an agreement

5

where he "would be entitled to a percentage of profits" of the real estate venture. *See* Exhibit B at p. 3. The LOI is the only known written agreement memorializing Petitioner's compensation with respect to the Los Angeles Real Estate project with the Bronfmans and the intended treatment of the $1 million. To this point, Clare Bronfman's grand jury testimony, where she has testified that the LOI was entered into, is needed (*see* Parlato Dec.).

If this transcript remains sealed, Petitioner will be deprived of testimonial evidence from Clare Bronfman herself that directly contradicts her civil claims against Petitioner. If the grand jury transcript is not unsealed, Clare Bronfman's civil-forum testimony remains effectively unchallenged by her own prior contradictory testimony in the grand jury, to Petitioner's serious disadvantage and prejudice. Petitioner intends to use the transcript for, *inter alia*, his defense to the Bornfmans' claims, potential proof in support of his counterclaims, impeachment of Bronfmans, and such use satisfies the particularized need requirement. *See e.g. In re Grand Jury Matter*, 682 F.2d 61, 66 (3rd Cir. 1982) (noting that "use of grand jury transcripts for impeachment satisfies the particularized need requirement"); (*see also United States v. 6918 North Tyron Street*, 672 F. Supp. 890, 895-96 (W.D.N.C. 1987) (petition for disclosure granted where particularized need for grand jury materials was shown, *inter alia,* that the materials would be used in a pending judicial proceeding and the grand jury had ceased its deliberations.).

Addressing the second *Douglas Oil* requirement, (that the need for continuing secrecy is outweighed by the need for disclosure), a review of the procedural history

of the criminal case, including the 2018 superseding indictment, reveals that since May 23, 2018, the Bronfmans have been eliminated from the case. *See* Dkt. 118, Superseding Indictment. The initials "C.B." and "S.B.," which stood for Clare and Sara Bronfman in the Original indictment, were dropped from the 2018 Superseding Indictment *Compare* Dkt. 1 *with* Dkt. 118. The Government has also acknowledged that the 2018 superseding indictment resulted in the removal of allegations concerning the Bronfmans. *See* Dkt. 193 at pp. 2 (government noting that the 2018 superseding indictment "removed allegations about the Bronfman sisters"; and *id.* at p. 6 (Clare Bronfman "is no longer a part of the charges in this case.").

Importantly, this criminal action, Docket 1:15-CR-149, terminated on August 2, 2023. *See* Docket. There is no need, are a far lesser need (not outweighed by Petitioner's needs) for continuing secrecy. While true that in considering the effects of disclosure, and that the secrecy inquiry extends beyond the particular grand jury at issue to the "effect upon the functioning of future grand juries[,]" *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 221, it is hard to conceive how this narrowly-tailored request for the release of Clare Bronfman's grand jury testimony transcript or transcripts could have any chilling or other adverse effect on future grand juries. Grand jurors, and subsequent grand jurors, will not likely feel the chill from the unsealing and release of transcripts of a grand jury witness involved in civil proceedings in which the witness's testimony before that grand jury is inconsistent with open court testimony elsewhere.

7

Moreover, to continue to cloak Clare Bronfman's grand jury testimony in secrecy could encourage that rare breed of "multimillionaires…ready to devote limitless resources," such as Clare Bronfman, to defrauding employees, contractors, and others through abusive civil and criminal litigation. *See* Parlato Dec. at ¶ 59 (quoting Eastern District of New York Judge, Nicholas Garaufis).

As to the third *Douglas Oil* requirement, that the request be narrowly tailored, Petitioner seeks only Clare Bronfman's testimony transcript, and it is only sought for use in that judicial proceeding. Petitioner does not seek the various names, identities of other witnesses and participants in the grand jury investigation leading up to the 2015 indictment. Petitioner does not seek any grand jurors' names or identities, and, indeed, if such identification is contained within the sought transcript, it can and should be redacted. *See* Rule 6(e)(3)(E) ("The court may authorize disclosure –at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter…").

Furthermore, none of the *Procter*/Rose policy factors regarding grand jury secrecy are implicated. *See United States v. Procter*, 356 U.S. at 681 n. 6. Proceeding through the *Proctor/Rose* factors in order:

(1) Petitioner has already been sentenced, and, given the nearly eight years of pre-trial supervision in which Petitioner never fled or "escaped," this factor does not suggest denial of this Petition, and is otherwise inapplicable;

(2) there are no known future indictments contemplated, and no grand jury deliberations to consider;

(3) the Bronfmans were long ago excised from the Government's case following the Superseding Indictment (*compare* Dkt. 1 with Dkts 118 and 193 at pp. 2, 6) and there is no pending or upcoming criminal case for which "subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it" is of concern;

(4) disclosure of Clare Bronfman's grand jury transcript will not discourage free and untrammeled disclosures by those with knowledge of crimes committed in the future. Clare Bronfman's testimony is sought for use in a pending civil proceeding where she has testified or made statements that are inconsistent, material, and concern the subject of pending civil litigation with Petitioner. On the contrary, disclosure may prevent future crimes, and;

(5) protecting the parties from the disclosure of the existence of a closed grand jury investigation is not a concern in a case that has already generated publicity, and the criminal action has since terminated. *See Procter, supra* 356 U.S. at 681 n.6.

In sum, *none* of the *Procter/Rose* policy concerns warranting grand jury secrecy outweigh the need for this limited disclosure.

The resolution and termination of the criminal action weigh in favor of unsealing, and the relevance of secrecy considerations have diminished. *See Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. at 223 ("It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification"); *see also In re Grand Jury Proceedings,* 483 F.Supp. 422, 424 (E.D. Pa. 1979) ("In the

9

exercise of judicial discretion it makes a difference if the material sought is that of a federal grand jury no longer in existence or that of an ongoing investigation and the target is still the subject of federal grand jury consideration.").

This grand jury transcript is actually "needed" -i.e., it is necessary. After sixteen years (from 2008), there is simply no other known source from which Petitioner may gain access to testimony from Clare Bronfman herself that she and her sister entered into the terms of the employment agreement as memorialized in the LOI. Clare Bronfman has already testified in California and stated under oath in the Niagara County Supreme Court action that she never agreed to the terms of the LOI (and to any written agreement in loaning Petitioner $1 million); but, here, in the grand jury, she testified the LOI was entered into. This transcript is plainly needed, and there is no reason to believe that without it, she will not testify again in the pending Niagara County Supreme Court action consistent with her civil testimony, and at odds with her grand jury testimony.

Petitioner also cannot likely rely on the scant excerpt of Clare Bronfman's grand jury transcript that has been published in motion papers filed to this Court's docket. *See* Dkt. 83. Reliance on those papers in New York Supreme Court would likely be futile and disallowed. *See e.g. Letourneau v. Plunkett*, 2016 N.Y. Slip Op 32528(U), ¶ 3 (Sup. Ct.) ("[T]he Court notes that portion of the MV-104A police accident report entitled 'Accident Description/Officer's Notes' constitutes hearsay not subject to an exception, is inadmissible, and has not been considered by the Court in rendering this decision[.]") (internal citations omitted). The attempted use of Docket

No. 83 in Niagara County would likely also fail New York's best evidence rule. *See Weiss v. Phillips*, 157 A.D.3d 1, 24 (1st Dept. 2017) (an unsigned transcript of deposition testimony which included purported quotes of portions of the transcript of the alleged settlement agreement was clearly inadequate under the best evidence rule to establish the settlement agreement's contents). Moreover, the excerpt is just that – an excerpt – which fails to detail further context and potential admissions by Clare Bronfman concerning the subject of the civil litigation. It likely does not contain the entirety of relevant and exclusively-available evidence of Clare Bronfman's material misstatements.

There are no other known sources from which Petitioner can obtain such important evidence where either of the Bronfmans have admitted to agreeing to pay Petitioner a percentage of the net profits of the real estate project in Los Angeles, and that they advanced him $1 million toward that anticipated compensation.

Should the Court require or determine it prudent, Petitioner will enter into a protective order or abide any other terms and conditions that the Court shall require as a condition to disclosure, including appropriate redactions or other limitations appropriate incident to disclosure. *See* Rule 6(e)(3)(E) ("The court may authorize disclosure - at a time, in a manner, and subject to any other conditions that it directs - of a grand jury matter…").

Lastly, as a condition prior to disclosure, should the Court request, require, or deem it prudent, Petitioner would welcome the Court's in camera review of Clare Bronfman's grand jury transcript.

## CONCLUSION

For these reasons, Petitioner respectfully requests the Court issue an order unsealing Clare Bronfman's Grand Jury transcript for use in the Niagara County Supreme Court action now pending, for its disclosure to the undersigned for use in civil litigation pending in Niagara County Supreme Court, together with any such other and further relief the Court may deem just and proper.

Dated:  Buffalo, New York
        February 7, 2024

By */s/ Vincent T. Parlato*
Vincent T. Parlato, Esq.
403 Main Street, Suite 727
Buffalo, New York 14203
716-430-8858
Vincent.Parlato@buffalonylegal.com